[Counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>NISTICA INC., a Delaware corporation,<br><br>   Defendants. | Case No. 4:13-cv-03345 YGR<br><br>**JOINT REPORT ON THE CONFERENCE OF THE PARTIES PURSUANT TO FED. R. CIV. P. 26(F) AND CIV. L.R. 16-9**<br><br>**JURY TRIAL DEMANDED**<br><br>Hon. Yvonne Gonzalez Rogers |

Pursuant to Federal Rule of Civil Procedure 26(f) and Civil Local rule 16-9, Plaintiff Finisar Corporation ("Finisar) and Defendant Nistica Inc. ("Nistica") hereby submit this Joint Report and Proposed Order.

## I.  JURISDICTION AND SERVICE

Finisar asserts that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and the Patent Laws of the United States, 35 U.S.C. § 101, *et seq.*, and also asserts that the Court has personal jurisdiction over the parties and that venue is proper in this district.  Nistica will not contest these issues and asserts that, in addition to the provisions listed above, this Court has jurisdiction over Nistica's Counterclaims pursuant to 28 U.S.C. §§ 2201 and 2202.

## II.  FACTS

Finisar asserts that Nistica has infringed and continues to infringe one or more claims of U.S. Patent No. 6,956,687 (the"'687 Patent"); U.S. Patent No. 7,123,833 (the"'833 Patent"); U.S. Patent No. 7,126,740 (the"'740 Patent"); U.S. Patent Nos. 6,430,328 (the"'328 Patent"); U.S. Patent No. 7,092,599 (the"'599 Patent"); U.S. Patent No. 7,397,980 (the"'980 Patent", collectively, the "Patents-in-Suit".  Nistica denies that it infringes and asserts that the Patents-in-Suit are invalid.

Finisar asserts that in general the Patents-in-Suit relate to novel apparatus and methods for manipulating optical signals of different wavelengths in different directions, known as "optical switching."  Nistica asserts that each and every purported invention disclosed in these Patents-in-Suit was known or would have been obvious to a person of ordinary skill in the art prior to the filing of each respective patent.  Finisar contends optical switching can be performed by arrays of (1) micro electronic mechanical system ("MEMS") mirrors or (2) liquid crystal on silicon ("LCOS") pixels.  Finisar further asserts that the Patents-in-Suit are integral to the design and manufacture of advanced wavelength-selective switches ("WSS") used in reconfigurable optical add-drop multiplexer (ROADM) networks.  In other words, Finisar asserts that the Patents-in-Suit provide apparatus and methods of manipulating light in optical networks based on wavelength which are particularly useful in WSS products and ROADM networks.  Nistica asserts that each

of the apparatus and methods claimed in the Patents-in-Suit are not novel or otherwise patentable.

Finisar contends that Nistica has infringed and continues to infringe the Patents-in-Suit, by providing devices, such as FLEDGE®, FULL FLEDGE®, and devices using LCOS technology for optical switching, which make use of apparatus and methods of manipulating light in optical networks based on wavelength. Nistica asserts that its products, including the FLEDGE and FULL FLEDGE product lines and products incorporating LCOS technology, do not infringe any valid claim of the Patents-in-Suit. Finisar contends that these devices are sold to customers who incorporate them into products to sell to end users such as wireline and wireless telecommunication service providers and cable TV operators. Finisar's causes of action include direct, induced, and contributory infringement. Nistica denies each and every allegation of infringement and asserts that the claims of the Patents-in-Suit are invalid.

## III.  LEGAL ISSUES

The following disputed factual and legal issues may need to be resolved as part of this case:

- The proper construction of the claim terms in the Patents-in-Suit;
- Whether Nistica has infringed the Patents-in-Suit;
- Whether the Patents-in-Suit are invalid and enforceable against Nistica;
- Whether any infringement was willful, and if so, the amount of damages;
- Whether Finisar is entitled to injunctive relief; and
- Whether the case is "exceptional" within the meaning of 35 U.S.C. § 285, entitling the prevailing part to reasonable attorney fees.

The parties reserve the right to raise additional factual or legal issues that may arise throughout the course of this action.

## IV.  MOTIONS

There are no current motions pending before the Court.

## V.  AMENDMENT OF PLEADINGS

Finisar is currently considering whether it will be necessary to join additional parties, specifically Nistica's parent, Fujikura Ltd. (Japan). Nistica has represented that its FRCP 26(a)

Initial Disclosures are accurate and, based on its current knowledge about the claims and defenses, it has not identified Fujikura Ltd. as having discoverable information that Nistica may use to support its claims or defenses unless the use would be solely for impeachment in this action.

Nistica is currently considering whether it will be necessary to join additional parties, including Finisar's subsidiary Finisar Australia.  Finisar has represented that its FRCP 26(a) Initial Disclosures are accurate and, based on its current knowledge about the claims and defenses, it has identified one Finisar Australia employee as having discoverable information that Finisar may use to support its claims or defenses, but has not identified Finisar Australia as having discoverable information.

Nistica is also considering the issue of whether further amendments to the pleadings will be necessary.

The parties both reserve the right to make any such amendments by the deadline proposed in section XVII, *infra*.

## VI.   EVIDENCE PRESERVATION

Each party represents that it has instituted reasonable document retention procedures to maintain relevant documents, electronic or otherwise, until this dispute is resolved.

## VII.   DISCLOSURES

The parties conducted a conference pursuant to Federal Rule of Civil Procedure 26(f) on October 10, 2013.  Pursuant to the Federal Rules of Civil Procedure 26(a)(1)(c), the parties have both served their initial disclosures.  The parties each reserve their right to supplement their disclosures as discovery continues.

## VIII.   DISCOVERY

### A.   Scope of Discovery

Subject to the limitations to be agreed upon by the parties and to be filed in a [Proposed] Order for Discovery of Electronically Stored Information as described in Section VIII.D, and without waiving any objections, the scope of anticipated discovery includes all nonprivileged matter relevant to the claims, counterclaims, and defenses in this action, including without

limitation:

- Finisar's acquisition and ownership of the Patents-in-Suit;
- Nistica's alleged making, using, selling, offering for sale, and/or importing into this country the products accused of infringing the Patents-in-Suit;
- the design, functions, characteristics, and methods of use of the accused products;
- the design, functions, characteristics, and methods of any products that Finisar claims to make or sell that practice the inventions claimed in the Patents-in-Suit and/or any products that Finisar claims to make or sell that compete with the accused Nistica products;
- alleged non-infringement of the claims of the Patents-in-Suit;
- alleged invalidity of the claims of the Patents-in-Suit;
- the scope and extent of the prior art;
- the prosecution of the Patents-in-Suit;
- the existence of any non-infringing alternatives;
- the existence of any embodying products; the willfulness of any alleged infringement;
- the licensing of the Patents-in-Suit; damages; and injunctive remedies.

**B.  Discovery Taken to Date**

Both parties have served a first set of interrogatories and document requests. Responses are due over the next few weeks.  No other discovery has been served or taken by either party.

**C.  Limitations on Discovery**

**1.  Depositions**

a. **Fact Witnesses** – The parties agree that each side shall be limited to one hundred and forty (140) hours of deposition testimony of party, non-party fact witnesses, and witnesses noticed under Fed. R. Civ. P. 30(b)(6).  The deposition time of testifying experts is not included within the total number of deposition time allowed to each side.

b. **Experts** – Each deposition of an expert witness shall be limited to seven (7) hours, except that if an expert is testifying on more than one topic, *e.g.,* both validity/invalidity and infringement/noninfringement, then the expert may be deposed for up to seven (7) hours regarding the topic of validity/invalidity and up to seven (7) hours regarding the

1  topic of infringement/noninfringement.  The parties agree that testifying experts are not included
2  within the total hours of depositions specified above at VII(C)(1)(a).

     **c.**  **Affiliated Foreign Entities** – The parties are discussing, but currently have not reached agreement about whether they have control over or will produce witnesses to be deposed from affiliated foreign entities, for example:  Fujikura Ltd. and Finisar Australia.  The parties will cooperate to determine and agree if possible about the location where any such witnesses will be deposed.  Each hour of deposition requiring a translator will count as 0.5 hours towards the deposition limit designated in Section VIII(C)(1)(a) *supra*.

   **2.**  **Interrogatories**

The parties agree to the limits set forth in Fed. R. Civ. P. 33(a)(1).

   **3.**  **Requests for Admission**

Instead of the unlimited number of requests for admission permitted by the Federal Rules of Civil Procedure, the parties propose a limit of 50 requests for admission with respect to substantive matters.  However, no limits shall be placed on the number of requests for admission concerning the authenticity of a document.

   **4.**  **Requests for Production**

Subject to the limitations on discovery of electronically stored information to be agreed upon by the parties and filed in a [Proposed] Order for Discovery of Electronically Stored Information, the parties do not propose any limit on the number of requests for the production of documents and things.

   **D.**  **Discovery of ESI**

The parties have generally agreed to negotiate an agreement governing discovery of electronically stored information.  The parties, however, are still negotiating the details of such an agreement.  The parties generally agree to follow the general framework of the Advisory Council for the United States Court of Appeals for the Federal Circuit's Model E-Discovery Order for Patent Infringement cases, but have not yet agreed on all aspects of this order, including for example the number of custodians or the number of search terms per custodian.

**E.     Protective Order**

The Parties are negotiating the scope of a proposed protective order to govern this action. The parties understand that until then, Local Patent Rule 2-2 governs.

**F.     Privilege and Privilege Logs**

The parties are not required to log Privileged Materials dated after July 17, 2013 (the "cut-off date"). Information concerning documents or things otherwise protected by the attorney-client privilege, work product immunity, or other privilege or protection ("Privileged Materials") that were created after the cut-off date do not need to be included on any privilege log. In addition, Privileged Materials created by or on behalf of litigation counsel or exchanged with litigation counsel, regardless of their date, do not need to be included on any privilege log. The parties shall exchange privilege logs by the deadline proposed in Section XVII *infra* if so requested.

**IX.    CLASS ACTIONS**

This is not a class action.

**X.     RELATED CASES**

There are no related cases.

**XI.    RELIEF**

    **A.     Requested by Finisar**

        1.  A judgment that Nistica has directly infringed the Patents-in-Suit, contributorily infringed the Patents-in-Suit, and induced infringement of the Patents in Suit;

        2.  An award of all damages recoverable under the laws of the United States and the laws of the State of California in an amount to be proven at trial;

        3.  An award of treble damages against Nistica as a result of their willful infringement;

        4.  A permanent injunction enjoining and restraining Finisar and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their

|   |   |   |
|---|---|---|
|   |   | behalf, or acting in concert with them directly or indirectly, from directly infringing, contributorily infringing, and inducing the infringement of the Patents-in-Suit; |
|   | 5. | A judgment and order requiring Nistica to pay the costs of this action (including all disbursement) and all attorney's fees as provided by 35 U.S.C. § 285, with prejudgment interest; and |
|   | 6. | Such other and further relief as this Court may deem just and equitable. |

    **B.**    **Requested by Nistica**

1. A judgment dismissing Plaintiff's Complaint in its entirety, with prejudice;
2. A judgment in favor of Counterclaim Plaintiff and against Counterclaim Defendant, denying Counterclaim Defendant all relief requested in this action;
3. A judgment declaring that Counterclaim Plaintiff has not infringed and is not infringing any valid and/or enforceable claim of the Patents-in-Suit, and that Counterclaim Plaintiff has not contributed to or induced and are not contributing to or inducing infringement of any valid and enforceable claim of the Patents-in-Suit;
4. A judgment declaring that Counterclaim Plaintiff has not willfully infringed and is not willfully infringing any valid and/or enforceable claim of the Patents-in-Suit;
5. A judgment declaring that each claim of the Patents-in-Suit is invalid;
6. A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Counterclaim Plaintiff its costs (including expert fees), expenses, and reasonable attorneys fees;
7. Such other and further relief as the Court may deem just and proper.

## XII.  SETTLEMENT AND ADR

The parties discussed Alternative Dispute Resolution during the Rule 26(f) conference. Finisar does not agree to not participate in private ADR process. Nistica would participate if both

1 parties are willing in good faith to do so.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Finisar has declined to consent to a Magistrate Judge for all purposes.

## XIV. OTHER REFERENCES

The parties do not presently believe that the case is suitable for referral to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

<u>Finisar's proposal regarding narrowing of issues</u>:  Finisar asserts that any narrowing of asserted claims, prior art references, or other issues should take place in the normal course of litigation and no sooner than after the claim construction order.  Below, Nistica prematurely attempts to lay groundwork for a motion to narrow the asserted patent claims.  However, Finisar has not yet identified the claims it asserts against Nistica's products and will timely do so through its Infringement Contentions in accordance with Patent L.R. 3-1 and 3-2 on December 16, 2013. The scope of the issues in this case will not be apparent until after the parties have exchanged infringement and invalidity contentions and disputed claim terms are construed by the Court. Thus, Finisar is not aware of any present or anticipated need to narrow the scope of the issues in this case, and neither party has moved for such relief.

<u>Nistica proposal regarding narrowing of asserted claims</u>: Finisar has asserted six patents, which are not all related or in the same families of patents, containing a total of 225 patent claims, against Nistica's various products. Finisar's Complaint does not identify which or all of these 225 patent claims it is asserting against Nistica and its various products and does not identify which or how many of Nistica's customers are allegedly induced to infringe these patents. Finisar will identify in its Infringement Contentions (after this Case Management Conference) which of the 225 *patent claims* Finisar accuses Nistica of infringing.  If Finisar asserts numerous patent claims, Nistica requests that the Court require Finisar to identify very early in the case, prior to claim construction, a reasonable and limited quantity of patent claims that will be litigated in this case that shall serve as "representative claims" of the 225 claims in Finisar's patents-in-suit. Nistica will make a specific proposal to Finisar in a meet and confer after Finisar serves

Infringement Contentions. If the issue cannot be resolved by stipulation, Nistica may present the issue to the Court at an appropriate time early in the case by motion. Nistica raises the issue now as it is an integral issue for the Court's and the parties' consideration in discussing case management issues, structuring an appropriate discovery plan , and for determining the scope and duration of trial.

## XVI.   EXPEDITED TRIAL PROCEDURE

The parties do not believe that this case is appropriate for an expedited schedule.

## XVII.  SCHEDULING

The parties propose the following competing deadlines in this matter, subject to the Court's convenience:

| Event | Finisar Proposed Deadline | Nistica Proposed Deadline |
|---|---|---|
| Initial Disclosures due (FRCP 26(a)) | November 8, 2013 | Agreed |
| Joint Report due (FRCP 26(f)) | November 22, 2013 | Agreed |
| Case Management Conference | December 2, 2013 | Agreed |
| Finisar's Infringement Contentions and accompanying document production due (Patent L.R. 3-1 and 3-2) | December 16, 2013 (per Patent L.R. 3-1 and 3-2) | Agreed |
| Nistica's Invalidity Contentions and accompanying document production due (Patent L.R. 3-3 and 3-4) | January 30, 2014 (per Patent L.R. 3-3 and 3-4) | February 5, 2014 |
| Parties exchange proposed claim terms for construction (Patent L.R. 4-1) | February 13, 2014 (per Patent L.R. 4-1) | Agreed |
| Parties exchange proposed constructions for the identified claim terms and identify all supporting evidence and experts (Patent L.R. 4-2) | March 6, 2014 (per Patent L.R. 4-2) | Agreed |
| Joint Claim Construction Prehearing Statement due (Patent L.R. 4-3) | March 31, 2014 (per Patent L.R. 4-3) | Agreed |

| | | |
|---|---|---|
| Deadline to complete all discovery related to claim construction (Patent L.R. 4-4) | April 30, 2014 (per Patent L.R. 4-4) | May 5, 2014 |
| Finisar's opening claim construction brief due (Patent L.R. 4-5(a)) | May 15, 2014 (per Patent L.R. 4-5(a)) | May 20, 2014 |
| Nistica's responsive claim construction brief due (Patent L.R. 4-5(b)) | May 29, 2014 (per Patent L.R. 4-5(b)) | June 20, 2014 |
| Finisar's reply claim construction brief due (Patent L.R. 4-5(c)) | June 5, 2014 (per Patent L.R. 4-5(c)) | June 30, 2014 |
| Nistica's reply claim construction brief (addressing new issues raised in Finisar's reply brief) due June | Based on the Patent Local Rules, no such brief is necessary. | July 15, 2014 |
| Claim construction tutorial | One or two days prior to the claim construction hearing, or at the convenience of the Court | One or two weeks prior to the claim construction hearing, or at the convenience of the Court |
| Claim construction hearing (Patent L.R. 4-6) | July 10, 2014, subject to the convenience of the Court | July or August 2014, subject to the convenience of the Court |
| Deadline for disclosure of materials associated with any opinion of counsel upon which the party intends to rely (Patent L.R. 3-7) | 50 days after the claim construction order (per Patent L.R. 3-7) | Agreed |
| Deadline to amend the pleadings without filing a motion seeking leave to amend the pleadings | 30 days after the claim construction order | Agreed |
| Deadline to complete fact discovery | 60 days after the claim construction order | 180 days after the claim construction order<br><br>(This is due to the large number of patents at issue, complexity of the technology, and international location of witnesses) |
| Initial expert disclosures and reports due | 30 days after the close of fact discovery | Agreed |
| Rebuttal expert disclosures and reports due | 30 days after initial expert reports | Agreed |

FED. R. CIV. P. 26(F) JOINT REPORT     10     Case No. 4:13-cv-03345 YGR

| Deadline to complete expert discovery | 30 days after rebuttal expert reports | 45 days after rebuttal expert reports |
|---|---|---|
| Dispositive and *Daubert* motions by | 30 days after the close of expert discovery | Agreed |
| FRCP 26(a)(3) Disclosures and Final pretrial conference | 30 days before trial | Agreed |
| Commencement of jury trial | March 2015, subject to the Court's convenience | August or September 2015 (approximately 2 years from date this case was filed in July 2013, subject to the Court's convenience; if Finisar counsel is unavailable in August, Nistica proposes September 2015) |

**Finisar** believes that its proposed schedule is consistent with the Local Patent Rules and this Court's practice and is appropriate for this case.

**Nistica** believes that this is a large patent infringement case between competitors in which six patents are asserted containing hundreds of patent claims that are directed at Nistica's complex optical switching products. Nistica believes that discovery of witnesses both in the United States as well as outside the United States may be required pursuant to international treaty and/or the Hague Convention, including due to some of the many inventors of these patents residing in Australia or elsewhere outside the United States.

**XVIII. TRIAL**

The case will be tried to a jury. The length of trial will depend on the parties' pretrial motions and the ability to narrow the issues. The parties request that the Court reserve two weeks for trial. If Finisar eventually intends to present evidence at trial of alleged infringement of six patents and numerous claims of such six patents, Nistica believes that substantially more time would be required for trial.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have each filed their "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16 (Dkt. Nos. 6 and 21).

1  **XX. PATENT-RELATED ISSUES PURSUANT TO PATENT LOCAL RULE 2-1(A)**

2      **A. Proposed Modification of the Deadlines Provided for in the Patent Local Rules**

3

4  The parties agree to schedule the Claim Construction Conference and associated briefing

5  as proposed in Section XVII *supra* in order to prevent anticipated conflicts subject to

6  accommodating the court and counsel's schedules, holidays, etc.

7      **B. Discovery Related to Claim Construction**

8  Discovery related to claim construction will be subject to the limitations proposed for

9  discovery generally in Section VII *supra*.

10      **C. Format of the Claim Construction Hearing**

11  Due to the number of patents in this case, the Parties anticipate the need to raise the limit

12  on the number of claim terms to twenty (20). The Parties are considering whether there is a need

13  for any live testimony at the claim construction hearing. The parties do not anticipate that the

14  hearing will exceed one day.

15      **D. How the Parties Intend to Educate the Court on the Technology at Issue**

16  The parties request that each side have a half-day to present tutorials on the technology at

17  issue in this matter to the Court prior to the Claim Construction Hearing.

18      Respectfully submitted,

19  Dated: November 25, 2013     WEIL, GOTSHAL & MANGES LLP

20      By: */s/Christopher J. Cox*
    CHRISTOPHER J. COX (Bar No. 151650)

21      Email: chris.cox@weil.com
    201 Redwood Shores Parkway

22      Redwood Shores, CA 94065
    Tel: (650) 802-3029

23      Fax: (650) 802-3100

24      DAVID C. RADULESCU (*pro hac vice*)
    Email: david@radulescullp.com

25      TIGRAN VARDANIAN (*pro hac vice*)
    Email: tigran@radulescullp.com

26      GREGORY S. MASKEL (*pro hac vice*)
    Email: greg@radulescullp.com

27      DANIEL KESACK (*pro hac vice*)
    Email: daniel@radulescullp.com

28      RADULESCU LLP

|   |   |
|---|---|
| | 136 Madison Avenue, 6th Floor
New York, NY 10016
Tel: (646) 502-5950
Fax: (646) 502-5959

Attorneys for Plaintiff
FINISAR CORPORATION |
| Dated: November 25, 2013 | DENTONS US LLP

By: */s/Robert F. Kramer*
ROBERT F. KRAMER (Bar No. 181706)
Email: robert.kramer@dentons.com
C. GIDEON KORRELL (Bar No. 284890)
Email: gideon.korrell@dentons.com
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304-1125
Tel: (650) 798-0300
Fax: (650) 798-0310

SHAILENDRA MAHESHWARI (*pro hac vice*)
Email: shailendra.maheshwari@dentons.com
DENTONS US LLP
1301 K Street, NW
Suite 600, East Tower
Washington, D.C. 20005-3364
Tel: (202) 408-6400
Fax: (202) 408-6399

JOEL N. BOCK (*pro hac vice*)
Email: joel.bock@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Tel: (212) 768 6700
Fax: (212) 768 6800

Attorneys for Defendant
NISTICA, INC. |

## **ATTESTATION**

I, Christopher J. Cox, an ECF User whose ID and password are being used to file this **JOINT REPORT ON THE CONFERENCE OF THE PARTIES PURSUANT TO FED. R. CIV. P. 26(F) AND CIV. L.R. 16-9**, in compliance with Civil L.R. 5-1(i)(3), hereby attest that Robert F. Kramer of Dentons US LLP, attorneys for defendant Nistica, Inc., has concurred with this filing.

| | | |
|---|---|---|
| Dated: November 25, 2013 | By: | */s/ Christopher J. Cox*
Christopher J. Cox
Attorneys for Plaintiff
FINISAR CORPORATION |