ROBERT F. KRAMER (Bar No. 181706)
Email: robert.kramer@dentons.com
C. GIDEON KORRELL (Bar No. 284890)
Email: gideon.korrell@dentons.com
DENTONS US LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304-1125
Telephone:  (650) 798-0300
Facsimile:   (650) 798-0310

SHAILENDRA MAHESHWARI (*Pro Hac Vice*)
Email: shailendra.maheshwari@dentons.com
DENTONS US LLP
1301 K Street, NW
Suite 600, East Tower
Washington, D.C. 20005-3364
Telephone:  (202) 408-6400
Facsimile:   (202) 408-6399

JOEL N. BOCK (*Pro Hac Vice*)
Email: joel.bock@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768 6700
Facsimile:   (212) 768 6800

Attorneys for Defendant
NISTICA, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>   Plaintiff,<br><br> vs.<br><br>NISTICA, INC., a Delaware corporation,<br><br>   Defendant. | Case No. 4:13-cv-03345-YGR<br><br>**DEFENDANT NISTICA, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE INFRINGEMENT CONTENTIONS**<br><br>Date: March 4, 2014<br>Time: 2:00 p.m.<br>Place: Oakland Courthouse, Courtroom 5<br>Judge:  Hon. Yvonne Gonzalez Rogers |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on March 4, 2014, at 2:00 p.m., or as soon thereafter as counsel may be heard, in Courtroom 5 of the United States District Court for the Northern District of California, located at 1301 Clay Street, in Oakland, California, Defendant Nistica Inc., by and through its counsel, shall and hereby does move for an order (1) striking Plaintiff Finisar Corporation's infringement contentions that relate to Nistica's Twin WSS Modules/High Port Count Series products and (2) staying the related discovery unless and until Finisar serves infringement contentions that satisfy Patent Local Rule 3-1.

Nistica's motion is based upon this Notice, the attached Memorandum of Points and Authorities, the complete files and records of this action, any oral argument the Court permits, and any further information that may properly be presented to the Court for consideration at the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff Finisar Corporation ("Finisar") filed this lawsuit on July 13, 2013 against its smaller competitor Nistica, Inc. ("Nistica"). Finisar's Complaint asserts six patents containing more than 200 patent claims. Finisar's Complaint fails to state, however, with any specificity which of these numerous patent claims are infringed and by which of Nistica's products. Its pleading contains merely a boilerplate accusation of infringement and fails to show whether Finisar has a good faith basis to proceed with this lawsuit.

On December 23, 2013, five months after initiating this lawsuit, Finisar served Infringement Contentions accusing Nistica's Twin WSS Modules/High Port Count Series product line and other product families of infringement. Once again, Finisar failed to state facts demonstrating that it had a good faith basis to accuse the Twin WSS Modules/High Port Count Series products of infringement. Despite numerous requests by Nistica made in good faith, Finisar refuses to amend its Infringement Contentions to make them compliant with the Patent Local Rules. Instead, it seeks to burden Nistica by demanding that it provide full discovery, including highly confidential technical documents, into this product line. Finisar seeks this discovery so that it can learn for the first time today, six months after it filed this lawsuit, whether it had grounds to accuse this product line of infringement in the first place. This is impermissible.

A party that files a patent infringement lawsuit must identify in its Infringement Contentions under the Patent Local Rules "specifically where each limitation of each asserted claim is found within each Accused Instrumentality." Patent L.R. 3-1. Finisar completely failed to comply with that requirement. Specifically, rather than stating where each limitation of each claim is found within Nistica's Twin WSS Modules/High Port Count Series products, Finisar cited to a 2010 article that discussed *plaintiff Finisar's own products*, provided general information regarding optical devices and merely asserted conclusory allegations that parrot the claim language, mere tautologies. Stated simply, Finisar has failed to identify in its claim chart

-1-

where any limitation of any claim is actually found within Nistica's products. As such, the infringement contentions related to Nistica's Twin WSS Modules/High Port Count Series products ("High Port Count Contentions") wholly fail to provide Nistica fair notice of Finisar's infringement theories.

For these reasons, Nistica respectfully requests that the Court strike Finisar's Infringement Contentions directed at Nistica's High Port Count product line and stop Finisar from taking any related discovery until Finisar shows in Supplemental Infringement Contentions that it had a good faith basis to accuse this product line in the first place. Finisar's motive is transparent: It hopes to shift to Nistica – its smaller competitor – plaintiff's burden, under Rule 11 of the Federal Rules of Civil Procedure, to conduct pre-filing diligence on its infringement allegations. That is simply not allowed. Instead, the Court should follow its prior rulings in similar cases staying all related discovery unless and until Finisar serves Infringement Contentions that meet the requirement of the Patent Local Rules.

## II.   BACKGROUND

On July 13, 2013, Finisar filed the subject lawsuit against Nistica. (Dkt. 1.) Finisar alleges that certain Nistica's products that utilize (1) micro electronic mechanical system ("MEMS") mirrors and (2) liquid crystal on silicon ("LCoS') technology violate U.S. Patent No. 6,956,687 (the "'687 patent"), U.S. Patent No. 7,123,833 (the "'833 patent"); U.S. Patent No. 7,126,740 (the "'740 patent"), U.S. Patent No. 6,430,328 (the "328 patent"), U.S. Patent No. 7,092,599 (the "'599 patent"), and U.S. Patent No. 7,397,980 (the "'980 patent") (collectively, the "Patents-in-Suit"). Finisar's Complaint provides no information showing a basis for Finisar's patent infringement allegations.

On December 23, 2013, Finisar served its Patent Local Rule 3-1 Disclosure of Asserted Claims and Preliminary Infringement Contentions ("Infringement Contentions"). (Nistica's Motion To Limit The Number of Asserted Patent Claims ("Mot. To Limit"), Liu Decl. ¶ 2, Ex. A.) Finisar alleges that Nistica's Fledge and Full Fledge products (which utilize the MEMS technology) and its Twin WSS Modules/High Port Count Series devices (which utilize the LCoS

technology) violate the Patents-in-Suit. (*Id.* p. 1-2.)  In particular, Finisar contends that the Twin WSS Modules/High Port Count Series products infringe claims 33-55 of the '328 patent, claims 1-3, 5, 7-9, 11-13, 15, 24-25 of the '599 patent and claims 1-10 and 16 of the '980 patent. (*Id.*)

By letter dated January 14, 2014, after analyzing Finisar's infringement contentions and the accompanying charts, Nistica informed Finisar that the High Port Count Contentions were insufficient. (Mot. To Limit, Liu Decl. ¶ 6, Ex. D.)  Specifically, Nistica raised the issue that Finisar has failed to provide any information related to *Nistica's* LCoS product or to demonstrate that it had a good faith basis for its patent infringement claims. (*Id.*)  Thereafter, on January 15, 2014, the parties again met and conferred by a telephone conference. (*Id.* ¶ 7.)  By letter dated January 17, 2014, Nistica requested that Finisar revise and serve amended High Port Count Contentions that meet the requirements of Patent Local Rule 3-1. (*Id.* ¶ 8, Ex. E.)  By letter dated January 20, 2014, Finisar represented that it "has already served its good faith infringement contentions concerning the LCOS Accused Products and disagrees with Nistica's allegations that Finisar's contentions are somehow inadequate." (*Id.* ¶ 9, Ex. F.)  By letter dated January 21, 2014, Nistica confirmed that Finisar has rejected the request to serve amended Infringement Contentions. (*Id.* ¶ 11, Ex. G.)

**III.   ISSUE TO BE DECIDED**

Whether the Court should strike Finisar's High Port Count Contentions and stay the related discovery regarding this product line because Finisar's Infringement Contentions fail to specify the existence or location of each element within the accused instrumentalities as required by Patent Local Rule 3-1.

**IV.   ARGUMENT**

    **A.   Legal Standard**

"'The overriding principle of the Patent Local Rules is that they are designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *Theranos, Inc. v. Fuisz Pharma*

*LLC*, 11-cv-05236 YGR, 2012 WL 6000798, at * 2, (N.D. Cal. Nov. 30, 2012) (quoting *Bender v. Maxim Integrated Prods., Inc.*, No. C 09-01152 SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010)). Specifically, Patent Local Rule 3-1 requires a party claiming patent infringement to serve on all parties infringement contentions. Moreover, the contentions are required to contain "[a] chart *identifying specifically* where each limitation of each asserted claim is found within each Accused Instrumentality[.]" Patent L.R. 3-1(c) (emphasis added).

Patent Local Rule 3-1 "is a discovery device that 'takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery.'" *Theranos*, at *2 (quoting *Network Caching Tech., LLC v. Novell, Inc.*, No. C–01–2079–VRW, 2002 WL 32126128, at *4 (N.D. Cal. Aug.13, 2002)). Additionally, it is "intended to require the party claiming infringement 'to crystallize its theories of the case early in the litigation and to adhere to those theories once disclosed.'" *Id.* (quoting *Bender v. Advanced Micro Devices, Inc.*, No. C-09-1149 MMC (EMC), 2010 WL 363341, at *1 (N.D. Cal. Feb. 1, 2010)).

Furthermore, "all courts agree that the degree of specificity under Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (quoting V*iew Eng'g, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)). In particular, "[f]or infringement contentions to satisfy Patent L.R. 3-1, 'plaintiff must compare an accused product to its patents on a claim by claim, element by element basis for at least one of each defendant's products reverse engineering or its equivalent are required.'" *Bender v. Maxim*, at *2 (brackets and ellipsis omitted) (quoting *Network Caching*, at *5).

### B. Finisar Failed To Specifically Identify Where Each Limitation Of Each Asserted Claim Is Found Within Nistica's Product(s)

The infringement contention charts Finisar provided are woefully inadequate. (Mot. To Limit, Liu Decl. ¶ 2, Ex. A.) Initially, although Finisar alleges patent infringement by the Twin

-4-
NISTICA'S MOTION TO STRIKE INFRINGEMENT CONTENTIONS

WSS Modules/High Port Count Series products, the supporting 2010 article plaintiff cited to only discuss *a Finisar product*. (*Id.*) Furthermore, rather than specifying where each limitation of each assert claim is allegedly found in the Nistica products, Finisar provides general information about optical devices and asserts conclusory allegations regarding Nistica's devices that merely parrots the claim language. (*Id.*) Finisar's vague infringement allegations, based on an article that discussed only Plaintiff's own products, do not remotely come close to "*identifying specifically* where each limitation of each asserted claim is found within" Nistica's instrumentalities. *See* Patent L.R. 3-1(c). As such, the Court should strike the High Port Count Contentions.

### C.     The Court Should Stay All Related Discovery

Additionally, because Finisar failed to serve contentions that met the requirements under Patent Local Rule 3-1, all discovery related to the Twin WSS Modules/High Port Count Series products should be stayed until Finisar serves satisfactory Infringement Contentions showing its good faith basis to accuse this product line of infringement.

"[C]ourts in this district generally do not order defendants to proceed with discovery in patent cases until the plaintiff provides infringement contentions that comply with Patent L.R. 3-1." *Digital Reg of Texas, LLC v. Adobe Systems Incorp.*, 4:12-cv-01971, 2013 WL 3361241, at *2 (N.D. Cal. July 3, 2013); *see Theranos*, at *4 (citing *Implicit Networks Inc. v. Hewlett–Packard Co.*, No. C 10–03746 SI, 2011 WL 3954809, at *4 (N.D. Cal. Sept. 7, 2011); *Network Caching*, at * 7; *InterTrust Techs. Corp. v. Microsoft Corp.*, No. C 01–1640 SBA, 2003 WL 23120174, at *4 (N.D. Cal. Dec.1, 2003)). As this Court explained in *Theranos*, "[e]ven if little publicly-known information about [the alleged infringer's] technologies is available, [patent holder's] obligations under the Local Rules, Fed. R. Civ. P. 11, or other Federal Circuit authority are not obviated." Moreover, as the *Bender v. Maxim* court explained, "plaintiff cannot assert conclusions and effectively shift the burden of identifying his claims to defendant." *Theranos*, at *6.

Here, Finisar is trying to do just that. Accordingly, the Court should stay all discovery related to the Twin WSS Modules/High Port Count Series products unless and until Finisar provides infringement contentions that meet the standards discussed above.

## V.   CONCLUSION

For the reasons stated above, Nistica respectfully requests that this Court enter an order striking Finisar's High Port Count Contentions and staying all related discovery.

Dated:  January 22, 2014                             DENTONS US LLP


By _____/s/ Robert F. Kramer_____
         ROBERT F. KRAMER

Attorneys for Defendant
NISTICA, INC.