

January 30, 2014

| | |
|---|---|
| Christopher Cox | Robert Kramer |
| WEIL, GOTSHAL & MANGES LLP | DENTONS US LLP |
| 201 Redwood Shores Parkway | 1530 Page Mill Road, Suite 200 |
| Redwood Shores, CA 94065 | Palo Alto, CA 94304 |
| | |
| David C. Radulescu | Shailendra Maheshwari |
| Tigran Vardanian | DENTONS US LLP |
| RADULESCU LLP | 300 K Street, N.W. |
| 136 Madison Avenue, 6th Floor | Suite 600, East Tower |
| New York, NY 10016 | Washington, DC 20005 |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |
| FINISAR CORPORATION | NISTICA, INC. |

Hon. Yvonne Gonzalez Rogers
United States District Court
1301 Clay Street
Oakland, CA 94612

Re:   *Finisar Corporation v. Nistica, Inc.,* No. 4:13-cv-03345-YGR
      <u>Letter Brief – Motion for Order to Compel Production of Technical Documents</u>

Dear Judge Gonzalez Rogers,

Pursuant to Paragraph 8(b) of this Court's Standing Order, Plaintiff Finisar Corporation ("Finisar") and Defendant Nistica, Inc. ("Nistica") jointly submit this letter brief summarizing their dispute regarding production of technical documents concerning Nistica's Accused LCOS Products in response to Finisar's requests for production, including Request Nos. 11, 19-20, 29-32, 35-37, 39-40, 54-55, 59-60, 64, and 69-71 (collectively, the "Disputed RFPs").  *See* Ex. 1 (Finisar's RFPs).  The parties hereby attest that they met and conferred concerning the issues raised in this letter brief telephonically on multiple occasions and in person on January 27, 2014.  If it would be convenient for the Court, the parties submit that this dispute may be referred to Magistrate Judge Corley.

**Relief Requested by Finisar**

Finisar seeks to compel Nistica to produce technical documents concerning Nistica's Accused LCOS Products in response to Finisar's Disputed RFPs.

**Statement by Finisar**

The discovery sought by Finisar through the Disputed RFPs is extremely relevant.  In Finisar's Complaint (D.E. 1) and Infringement Contentions, Finisar identified two categories of Nistica's optical switching technology as infringing claims of Finisar's asserted patents—(1) devices containing micro-electro-mechanical systems ("MEMS") technology ("Accused MEMS Products") and (2) devices containing liquid crystal on silicon ("LCOS") technology ("Accused



Hon. Yvonne Gonzalez Rogers

LCOS Products"). These two categories are not mutually exclusive – a Nistica device can contain both MEMS and LCOS technology. In fact, the Accused LCOS Products – Nistica's Hybrid LCOS/DLP Twin 1x9 WSS and Hybrid LCOS/DLP Twin 1x20 WSS – contain **both** MEMS and LCOS technology.

Each of the Disputed RFPs seeks production of information critical to Finisar's patent infringement claims, such as technical documentation concerning the structure, operation, and functionality of Accused LCOS Products. Indeed, courts in this district have held that technical documents describing the physical configuration and operation of products accused of patent infringement are relevant and discoverable. *See, e.g.*, *SemiTool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 277 (N.D. Cal. 2002) (finding that documents concerning operation and structure of accused product are "core documents" and "relevant and discoverable"). Additionally, because the requested documents are outside the four categories set forth in Patent L. R. 2-5(a)-(d), there can be no objection that their production is premature. *See Townshend Intellectual Prop. LLC v. Broadcom Corp.*, No. C 06-05118, 2007 WL 2462152, at *2-3 (N.D. Cal. Aug. 29, 2007). Thus, Nistica's withholding of these documents based on the objection regarding deficiency of Finisar's Infringement Contentions is not allowed under Patent L. R. 2-5.

Finisar served the Disputed RFPs on October 22, 2013 and Nistica served objections and responses on November 25, 2013. *See* Exs. 1 & 2 (Nistica's Responses to Finisar's RFPs). Finisar sought prompt production of technical documents regarding all Accused Products prior to service of its Infringement Contentions. *See* Ex. 3 (Letter from G. Maskel to R. Kramer, dated 12/9/13). Nistica produced no documents before Finisar's Infringement Contentions were due. In fact, Nistica has yet to produce a single document in this case, despite multiple requests from Finisar and several conferences on this subject. [1]

During a conference between the parties, Nistica confirmed that it would produce technical documents regarding all accused products, including Accused LCOS Products before the end of January 2014. *See* Ex. 4 (Letter from R. Davis to J. Bock, dated 1/8/14). Nistica thereafter changed its position and declared that no technical documents will be produced. *See* Ex. 5 (Letter from S. Maheshwari to T. Vardanian, dated 1/17/14). Yet, at a conference between the parties on January 15, Nistica admitted that all technical documents, LCOS and MEMS alike, can be ready for production by January 27, indicating relevant technical documents are readily available. *See* 6 (Letter from R. Davis to S. Maheshwari, dated 1/20/14). During that same conference, the parties developed a compromise proposal to resolve all of the currently disputed issues, including Nistica's Motion to Strike Infringement Contentions (D.E. 51) and Nistica's Motion to Limit the Number of Asserted Claims (D.E. 49).[2] *See id*. Unfortunately, Nistica rejected that proposal, opting to engage in motion practice instead. *See* Ex. 7 (Letter from S. Maheshwari to T. Vardanian, dated 1/21/14).

---

[1] Nistica recently indicated its intention to produce technical documents regarding Accused MEMS Products (*see* Ex. 7) and, accordingly, they are not the subject of this brief. Nistica's agreement to produce technical documents concerning the Accused MEMS Products apparently does not extend to products that contain both MEMS and LCOS technologies.

[2] Finisar believes that this dispute could be joined with the hearing on Nistica's Motion to Limit the Number of Asserted Claims (D.E. 49) scheduled for February 3, 2014 because it raises issues substantially similar and related to those already referred to Magistrate Judge Corley for a report and recommendation (D.E. 54).

Rather than relying on any general or specific objections to the Disputed RFPs, Nistica refuses to produce technical documents concerning its Accused LCOS Products because Nistica claims that Finisar's Infringement Contentions are inadequate.[3]  Nistica's complaints about the level of detail regarding its Accused LCOS Products in the infringement contentions stem from its own unwillingness to divulge any information regarding these new products that it is introducing to the U.S. market in secrecy.  In fact, since the start of this case, Nistica has sought to hinder Finisar's ability to access and discover relevant information about Nistica's Accused LCOS Products.  For example, Nistica denied the existence of the Accused LCOS Products and its own offers to sell the Accused LCOS Products in its Amended Answer (D.E. 35 at ¶15).  Recently, Nistica admitted in correspondence that the Accused LCOS Products exist.  *See* Ex. 8 (Letter from S. Maheshwari to R. Davis, dated 1/14/14).  Despite Nistica's efforts at secrecy, Finisar learned enough information from industry events and public sources about the Accused LCOS Products to assert in good faith that they are infringing Finisar's fundamental patents on LCOS technology.  Finisar's ability to prosecute its claims of infringement, including any possible narrowing of the asserted claims, is seriously prejudiced by Nistica's refusal to produce these critical, clearly relevant documents.  Moreover, Nistica concedes that the Infringement Contentions are adequate with respect to products containing MEMS technology.  *See* D.E. 49 at 4.  Therefore, Nistica must produce technical documents regarding the Accused LCOS Products because those products contain both LCOS and MEMS technology.

Because Nistica has no legitimate basis to withhold production of documents responsive to the Disputed RFPs regarding its Accused LCOS Products, Finisar requests that the Court compel Nistica to produce such documents to Finisar without further delay.

## **Statement by Nistica**

This motion is nothing more than a fishing expedition in its truest sense and Nisitica believes this motion is duplicative of the issues raised in its Motion to Strike Finisar's LCoS Infringement Contentions and Stay Discovery ("Motion to Strike") and therefore should be heard with that motion which is already before the Magistrate.[4]  Despite Finisar's statements above, it has not

---

[3] Finisar will address Nistica's arguments regarding the sufficiency of its infringement contentions in its forthcoming opposition to Nistica's Motion to Strike Infringement Contentions (D.E. 51).

[4] As set forth in Nistica's Motion to Limit the Asserted Claims (to which the Motion to Strike relates), the parties are apparently are in general agreement that a) Nistica should provide technical documents showing the structure and operation of Nistica's accused MEMs products insofar as relevant to the asserted patents and then Finisar should serve a narrowed set of asserted patent claims, and b) Nistica's Invalidity Contentions should be served after Finisar identifies a narrowed set of asserted patent claims. The disputed issues are: 1) how many patent claims should Finisar be permitted to assert in its election of asserted claims, and 2) whether Finisar's Infringement Contentions are inadequate and Finisar must serve supplemental, adequate Infringement Contentions before it is permitted to take discovery and receive technical documents about Nistica's LCoS product family.  With respect to the quantity of patent claims Finisar should be permitted to assert, Nistica proposes 10 claims per patent but not more than a total of 32 patent claims. This is identical proposal that Finisar recently made in a patent case in which Finisar is the defendant and filed a motion seeking that a patentee plaintiff narrow its patent claims asserted against defendant Finisar. *See Thomas Swan Company v. Finisar Corp. et*



previously, nor can it now properly show that it requires LCoS documents from Nistica. Finisar seeks nothing more than free sweeping discovery to learn information that it can not obtain publically about a direct competitor under the guise of a patent infringement lawsuit. Finisar filed its complaint in this action on July 17, 2013 (D.E. 1) and accused Nistica's (1) devices containing micro-electro-mechanical systems ("MEMS") technology ("Accused MEMS Products") and (2) devices containing liquid crystal on silicon ("LCOS") technology ("Accused LCOS Products"). Tellingly, Finisar accused the FLEDGE and FULL FLEDGE MEMs products specifically, but for the LCoS products it was only able to state "and/or devices that include LCOS technology for optical switching." Finisar was not able to articulate even one specific LCoS product that allegedly infringes its patents, instead resorting to a vague assertion about LCoS technology generally.

As Nistica explained in its Motion to Strike,"[C]ourts in this district generally do not order defendants to proceed with discovery in patent cases until the plaintiff provides infringement contentions that comply with Patent L.R. 3-1." *Digital Reg. of Texas, LLC v. Adobe Systems Incorp.*, 2013 WL 3361241, at *2 (N.D. Cal. July 3, 2013). Specifically, Patent Local Rule 3-1 requires a party claiming patent infringement to serve on all parties infringement contentions containing *"[a] chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality[.]"* Patent L.R. 3-1(c) (emphasis added). Furthermore, "all courts agree that the degree of specificity under Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (quotations omitted). In particular, "[f]or infringement contentions to satisfy Patent L.R. 3-1, 'plaintiff must compare an accused product to its patents on a claim by claim, element by element basis for at least one of each defendant's products reverse engineering or its equivalent are required.'" *Bender v. Maxim Integrated Prods., Inc.*, No. C 09-01152 SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010) (brackets and ellipsis omitted) (quotations omitted). Lastly, as this Court explained in *Theranos, Inc. v. Fuisz Pharma LLC*, 11-cv-05236 YGR, 2012 WL 6000798, at * 6, (N.D. Cal. Nov. 30, 2012), "[e]ven if little publicly-known information about [the alleged infringer's] technologies is available, [patent holder's] obligations under the Local Rules, Fed. R. Civ. P. 11, or other Federal Circuit authority are not obviated." Additionally, as the *Bender v. Maxim* court explained, "plaintiff cannot assert conclusions and effectively shift the burden of identifying his claims to defendant." *Id.*

Three months after the filing of the Complaint, Finisar served its initial discovery requests on October 22, 2013. Again, Finisar was unable to articulate any specific Nistica LCoS product that it sought documents for, instead seeking once more to obtain wholesale discovery apparently in an effort to support its deficient allegations contained in its Complaint. On December 23, 2013, 6 months after filing the Complaint, Finisar served its P.L.R 3-1 infringement contentions where it finally identified a specific LCoS product (the Twin WSS Modules / High Port Count Series). However, continuing to prove it had no basis to make any allegations against Nistica's LCoS product, Finisar provided absolutely no identification of how the LCoS product infringes the claims of the asserted patents. Instead, Finisar cited to articles regarding its *own* product as a purported basis for infringement. Nor did it cite to any Nistica technical documents or public

---

*al.*, E.D. Texas, Case No. 2:13-cv-00178-JRG, Dkt. No. 72 (Finisar's Brief Seeking to Limit The Number of Asserted Claims).


information, despite claiming above that it had learned so from industry contacts and public information.  In short, it wholly failed to comply with the requirements of the Patent Local Rules.  This is clearly why Finisar sought to obtain early discovery as it simply could not meet its Rule 11 obligations or its P. L. R. obligations, thus necessitating Nistica's Motion to Strike.  As noted, the parties did meet and confer numerous times in an effort to reach a resolution.  However, contrary to Finisar's assertions, Nistica is not seeking to hide any information related to LCoS products.  Indeed, Nistica has repeatedly stated that it would provide documents in its possession, custody and control, if Finisar supplemented its contentions so that Nistica could at least have even some basic understanding of how it was purportedly infringing the asserted patents.  Each time, Nistica was rebuffed with Finisar stating it would only do so *after* it received LCoS documents.  This is precisely the reason that Nistica was forced to file the Motion to Strike.  Now, Finisar has sought to further conflate the issues, by claiming that Nistica is withholding documents related to "Hybrid LCOS/DLP Twin 1x9 WSS and Hybrid LCOS/DLP Twin 1x20 WSS".  When Nistica's counsel asked Finisar's counsel to identify the product it was referring to and the infringement contention outlining the basis for infringement regarding this alleged product, at the January 27th meet and confer, Finisar's counsel refused to provide any information.  They could not provide any information because this product and the discovery issue Finisar is trying to raise by mentioning this product is a pure fabrication.  This product does not exist, nor has it been made, sold, or been offered for sale.  Further, reviewing Finisar's infringement contentions, it does not even accuse this non-existent product of infringement yet somehow believes that it is entitled to discovery on LCoS documents.  Finisar's combination argument is made solely for the purposes of creating a false basis for why it would need the LCoS documents in addition to the MEMs documents for that certain product.  This is yet another strawman devised by Finisar as it attempts to cover its deficient LCoS allegations that it should not have been accused in the first place.

Because Finisar's Motion and discovery requests are nothing more than a thinly disguised attempt to obtain free discovery to cure its own deficient allegations made in its Complaint, and for the reasons stated in Nistica's pending Motion to Strike, Nistica respectfully requests the Court deny Finisar any relief until it can meet the requirements of Patent Local Rule 3-1 and show a good faith basis for alleging infringement by the LCoS products.

Respectfully submitted,

| | |
|---|---|
| RADULESCU LLP | DENTONS US LLP |
| WEIL GOTSHAL & MANGES LLP | |
| By: */s/ David C. Radulescu* | By: */s/ Shailendra Maheshwari* |
| Attorneys for Plaintiff Finisar Corporation | Attorneys for Defendant Nistica, Inc. |