UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINISAR CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>NISTICA, INC.,<br><br>    Defendant. | Case No. 13-cv-03345-YGR (JSC)<br><br>**AMENDED ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL; ORDER UNSEALING DKT. NO. 73**<br><br>Re: Dkt. Nos. 74, 76 |

Now pending before the Court are the parties' administrative motions to file under seal. After carefully considering the parties' submissions, the motions are granted in part and denied in part. Further, the Court unseals its March 6, 2014 Order denying Defendant Nistica, Inc.'s ("Nistica") motion to strike infringement contentions. (Dkt. No. 73.)

**DISCUSSION**

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. [Federal Rule of Civil Procedure] 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999). Sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." N.D. Cal. Civ. L.R. 79–5(a). A party must "narrowly tailor" its request to sealable material only. *Id.*

Nistica's motion seeks to seal Plaintiff Finisar Corporation's ("Finisar") Patent Local Rule 3-1 preliminary and supplemental infringement contentions, as well as Finisar's disclosure of

1  asserted claims. Nistica also seeks to seal portions of its motion to strike that reference the request
2  for quote ("RFQ") submitted by a confidential customer ("the Customer"). While the Court
3  concludes that both sets of infringement contentions and the disclosure of asserted claims are
4  sealable, the Court is not persuaded that all of Nisitica's redactions in its motion are proper.
5  Specifically, the only information that is sealable is 1) the name of the Customer, and 2) the
6  identification of *particular* RFQ specifications—namely, the particular product the Customer was
7  seeking to be built. If the Customer's name is redacted, additional information concerning the
8  RFQ need not be sealed since the source of the RFQ remains private. Nistica has provided no
9  explanation as to why bidding on and being awarded an anonymous RFQ is sealable information.
10 Moreover, much of the information Nistica seeks to seal beyond the name of the Customer and
11 identification of particular RFQ specifications are publicly disclosed in Nistica's reply brief,
12 which Nistica has not moved to seal despite being alerted to the discrepancy at oral argument.
13 Nistica's administrative motion to file under seal is accordingly GRANTED in part and DENIED
14 in part.

15    Finisar's motion seeks to seal 1) a letter from Shailendra Maheshwari, counsel for Nistica,
16 to counsel for Finisar that details the availability of Nistica's products; 2) the declaration of
17 Massimo Di Blasio, which contains the name of the Customer and identification of the particular
18 product sought in the RFQ; 3) Finisar's infringement contentions; and 4) portions of its opposition
19 to Nistica's motion to strike. The Court concludes that items one through three are sealable in
20 their entirety as they contain almost exclusively protected information. However, as with
21 Nistica's redactions to its motion, Finisar's redactions are overbroad. As discussed above, the
22 only information that is sealable is 1) the name of the Customer, and 2) the identification of
23 *particular* RFQ specifications—namely, the particular product the Customer was seeking to be
24 built. Finisar's administrative motion to file under seal is GRANTED in part and DENIED in
25 part.

26    Finally, the Court's March 6 Order, filed under seal, required the parties to inform the
27 Court by no later than March 11 "what information, if any, within th[e] Order must remain
28 sealed." (Dkt. No. 73 at 5.) The parties have failed to inform the Court what information needs to

1  remain sealed.  The Court accordingly UNSEALS its March 6 Order.  The Court notes that its
2  Order contains no reference to the Customer's name or particular RFQ specifications.

## CONCLUSION

For the reasons stated above, the parties' administrative motions to file under seal are GRANTED in part and DENIED in part.  The parties shall submit unredacted versions of their briefs consistent with this Order by no later than Thursday, April 3, 2014.  *See* N.D. Cal. Civ. L.R. 79-5(f)(3).  The Court further orders that its March 6 Order be UNSEALED.

**IT IS SO ORDERED.**

Dated: March 27, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge