1  [Counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>NISTICA INC., a Delaware corporation,<br><br>    Defendant. | Case No. 4:13-cv-03345-BLF<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>**JURY TRIAL DEMANDED**<br><br>Hon. Beth Labson Freeman |

JOINT CASE MGMT. STMT. & [PROPOSED] ORDER

Case No. 4:13-cv-03345-BLF

Pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011, Civil Local rule 16-9, and the Court's Order assigning this action to Judge Freeman on April 17, 2014, Plaintiff Finisar Corporation ("Finisar") and Defendant Nistica Inc. ("Nistica") hereby submit this Joint Case Management Statement and Proposed Order.

## I.   JURISDICTION AND SERVICE

The parties agree that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*., and also asserts that the Court has personal jurisdiction over the parties and that venue is proper in this district.  Nistica also asserts that this Court has jurisdiction over Nistica's Counterclaims pursuant to 28 U.S.C. §§ 2201 and 2202.

## II.   Facts

Finisar asserts that Nistica has infringed and continues to infringe one or more claims of U.S. Patent No. 6,956,687 (the"'687 Patent"); U.S. Patent No. 7,123,833 (the"'833 Patent"); U.S. Patent No. 7,126,740 (the"'740 Patent"); U.S. Patent Nos. 6,430,328 (the"'328 Patent"); U.S. Patent No. 7,092,599 (the"'599 Patent"); U.S. Patent No. 7,397,980 (the"'980 Patent", collectively, the "Patents-in-Suit".  Nistica denies that it infringes and asserts that the Patents-in-Suit are invalid.

Finisar asserts that in general the Patents-in-Suit relate to novel apparatus and methods for manipulating optical signals of different wavelengths in different directions, known as "optical switching."  Optical switching can be performed by arrays of (1) micro electronic mechanical system ("MEMS") mirrors or (2) liquid crystal on silicon ("LCOS") pixels, and Finisar has accused Nistica products incorporating both MEMS and LCOS technology of infringing its patents (the "Accused MEMS Products" and the "Accused LCOS Products").  Finisar's Infringement Contentions, including its Preliminary Infringement Contentions served on December 23, 2013 and Supplemental Infringement Contentions served on February 10, 2014, detail Finisar's specific allegations of infringement with respect to the current asserted claims for the Accused MEMS Products and Accused LCOS Products. Finisar asserts that its Infringement Contentions illustrate, on an element-by-element basis, that the Patents-in-Suit are integral to the

1  design and manufacture of advanced wavelength-selective switches ("WSS") used in
2  reconfigurable optical add-drop multiplexer (ROADM) networks.  In other words, Finisar asserts
3  that the Patents-in-Suit provide apparatus and methods of manipulating light in optical networks
4  based on wavelength which are particularly useful in WSS products and ROADM networks.
5  Magistrate Judge Corley denied Nistica's motion to strike Finisar's Infringement Contentions
6  pertaining to the Accused LCOS Products on March 6, 2014, finding that Nistica raised no issues
7  as to the sufficiency of Finisar's contentions and that Nistica's attack on the sources used to
8  support Finisar's contentions failed. (Dkt. No. 73.)

9  Nistica asserts that Finisar's Infringement Contentions contain boilerplate assertions of
10 infringement without recitation of sufficient facts establishing that its patents are infringed by
11 Nistica's accused products.  Nistica also asserts that the purported invention claimed in Finisar's
12 patents was known or would have been obvious to a person of ordinary skill in the art at the time
13 Finisar's patent applications were filed.  Nistica asserts that each of the apparatus and methods
14 claimed in the Patents-in-Suit are not novel or otherwise patentable.

15 Finisar contends that Nistica has infringed and continues to infringe the Patents-in-Suit,
16 by providing devices, such as FLEDGE® and FULL FLEDGE® (Accused MEMS Products), and
17 Twin High-Port Count series (Accused LCOS Products), which make use of apparatus and
18 methods of manipulating light in optical networks based on wavelength.  Nistica asserts that its
19 products, including the FLEDGE and FULL FLEDGE product lines and products incorporating
20 LCOS technology, do not infringe any valid claim of the Patents-in-Suit.  Finisar contends that
21 these devices are sold to customers who incorporate them into products to sell to end users such
22 as wireline and wireless telecommunication service providers and cable TV operators.  Finisar's
23 causes of action include direct, induced, and contributory infringement.  Nistica denies each and
24 every allegation of infringement and asserts that the claims of the Patents-in-Suit are invalid.  At
25 present, fact discovery is underway and the parties are preparing for claim construction during
26 Spring and Summer 2014.

27 **III.   LEGAL ISSUES**
28 The following disputed factual and legal issues may need to be resolved as part of this

case:

- The proper construction of the claim terms in the Patents-in-Suit;
- Whether Nistica has infringed the Patents-in-Suit;
- Whether the Patents-in-Suit are invalid;
- Whether any infringement was willful, and if so, the amount of damages;
- Whether Finisar is entitled to injunctive relief; and
- Whether the case is "exceptional" within the meaning of 35 U.S.C. § 285, entitling the prevailing part to reasonable attorney fees.

The parties reserve the right to raise additional factual or legal issues that may arise throughout the course of this action.

**IV.  MOTIONS AND PRIOR MOTION PRACTICE**

There are no current motions pending before the Court.  A brief overview of the significant prior motion practice follows:

Previously, Finisar filed a Motion to Dismiss Counterclaims and Strike Affirmative Defenses (Dkt. No. 23), which was denied as moot following submission of Nistica's Amended Answer (Dkt. No. 35).

Nistica filed both a Motion to Limit the Number of Asserted Claims (Dkt. No. 49) and a Motion to Strike Infringement Contentions (Dkt. No. 51) directed to Finisar's infringement contentions for the Accused LCOS Products.  Finisar also filed a Motion to Compel Production of Technical Documents from Nistica concerning the Accused LCOS Products.  (Dkt. No. 56.)  Following a hearing before Magistrate Judge Jacqueline Scott Corley on February 2, 2014, the parties stipulated, and Judge Corley entered on February 10, 2014, a case schedule that included an agreement to narrow the number of asserted claims and prior art references in the case and provided a deadline for Finisar to supplement its infringement contentions regarding the Accused LCOS Products (Dkt. No. 60).  Following Finisar's service of supplemental infringement contentions, Nistica filed a Motion to Strike Supplemental Infringement Contentions (Dkt. No. 62).  Nistica's Motion to Strike was denied and Nistica was ordered to produce requested discovery regarding the Accused LCOS Products pursuant to Judge Corley's March 6, 2014

1  Order (Dkt. No. 73).

2      Most recently, Finisar filed a Motion to Enforce Nistica's Compliance with the February 10th Stipulation and Order (Dkt. No. 79), which was denied as moot by Judge Corley's March 28, 2014 order requiring the parties to meet and confer regarding Finisar's concerns with Nistica's compliance with certain document production deadlines.  The parties jointly submitted a discovery letter brief concerning their outstanding discovery and scheduling disputes (Dkt. No. 86) and, following a hearing before Judge Corley on April 3, 2014, the Court entered a new schedule with modified deadlines to accommodate resolution of the parties' disputes.  (Dkt. No. 93.)

## V.  AMENDMENT OF PLEADINGS

Finisar is considering whether it will be necessary to join additional parties, specifically Nistica's parent, Fujikura Ltd. (Japan).  Nistica has represented that its FRCP 26(a) Initial Disclosures are accurate and, based on its current knowledge about the claims and defenses, it has not identified Fujikura Ltd. as having discoverable information that Nistica may use to support its claims or defenses unless the use would be solely for impeachment in this action.

Nistica is currently considering whether it will be necessary to join additional parties, including Finisar's subsidiary Finisar Australia.  Finisar has represented that its FRCP 26(a) Initial Disclosures are accurate and, based on its current knowledge about the claims and defenses, it has identified one Finisar Australia employee as having discoverable information that Finisar may use to support its claims or defenses, but has not identified Finisar Australia as having discoverable information.

Nistica is also considering the issue of whether further amendments to the pleadings will be necessary.

The parties both reserve the right to make any such amendments by the deadline proposed in section XVII, *infra*.

## VI.  EVIDENCE PRESERVATION

Each party represents that it has instituted reasonable document retention procedures to maintain relevant documents, electronic or otherwise, until this dispute is resolved.

The parties are collaborating to develop and enter into a stipulated protective order to accommodate the production of sensitive confidential and trade secret information relevant to this case. To date, the parties have been producing documents in discovery pursuant to this District's Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.

## VII. DISCLOSURES

The parties conducted a conference pursuant to Federal Rule of Civil Procedure 26(f) on October 10, 2013, and again on May 1, 2014 to prepare this updated Statement. Pursuant to the Federal Rules of Civil Procedure 26(a)(1)(c), the parties have both served their initial disclosures. The parties each reserve their right to supplement their disclosures as discovery continues.

## VIII. DISCOVERY

### A. Scope of Discovery

Subject to the limitations to be agreed upon by the parties and to be filed in a [Proposed] Order for Discovery of Electronically Stored Information as described in Section VIII.D, and without waiving any objections, the scope of anticipated discovery includes all nonprivileged matter relevant to the claims, counterclaims, and defenses in this action, including without limitation:

- Finisar's acquisition and ownership of the Patents-in-Suit;
- Nistica's alleged making, using, selling, offering for sale, and/or importing into this country the products accused of infringing the Patents-in-Suit;
- the design, functions, characteristics, and methods of use of the accused products;
- the design, functions, characteristics, and methods of any products that Finisar claims to make or sell that practice the inventions claimed in the Patents-in-Suit and/or any products that Finisar claims to make or sell that compete with the accused Nistica products;
- alleged non-infringement of the claims of the Patents-in-Suit;
- alleged invalidity of the claims of the Patents-in-Suit;
- the scope and extent of the prior art;

- the prosecution of the Patents-in-Suit;
- the existence of any non-infringing alternatives;
- the existence of any embodying products; the willfulness of any alleged infringement;
- the licensing of the Patents-in-Suit; damages; and injunctive remedies.

**B.     Discovery Taken to Date**

Both parties have served interrogatories and document requests. Nistica has also served one set of requests for admissions on Finisar. Both parties have timely served responses and objections to these discovery requests. Both parties are actively engaged in document production and expect to meet the May 21, 2014 deadline for production of documents sought in the parties' initial document requests. (Dkt. No. 93.) The parties further anticipate supplementing their document productions, interrogatory responses, and other discovery responses as fact discovery proceeds to respond fully to the initial and subsequently served document requests—no date for close of fact discovery has been set yet in this action.

**C.     Limitations on Discovery**

**1.     Depositions**

**a.     Fact Witnesses** – The parties agree that each side shall be limited to one hundred and forty (140) hours of deposition testimony of party, non-party fact witnesses, and witnesses noticed under Fed. R. Civ. P. 30(b)(6). The deposition time of testifying experts is not included within the total number of deposition time allowed to each side. There are six patents asserted by Finisar in this action, with collectively approximately twelve named inventors on these patents. Nistica reserves the right to seek leave for more depositions than the quantity stated in this section as needed to take depositions of the inventors of the patents in suit.

**b.     Experts** – Each deposition of an expert witness shall be limited to seven (7) hours, except that if an expert is testifying on more than one topic, *e.g.,* both validity/invalidity and infringement/noninfringement, then the expert may be deposed for up to seven (7) hours regarding the topic of validity/invalidity and up to seven (7) hours regarding the topic of infringement/noninfringement. The parties agree that testifying experts are not included within the total hours of depositions specified above at VII(C)(1)(a).

   **c.**  **Affiliated Foreign Entities** - The parties have not yet reached agreement about whether they have control over or will produce witnesses to be deposed from affiliated foreign entities, for example: Fujikura Ltd. Finisar offers to produce documents and witnesses out of its affiliated foreign entity, Finisar Australia, provided that witnesses residing in Australia are deposed at a location convenient for such witnesses, including in Australia. The parties will cooperate to determine and agree if possible about the location where any such witnesses will be deposed. Each hour of deposition requiring a translator will count as 0.5 hours towards the deposition limit designated in Section VIII(C)(1)(a) *supra*.

  **2.**  **Interrogatories**

  The parties agree to the limits set forth in Fed. R. Civ. P. 33(a)(1).

  **3.**  **Requests for Admission**

  Instead of the unlimited number of requests for admission permitted by the Federal Rules of Civil Procedure, the parties propose a limit of 50 requests for admission with respect to substantive matters. However, no limits shall be placed on the number of requests for admission concerning the authenticity of a document.

  **4.**  **Requests for Production**

  Subject to the limitations on discovery of electronically stored information to be agreed upon by the parties and filed in a [Proposed] Order for Discovery of Electronically Stored Information, the parties do not propose any limit on the number of requests for the production of documents and things.

  **D.**  **Discovery of ESI**

  The parties have generally agreed to produce electronically stored information in response to document requests.

  **E.**  **Protective Order**

  The Parties are negotiating the scope of a proposed protective order to govern this action. The parties understand that until then, Local Patent Rule ("Pat. L.R.") 2-2 governs.

  **F.**  **Privilege and Privilege Logs**

  The parties are not required to log Privileged Materials dated after July 17, 2013 (the

"cut-off date"). Information concerning documents or things otherwise protected by the attorney-client privilege, work product immunity, or other privilege or protection ("Privileged Materials") that were created after the cut-off date do not need to be included on any privilege log. In addition, Privileged Materials created by or on behalf of litigation counsel or exchanged with litigation counsel, regardless of their date, do not need to be included on any privilege log. The parties shall exchange privilege logs by the deadline proposed in Section XVII *infra* if so requested.

IX. **CLASS ACTIONS**

This is not a class action.

X. **RELATED CASES**

There are no related cases.

XI. **RELIEF**

    A. **Requested by Finisar**

        1. A judgment that Nistica has directly infringed the Patents-in-Suit, contributorily infringed the Patents-in-Suit, and induced infringement of the Patents in Suit;

        2. An award of all damages recoverable under the laws of the United States and the laws of the State of California in an amount to be proven at trial;

        3. An award of treble damages against Nistica as a result of their willful infringement;

        4. A permanent injunction enjoining and restraining Finisar and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, or acting in concert with them directly or indirectly, from directly infringing, contributorily infringing, and inducing the infringement of the Patents-in-Suit;

        5. A judgment and order requiring Nistica to pay the costs of this action (including all disbursement) and all attorney's fees as provided by 35

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | U.S.C. § 285, with prejudgment interest; and |
| 2 |   | 6. | Such other and further relief as this Court may deem just and equitable. |
| 3 | B. | **Requested by Nistica** | |
| 4 |   | 1. | A judgment dismissing Plaintiff's Complaint in its entirety, with prejudice; |
| 5 |   | 2. | A judgment in favor of Counterclaim Plaintiff and against Counterclaim Defendant, denying Counterclaim Defendant all relief requested in this action; |
| 8 |   | 3. | A judgment declaring that Counterclaim Plaintiff has not infringed and is not infringing any valid and/or enforceable claim of the Patents-in-Suit, and that Counterclaim Plaintiff has not contributed to or induced and are not contributing to or inducing infringement of any valid and enforceable claim of the Patents-in-Suit; |
| 13 |   | 4. | A judgment declaring that Counterclaim Plaintiff has not willfully infringed and is not willfully infringing any valid and/or enforceable claim of the Patents-in-Suit; |
| 16 |   | 5. | A judgment declaring that each claim of the Patents-in-Suit is invalid; |
| 17 |   | 6. | A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Counterclaim Plaintiff its costs (including expert fees), expenses, and reasonable attorneys' fees; |
| 20 |   | 7. | Such other and further relief as the Court may deem just and proper. |

**XII.   SETTLEMENT AND ADR**

The parties discussed Alternative Dispute Resolution during the Rule 26(f) conference. Both parties are willing to participate in private ADR process.

**XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Nistica has declined to consent to a Magistrate Judge for all purposes.

**XIV.   OTHER REFERENCES**

The parties do not presently believe that the case is suitable for referral to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The parties have reached an agreement to narrow the number of asserted claims and prior art references in this case, which is reflected in the Court's Orders at Dkt Nos. 60 and 93. This agreement will narrow the number of issues to be resolved at trial.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties do not believe that this case is appropriate for an expedited schedule.

## XVII. SCHEDULING

The current case schedule is set forth in the Order re: Joint Discovery Letter (Dkt. No. 93). The upcoming events set by the current case schedule are as follows:

| Event | Date |
|---|---|
| Finisar elects a narrowed selection of asserted claims limited to 50 claims total, with no more than 12 claims per patent. | May 7, 2014 |
| Finisar serves infringement contention claim charts for any newly asserted claims | May 7, 2014 |
| Both parties shall substantially complete production of requested documents from initial document requests | May 21, 2014 |
| Nistica's Invalidity Contentions and accompanying document production due (Patent L.R. 3-3 and 3-4); prior art references shall be limited to 60 references total, with no more than 14 references per patent. | May 14, 2014 |
| Parties exchange proposed claim terms for construction (Patent L.R. 4-1) | May 16, 2014 |
| Parties exchange proposed constructions for the identified claim terms and identify all supporting evidence and experts (Patent L.R. 4-2) | May 23, 2014 |
| Joint Claim Construction Prehearing Statement due (Patent L.R. 4-3) | June 4, 2014 |
| Deadline to complete all discovery related to claim construction (Patent L.R. 4-4) | June 11, 2014 |
| Finisar's opening claim construction brief due (Patent L.R. 4-5(a)) | June 13, 2014 |
| Nistica's responsive claim construction brief due (Patent L.R. 4-5(b)) | June 26, 2014 |

| | |
|---|---|
| Finisar's reply claim construction brief due (Patent L.R. 4-5(c)) | July 3, 2014 |
| Claim construction tutorial and case management conference | July 11, 2014 at 10:00 am |
| Claim construction hearing (Patent L.R. 4-6) | July 18, 2014 at 10:00 am |

**Finisar's Scheduling Proposal**

Finisar believes that no modifications to the Order re: Joint Discovery Letter (Dkt. No. 93) are required at present.  This Order modified the case schedule to accommodate Nistica's failure to comply with certain document production deadlines that were set by the parties' agreement in the February 10th Order and Stipulation.  (Dkt. Nos. 60, 86, & 93.)

If the Court wishes to set a schedule for events subsequent to the claim construction hearing at this time, Finisar proposes the following:

| Event | Proposed Deadline |
|---|---|
| Deadline for disclosure of materials associated with any opinion of counsel upon which the party intends to rely (Patent L.R. 3-7) | 50 days after the claim construction order (per Patent L.R. 3-7) |
| Deadline to amend the pleadings without filing a motion seeking leave to amend the pleadings | 30 days after the claim construction order |
| Deadline to complete fact discovery | 90 days after the claim construction order |
| Initial expert disclosures and reports due | 30 days after the close of fact discovery |
| Rebuttal expert disclosures and reports due | 30 days after initial expert reports |
| Deadline to complete expert discovery | 30 days after rebuttal expert reports |
| Dispositive and *Daubert* motions due | 30 days after the close of expert discovery |
| FRCP 26(a)(3) Disclosures and Final Pretrial Conference | 30 days before trial commences |
| Commencement of jury trial | April 2015, subject to the Court's convenience |

**Nistica's Scheduling Proposal**

Nistica proposes that the Court schedule a Markman Hearing at the Court's convenience in September 2014 and issue a schedule of the events leading up the Markman Hearing as proposed below.

The current schedule of events leading up to a Markman Hearing scheduled for July 18, 2014 is unduly compressed.  The original schedule was well thought out and made sense for this

case. The interim dates for events leading up to a Markman Hearing, however, were revised as events unfolded in the case. This has resulted from the large number of patent claims Finisar has asserted, *i.e.,* Finisar is currently asserting that more than 100 separate patent claims are infringed by Nistica's products; the parties' disputes about discovery and about the adequacy of Finisar's infringement contentions; and Nistica's work producing technical documents to enable Finisar to limit the currently asserted claims to no more than 50 claims, which is scheduled to happen on May 7, 2014. Conducting a Markman Hearing and conducting all analysis and preparing all disclosures required leading up to a Markman Hearing under the current schedule will result in significant inefficiencies for the parties and the Court.

Nistica proposes that the Court schedule a Markman Hearing in the fall 2014 using the schedule set froth in the N.D. California Patent Local Rules, to permit the parties sufficient time to understand each other's positions and make informed choices about which patent terms in the 50 asserted patent claims need to be construed. The parties can then properly prioritize and make meaningful use of their resources and the Court's considerable time that will be required to interpret these six complex optical patents.[1] Nistica proposes the following schedule for conducting claim construction in this complex patent case involving six patents and fifty asserted patent claims:

- **May 28, 2014**. Parties exchange list of proposed patent claim terms to be construed (Patent L.R. 4-1(a) provides that this shall occur 14 days after service of Invalidity Contentions. Nistica's Invalidity Contentions are currently scheduled to be served on May 14, 2014.)

- **June 11, 2014**. Parties exchange proposed constructions for the identified claim terms and identify all supporting evidence and experts (Patent L.R. 4-2 provides this is to be done not later than 21 days after the exchange of the lists pursuant to Patent L.R. 4-1)

- **July 1, 2014**. Joint Claim Construction Prehearing Statement due (Patent L.R. 4-3 provides this is to be filed not later than 60 days after service of the Invalidity Contentions)

---

[1] Under the current schedule, for example, on May 7, 2014 Finisar will elect 50 patent claims that it accuses Nistica of infringing and it will serve Infringement Contentions. By May 14, 2014 Nistica is required to digest these 50 patent claims and infringement contentions; and two days later on May 16, 2014 the Parties will exchange proposed claim terms for construction under Patent L.R. 4-1. Then by June 4, the parties will need to file a Joint Claim Construction Prehearing Statement laying out proposed claim constructions for ten patent terms in six patents.

- **July 25, 2014**.  Finisar's opening claim construction brief due (Patent L.R. 4-5(a) provides not later than 45 days after serving and filing the Joint Claim Construction Prehearing Statement)

- **August 22, 2014**.  Nistica's responsive claim construction brief due (Patent L.R. 4-5(b) provides not later than 14 days after service upon it of an opening brief)

- **August 29, 2014**.  Finisar's reply claim construction brief due (Patent L.R. 4-5(c) not later than 7 days after service upon it of a responsive brief)

- **September 11, 2014 (or a date at the Court's convenience)**.  Claim construction hearing (Patent L.R. 4-6 provides subject to the convenience of the Court's calendar, two weeks following submission of the reply brief specified in Patent L.R. 4-5(c))

If the Court wishes to set a schedule now for events subsequent to the Markman Hearing, the parties are prepared to do so. (Judge Gonzalez Rogers did not set any dates in this case for events occurring after the Markman Hearing.)

**XVIII. TRIAL**

The case will be tried to a jury.  The length of trial will depend on the parties' pretrial motions and the ability to narrow the issues.  The parties request that the Court reserve two weeks for trial.

**XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have each filed their "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16 (Dkt. Nos. 6 and 21).

**XX.    PATENT-RELATED ISSUES PURSUANT TO PATENT LOCAL RULE 2-1(A)**

**A.    Format of the Claim Construction Hearing**

The Parties jointly requested that 20 claim terms be construed in this case for the six patents in suit.  Judge Gonzalez Rogers rejected that proposal and ordered that 10 claim terms will be construed at a claim construction hearing.  Nistica notes that Finisar is currently asserting more than 135 separate patent claims in six separate patents in this case and Finisar has agreed to narrow its assertion to no more than 50 patent claims later this month. If the Court determines that a maximum of 10 disputed terms will be construed at a claim construction hearing, given how many claims Finisar is asserting in this case, Nistica proposes that after the Court issues a

Claim Construction Order, the parties could meet and confer and, upon a showing of good cause, a party may be permitted to request construction of additional claim terms (either in a claim construction hearing or as part of a summary judgment motion) later in the case. Finisar believes that construing ten (10) claim terms will be sufficient. The Parties are considering whether there is a need for any live testimony at the claim construction hearing. The parties do not anticipate that the hearing will exceed one day.

### B. How the Parties Intend to Educate the Court on the Technology at Issue

The parties request that each side have a half-day to present tutorials on the technology at issue in this matter to the Court at a time, for example approximately 1 or 2 weeks, prior to the Claim Construction Hearing.

| | | |
|---|---|---|
| 1 | Dated:  May 1, 2014 | Respectfully Submitted, |
| 2 | | _/s/ David C. Radulescu_____ |
| 3 | | |
| | | WEIL GOTSHAL & MANGES LLP |
| 4 | | Christopher J. Cox (151650) |
| | | chris.cox@weil.com |
| 5 | | 201 Redwood Shores Parkway |
| | | Redwood Shores, CA 94065 |
| 6 | | Telephone: (650) 802-3029 |
| 7 | | Facsimile: (650) 802-3100 |
| 8 | | David C. Radulescu, Ph.D. (*pro hac vice*) |
| | | david@radulescullp.com |
| 9 | | Tigran Vardanian (*pro hac vice*) |
| | | tigran@radulescullp.com |
| 10 | | Robin M. Davis (*pro hac vice*) |
| 11 | | robin@radulescullp.com |
| | | 136 Madison Avenue, 6th Floor |
| 12 | | New York, NY 10016 |
| | | Telephone: (646) 502-5950 |
| 13 | | Facsimile: (646) 502-5959 |
| 14 | | Attorneys for Plaintiff Finisar Corporation |
| 15 | | |
| 16 | | |
| | Dated:  May 1, 2014 | _/s/ Robert F. Kramer_____ |
| 17 | | |
| 18 | | ROBERT F. KRAMER (Bar No. 181706) |
| | | Email: robert.kramer@dentons.com |
| 19 | | C. GIDEON KORRELL (Bar No. 284890) |
| | | Email: gideon.korrell@dentons.com |
| 20 | | DENTONS US LLP |
| | | 1530 Page Mill Road, Suite 200 |
| 21 | | Palo Alto, CA 94304-1125 |
| | | Telephone:  (650) 798-0300 |
| 22 | | Facsimile:   (650) 798-0310 |
| 23 | | |
| | | SHAILENDRA MAHESHWARI (*pro hac vice*) |
| 24 | | Email: shailendra.maheshwari@dentons.com |
| | | DENTONS US LLP |
| 25 | | 1301 K Street, NW |
| | | Suite 600, East Tower |
| 26 | | Washington, D.C. 20005-3364 |
| 27 | | Telephone:  (202) 408-6400 |
| | | Facsimile:  (202) 408-6399 |
| 28 | | |
| | | JOEL N. BOCK (*pro hac vice*) |

JOINT CASE MGMT. STMT. & [PROPOSED] ORDER

15

Case No. 4:13-cv-03345-BLF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Email: joel.bock@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768 6700
Facsimile:   (212) 768 6800

Attorneys for Defendant
NISTICA, INC.

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

---

UNITED STATES DISTRICT JUDGE
BETH LABSON FREEMAN