# EXHIBIT B

DEC-22-2004 16:24     WARE FRESSOLA

RECEIVED
CENTRAL FAX CENTER

DEC 2 2 2004

P.06/13

PATENT

WFVA/CiDRA File Nos.: 712-002.162/CC-0560

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Re application of:  John A. Moon et al.

Serial No.: 10/327,695        :    Examiner: Joseph P. Martinez

Filed: December 19, 2002      :    Group Art Unit: 2873

For: **OPTICAL BLOCKING FILTER HAVING AN ARRAY OF MICRO-MIRRORS**

**Mail Stop AF**                              Fax No. (703) 872-9306
U.S. Patent and Trademark Office
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

## RESPONSE AFTER FINAL REJECTION

Sir:

This is a response to an Official Action mailed

September 22, 2004.[1]

---

[1]    I hereby certify that this correspondence is, on the date shown below, being transmitted by facsimile to the Commissioner of Patents, United States Patent and Trademark Office, Fax Number (703) 872-9306, Alexandria, Virginia 22313.

_Debra A. Pongett_
Debra A. Pongett

_December 22, 2004_
Date

FinNIST00000917

DEC-22-2004  16:23        WARE FRESSOLA                                    P.01/13

# WARE, FRESSOLA, VAN DER SLUYS & ADOLPHSON LLP

*Patent, Trademark, Copyright and Computer Law Counsel*
www.wfva.net

BRADFORD GREEN, BUILDING FIVE
755 MAIN STREET
POST OFFICE BOX 224
MONROE, CONNECTICUT 06468
TELEPHONE: (203) 261-1234
FACSIMILE: (203) 261-5676
E-MAIL: mail@wfva.net

ROBERT H. WARE
ALFRED A. FRESSOLA
K. BRADFORD ADOLPHSON
FRANCIS J. MAGUIRE
WILLIAM J. BARBER
JAMES A. RETTER, Ph.D.
JAMES R. FREDERICK
MILTON M. OLIVER*
JACK M. PASQUALE
ANDREW T. HYMAN

PETER C. VAN DER SLUYS (1939-1991)

KENNETH Q. LAO, Ph.D., *Patent Agent*
ANATOLY FRENKEL, Ph.D., *Patent Agent*
*MA and NY Bar*

RECEIVED
CENTRAL FAX CENTER

DEC 2 2 2004

## FACSIMILE TRANSMISSION

### Via Facsimile (703) 872-9306

TO:    Commissioner for Patents
       U.S. Patent and Trademark Office
       Alexandria, Virginia 22313-1450
       MAIL STOP AF

       **ATTENTION:**  **Examiner Joseph P. Martinez**
                    **(Art Unit 2873)**

FROM:  William J. Barber

DATE:  December 22, 2004

RE:    **Response After Final Rejection**
       Re application of:  J. A. Moon et al.
       Serial No.:  10/327,695
       Filed: December 19, 2002
       OPTICAL BLOCKING FILTER HAVING AN ARRAY OF
       MICRO-MIRRORS
       Our File No.:  712-002.162

---

### MESSAGE

       Please see the attached document, and feel free to contact
us if you have any questions.

---

NUMBER OF PAGES (INCLUDING THIS TRANSMITTAL PAGE):  13

**PLEASE CALL IF ANY PART OF THIS FAX IS NOT RECEIVED.**

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO BE
ATTORNEY-CLIENT PRIVILEGED. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE
INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED.  IF YOU ARE NOT THE INTENDED
RECIPIENT, OR THE AGENT OR EMPLOYEE RESPONSIBLE TO DELIVER IT TO THE INTENDED
RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR
COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
RECEIVED MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE.
THANK YOU.

FinNIST00000918

DEC-22-2004  16:23       WARE FRESSOLA                                    P.02/13

Practitioner's Docket No. ___712-002.162___                **PATENT**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: John A. Moon et al.

Application No.: 10 / 327,695     Group No.: 2873
Filed: December 19, 2002         Examiner: Joseph P. Martinez
For:  OPTICAL BLOCKING FILTER HAVING AN ARRAY OF MICRO-MIRRORS

> **RESPONSE UNDER
> 37 C.F.R. § 1.116
> EXPEDITED PROCEDURE
> EXAMINING GROUP**

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

> NOTE:  To take advantage of the expedited procedure the envelope in which this paper is mailed must be
> addressed as shown and must also be marked "Box AF" in the lower left hand corner. Alternatively,
> this paper can be hand carried to the particular Examining Group or other area of the Office in which
> the application is pending, in which case any envelope in which this paper is placed must be marked
> as in the bold type box above. Notice of Sept. 20, 1985 (1059 O.G. 19-20). See M.P.E.P. § 714.13,
> 7th ed.

## AMENDMENT OR RESPONSE AFTER FINAL REJECTION—TRANSMITTAL

1.   Transmitted herewith is an amendment after final rejection (37 C.F.R. § 1.116) for this application.

---

**CERTIFICATION UNDER 37 C.F.R. §§ 1.8(a) and 1.10***
*(When using Express Mail, the Express Mail label number is mandatory;
Express Mail certification is optional.)*

I hereby certify that, on the date shown below, this correspondence is being:

**MAILING**

☐  deposited with the United States Postal Service in an envelope addressed to Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450

**37 C.F.R. § 1.8(a)**                                **37 C.F.R. § 1.10 ***

☐  with sufficient postage as first class mail.     ☐  as "Express Mail Post Office to Addressee"

                                                    Mailing Label No. _____ (mandatory)

**TRANSMISSION**

☑  facsimile transmitted to the Patent and Trademark Office. (703) __872-9306__.

Date: Dec. 22, 2004

Signature

Debra Pongetti

*(type or print name of person certifying)*

---

* Only the date of filing (§ 1.6) will be the date used in a patent term adjustment calculation, although the date
on any certificate of mailing or transmission under § 1.8 continues to be taken into account in determining
timeliness. See § 1.703(f). Consider "Express Mail Post Office to Addressee" (§ 1.10) or facsimile transmission
(§ 1.6(d)) for the reply to be accorded the earliest possible filing date for patent term adjustment calculations.

(Amendment or Response After Final Rejection—Transmittal [9-20]—page 1 of 4)

FinNIST00000919

NOTE:  *Response to Final Rejection—Avoiding Extension Fees "In patent applications wherein a three month Shortened Statutory Period (SSP) is set for response to a Final Rejection, the response would best be filed within two months of the date of the Office Action. If filed within two months, any Advisory Action mailed after the SSP expires will reset the SSP to expire on the date of the Advisory Action for extension fee purposes, but never more than six months from the date of the Final Rejection." Notice of Nov. 30, 1990 (1122 O.G. 571 to 591). See M.P.E.P. § 714.13, 6th ed., rev. 3.*

## STATUS

2.  Applicant is

☐   a small entity. A statement:

☐   is attached.

☐   was already filed.

☒   other than a small entity.

## EXTENSION OF TERM

NOTE:  *As to a Supplemental Amendment filed in response to a final office action, the Notice of December 10, 1985 (1061 O.G. 34-35) states:*

*"If a timely response has been filed after a Final Office Action, an extension of time is required to permit filing and/or entry of a Notice of Appeal or filing and/or entry of an additional amendment after expiration of the shortened statutory period unless the timely-filed response placed the application in condition for allowance. Of course, if a Notice of Appeal has been filed within the shortened statutory period, the period has ceased to run."*

3.                          *(complete (a) or (b), as applicable)*

(a)  ☐   Applicant petitions for an extension of time under 37 C.F.R. 1.136 (fees: 37 C.F.R. § 1.17(a)(1)-(4)) for the total number of months checked below:

| Extension (months) | Fee for other than small entity | Fee for small entity |
|---|---|---|
| ☐  one month | $ 110.00 | $ 55.00 |
| ☐  two months | $ 420.00 | $ 210.00 |
| ☐  three months | $ 950.00 | $ 475.00 |
| ☐  four months | $ 1,480.00 | $ 740.00 |

Fee:  $_____

If additional extension of time is required, please consider this a petition therefor.

*(check and complete the next item, if applicable)*

☐   An extension for _____ months has already been secured and the fee paid therefor of $_____ is deducted from the total fee due for the total months of extension now requested.

Extension fee due with this request      $_____

OR

(b)  ☒   Applicant believes that no extension of term is required. However, this conditional petition is being made to provide for the possibility that applicant has inadvertently overlooked the need for a petition and fee for extension of time.

*(Amendment or Response After Final Rejection—Transmittal [9-20]—page 2 of 4)*

FinNIST00000920

## FEE FOR CLAIMS

4. The fee for claims (37 C.F.R. § 1.16(b)-(d)) has been calculated as shown below:

| (Col. 1) CLAIMS REMAINING AFTER AMENDMENT | | (Col. 2) HIGHEST NO. PREVIOUSLY PAID FOR | | (Col. 3) PRESENT EXTRA | SMALL ENTITY | | OR | OTHER THAN A SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | RATE | ADDIT. FEE | | RATE | ADDIT. FEE |
| TOTAL * | | MINUS ** | | = | ×$9= $ | | | ×$18= $ | |
| INDEP. * | | MINUS *** | | = | =$43= $ | | | =$86= $ | |
| ☐ FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | | +$145= $ | | | +$290= $ | |
| | | | | | TOTAL $ ADDIT. FEE $ | | OR | TOTAL $ | |

  *   If the entry in Col. 1 is less than entry in Col. 2, write "0" in Col. 3.

  **  If the "Highest No. Previously Paid for" IN THIS SPACE is less than 20, enter "20."

  *** If the "Highest No. Previously Paid For" IN THIS SPACE is less than 3, enter "3."
     The "Highest No. Previously Paid For" (Total or indep.) is the highest number found in the appropriate box in
     Col. 1 of a prior amendment or the number of claims originally filed.

**WARNING:** See 37 C.F.R. § 1.116.

*(complete (c) or (d), as applicable)*

(c) ☒ No additional fee is required.

OR

(d) ☐ Total additional fee required is $ _____.

## FEE PAYMENT

5. ☐ Attached is a ☐ check ☐ money order  in the amount of $ _____

    ☐ Authorization is hereby made to charge the amount of $ _____

        ☐ to Deposit Account No. _____

        ☐ to Credit card as shown on the attached credit card information authorization form PTO-2038.

**WARNING:** Credit card information should not be included on this form as it may become public.

    ☐ Charge any additional fees required by this paper or credit any overpayment in the manner authorized above.

A duplicate of this paper is attached.

(Amendment or Response After Final Rejection—Transmittal [9-20]—page 3 of 4)

FinNIST00000921

## FEE DEFICIENCY

NOTE:  Where there is a fee deficiency and there is no authorization to charge an account, additional fees are necessary to cover the additional time consumed in making up the original deficiency. If the maximum, six-month period has expired before the deficiency is noted and corrected, the application is held abandoned. In those instances where authorization to charge is included, processing delays are encountered in returning the papers to the PTO Finance Branch in order to apply these charges prior to action on the case. Authorization to charge the deposit account for any fee deficiency should be checked. See the Notice of April 7, 1986, (1065 O.G. 31-33).

6.  ☐  If any additional extension and/or fee is required, charge Account No. _____

### AND/OR

☐  If any additional fee for claims is required, charge Account No. _____.

**SIGNATURE OF PRACTITIONER**

Reg. No.:   32,720

William J. Barber
(type or print name of practitioner)
Ware, Fressola, Van Der Sluys & Adolphson LL

Tel. No.: (203  ) 261-1234

755 Main Street, Bldg. 5, P.O. Box 224
P.O. Address

Customer No.:  4955

Monroe, Connecticut 06468

(Amendment or Response After Final Rejection—Transmittal [9-20]—page 4 of 4)

FinNIST00000922

Serial No.: 10/327,695

## Remarks

Claims 1-51 are still pending in the patent application.

Only the patentability of claim 49 is being argued herein.

Claim 49 is rejected as being obvious based on a proposed combination of Aksyuk et al. (United States Patent No. 6,204,946) in view of Riza (United States Patent No. 6,222,954).

## The Traversal

The obviousness rejection is respectfully traversed because neither Aksyuk et al., Riza nor the proposed combination thereof teaches or suggests an optical blocking filter featuring an array of micro-mirrors that selectively deflects one or more optical bands or channels to a reflecting device, which re-reflects the one or more optical bands or channels back to the spatial light modulator for re-deflecting the one or more optical bands or channels in order to eliminate a selected band or channel or a specified selection of bands or channels from the optical signal provided along an optical return path, as claimed herein. Moreover, neither Aksyuk et al., Riza nor the proposed combination thereof either recognizes the "back scattering or edge scattering" problem in the art, or suggests a solution to this problem.

2

FinNIST00000923

DEC-22-2004  16:24          WARE FRESSOLA                                    P.08/13

Serial No.: 10/327,695

### The Problem in the Art

When dropping bands or channels from an optical signal using a micromirror device, some of the light from the dropped bands or channels may be scattered along the edge of the micromirrors and reflected back with the remaining bands or channels along an optical return path.  This problem in the art is known as "back scattering" or "edge scattering", which in turn limits the extinction of the blocked bands or channel that can be achieved. In view of this, there is a need in the art for a technique to more effectively block the light of the dropped bands or channels reflected off micromirror devices.

### The Claimed Invention

The present invention provides a solution to this so-called "back or edge scattering" problem by providing an optical blocking filter featuring a new and unique double bounce technique for blocking one or more optical bands or channels in an optical signal.  The optical blocking filter includes a spatial light modulator having a micro-mirror device with an array of micro-mirrors.  In operation, the array of micro-mirrors selectively deflects the one or more optical bands or channels to a reflecting device, which in turn re-reflects the one or more optical bands or channels back to the spatial light modulator for re-deflecting the one or more optical bands or channels <u>in order to eliminate a selected band or channel or a specified selection</u>

3

FinNIST00000924

Serial No.: 10/327,695

of bands or channels from the optical signal provided along an optical return path, as recited in claim 49.[2]

Figure 24 of the patent application shows such an optical blocking filter 600 having this new and unique double bounce technique, which is described in the patent application from page 31 to page 33, line 12.  In Figure 24, while the blocked or deleted bands or channels are directed along the optical path 610, some scattered light of the blocked optical bands or channels may propagate along the first optical path 92, and this edge scattering from the micromirrors limits the extinction of the blocked channel that can be achieved, as described on page 32, lines 18-23.  The claimed blocking filter 600 substantially eliminates or reduces this edge scattering effect, because as the scattered light reflects off the micromirrors for a second time, only a fraction of the scattered light is reflected off along the return path 94.  The whole thrust of the claimed invention is to "double bounce" the one or more optical bands or channels being provided along the optical return path to substantially eliminate and/or reduce the amount of back scatter from deleted bands or channels 610 otherwise deflected off the spatial light modulator.

---

[2]    This "double bounce" embodiment is also recited in original dependent claim 22, which was previously indicated to be allowable.

4

FinNIST00000925

Serial No.: 10/327,695

The Proposed Combination

In contrast to the claimed invention, Aksyuk et al. merely discloses a reconfigurable wavelength division multiplex add/drop device using micromirrors. In operation, the WDM switch 10 in Figure 1 reflects a signal input at port 16 back to port 16; or transmits the signal input at port 16 to port 26, and vice versa; or reflects a signal input at port 26 back to port 26. As recognized by the reasoning in the Office Action, none of the optical bands or channels in Aksyuk et al. is selectively deflected off a reflecting device back to the spatial light modulator 14 for re-reflecting the one or more optical bands or channels in order to eliminate a selected band or channel or a specified selection of bands or channels from the optical signal provided along an optical return path, as recited in claim 49. Clearly, Aksyuk et al.' WDM switch 10 does not have a reflecting device, as claimed herein, and does not deflect and re-reflect bands or channels to eliminate or drop the bands or channels from an optical signal, as claimed herein.

Moreover, Aksyuk et al. neither recognizes the "back or edge scattering" problem in the prior art, nor provides a hint or suggestion of a solution to the same. In view of this, it is respectfully submitted that there is no motivation for one of ordinary skill in the art to look beyond that disclosed in Aksyuk et al. to solve the "back or edge scattering" problem by trying to modify or change the overall teaching of Aksyuk et al. in the

5

FinNIST00000926

Serial No.: 10/327,695

manner set forth in the reasoning on pages 3-4 of the Office Action.

In spite of the aforementioned, the reasoning on page 3-4 of the Office Action points to Riza and that shown in Figure 3b to make up for this fundamental deficiency in the teaching of Aksyuk et al.. However, it is respectfully submitted that, similar to Aksyuk et al., none of the optical bands or channels in Riza are selectively deflected off a reflecting device back to the spatial light modulator for re-reflecting the one or more optical bands or channels in order to eliminate a selected band or channel or a specified selection of bands or channels from the optical signal provided along an optical return path, as recited in claim 49.

Instead, in Figure 3b Riza merely discloses a 2 x 2 switch module having a fixed mirror 35 arranged in relation to macropixels 15 of a small tilt micromirror device 19 (Figure 1). In operation, when the macropixel 15 is set to a first state, optical input light IN1 reflects off the micropixel 15 and back as optical output light OUT1, and optical input light IN2 reflects off the micropixel 15 to the fixed mirror 35, re-reflects off the fixed mirror 35 back to the micropixel 15, and is provided back as optical output light OUT2; while when the macropixel 15 is set to another state, optical input light IN1 reflects off the micropixel 15 and back as optical output light OUT2, and optical input light IN2 reflects off the micropixel 15 and back as optical input light OUT1, as described in Riza,

6

FinNIST00000927

DEC-22-2004  16:25       WARE FRESSOLA                                    P.12/13

Serial No.: 10/327,695

column 5, lines 42-56.[3]  In the first state, none of <u>Riza's</u> optical bands or channels in optical input light IN1 in Figure 3b are selectively deflected off the reflecting device 35 back to the spatial light modulator 19 for re-reflecting the one or more optical bands or channels <u>in order to eliminate a selected band or channel or a specified selection of bands or channels from the optical signal provided along an optical return path</u>, as recited in claim 49.  In <u>Riza</u>, all bands or channels in the optical input light IN2 are deflected and reflected back as optical light OUT2, none are eliminated.  In the second state, none of <u>Riza's</u> optical bands or channels in Figure 3b are reflected off the reflecting device 35.  Clearly, despite the fact that <u>Riza's</u> 2 x 2 switch module has the reflecting device 35, it does not deflect and re-reflect bands or channels to eliminate or drop the bands or channels from an optical signal, as claimed herein.

Further, it is respectfully submitted that, similar to <u>Aksyuk et al.</u>, <u>Riza</u> also not recognize the "back or edge scattering" problem in the prior art, or provide a solution thereto.  In effect, not only does <u>Riza</u> not recognize the "back or edge scattering" problem in the prior art, but <u>Riza</u> also does not provide a hint or suggestion of a solution to the same when bands or channels are dropped from an optical signal.  In view of

---

[3]     The whole thrust of the <u>Riza</u> design resides in the placement of the fixed mirror 35 which allows for large deflections even though small tilt mirror devices 19 (Figure 1) are used.

7

FinNIST00000928

Serial No.: 10/327,695

this, it is respectfully submitted that, even for arguments sake if one of ordinary skill in the art were motivated to look beyond that disclosed in Aksyuk et al. to solve the "back or edge scattering" problem by trying to modify or change the overall teaching of Aksyuk et al. in the manner set forth in the reasoning on pages 3-4 of the Office Action, one of ordinary skill in the art would simply not find the claimed solution to the problem in the cited Riza reference.

For all these reasons, it is respectfully submitted that the proposed combination of Aksyuk et al. in view of Riza does not teach or suggest the claimed optical blocking filter having this unique double bounce feature, as claimed herein.

## Conclusion

Reconsideration and allowance of the claims is respectfully requested.

Respectfully submitted,

William J. Barber
Attorney for the Applicants
Registration No. 32,720

/dap
December 22, 2004
WARE, FRESSOLA, VAN DER SLUYS
 & ADOLPHSON LLP
Customer No. 004955
Bradford Green, Building Five
755 Main Street, P.O. Box 224
Monroe, Connecticut 06468
Phone: (203) 261-1234

8

FinNIST00000929