# EXHIBIT C



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/327,695 | 12/19/2002 | John A. Moon | 712-002.162 /CC0560 | 4482 |

4955      7590      01/19/2005

WARE FRESSOLA VAN DER SLUYS &
ADOLPHSON, LLP
BRADFORD GREEN BUILDING 5
755 MAIN STREET, P O BOX 224
MONROE, CT  06468

| EXAMINER |
|---|
| MARTINEZ, JOSEPH P |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2873 | |

DATE MAILED: 01/19/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

FinNIST00000930

| *Advisory Action* | Application No. | Applicant(s) |
| | 10/327,695 | MOON ET AL. |
| | Examiner | Art Unit | |
| | Joseph P. Martinez | 2873 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

THE REPLY FILED 22 December 2004 FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE. Therefore, further action by the applicant is required to avoid abandonment of this application. A proper reply to a final rejection under 37 CFR 1.113 may <u>only</u> be either: (1) a timely filed amendment which places the application in condition for allowance; (2) a timely filed Notice of Appeal (with appeal fee); or (3) a timely filed Request for Continued Examination (RCE) in compliance with 37 CFR 1.114.

<u>PERIOD FOR REPLY</u> [check either a) or b)]

a) ☒ The period for reply expires _3_ months from the mailing date of the final rejection.

b) ☐ The period for reply expires on: (1) the mailing date of this Advisory Action, or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection. ONLY CHECK THIS BOX WHEN THE FIRST REPLY WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. See MPEP 706.07(f).

Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in (b) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

1. ☐ A Notice of Appeal was filed on _____. Appellant's Brief must be filed within the period set forth in 37 CFR 1.192(a), or any extension thereof (37 CFR 1.191(d)), to avoid dismissal of the appeal.

2. ☒ The proposed amendment(s) will not be entered because:

    (a) ☐ they raise new issues that would require further consideration and/or search (see NOTE below);

    (b) ☐ they raise the issue of new matter (see Note below);

    (c) ☒ they are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal; and/or

    (d) ☐ they present additional claims without canceling a corresponding number of finally rejected claims.

    NOTE: *See Continuation Sheet*.

3. ☐ Applicant's reply has overcome the following rejection(s): _____.

4. ☐ Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).

5. ☐ The a) ☐ affidavit, b) ☐ exhibit, or c) ☐ request for reconsideration has been considered but does NOT place the application in condition for allowance because: _____.

6. ☐ The affidavit or exhibit will NOT be considered because it is not directed SOLELY to issues which were newly raised by the Examiner in the final rejection.

7. ☒ For purposes of Appeal, the proposed amendment(s) a) ☒ will not be entered or b) ☐ will be entered and an explanation of how the new or amended claims would be rejected is provided below or appended.

    The status of the claim(s) is (or will be) as follows:

    Claim(s) allowed: _____.

    Claim(s) objected to: _____.

    Claim(s) rejected: _1-51_.

    Claim(s) withdrawn from consideration: _____.

8. ☐ The drawing correction filed on _____ is a) ☐ approved or b) ☐ disapproved by the Examiner.

9. ☐ Note the attached Information Disclosure Statement(s)( PTO-1449) Paper No(s). _____.

10. ☐ Other: _____

FinNIST00000931

Continuation of 2. NOTE:  Re applicant's arguments on p. 2-8, wherein the applicant argues that there is no motivation to combine Aksyuk et al. (6204946) with Riza (6222954), have been considered, but are not persuasive.

The examiner recognizes that obviousness can only be established by combining or modifying the teachings of the prior art to produce th claimed invention where there is some teaching, suggestion, or motivation to do so found either in the references themselves or in the knowledge generally available to one of ordinary skill in the art.  See In re Fine, 837 F.2d 1071, 5 USPQ2d 1596 (Fed. Cir. 1988)and In re Jones, 958 F.2d 347, 21 USPQ2d 1941 (Fed. Cir. 1992).

In this case, the apparatus of Aksyuk et al. is for use in an optical network, namely a WDM add/drop device incorporating a micromirror array.  Furthermore, Aksyuk et al. disclose the micromirror array will either reflect select wavelengths to a first port or transmit select wavelengths to a second port.  In a preferred embodiment, ports on a first multiport circulator input the multiple-wavelength optical signal to the WDM add/drop device and output the multiple-wavelength optical signal from the WDM add/drop device.  A second multiport circulator provides to-be-added wavelengths to the WDM add/drop device and removes to-be-dropped wavelengths from the WDM add/drop device (wherein the office interprets "to-be-dropped wavelengths" to teach eliminating a selected band or channel, as is well known in the art.

Furthermore, the apparatus of Riza details a retro-reflective design N-wavelength switch, including an active add/drop WDM filter in fig. 3b and is therefore within the same field of endeavor.  Still furthermore, Riza teaches for example in fig. 3b, deflecting the one or more optica bands or channels (from 15 to 35) to a reflecting device (35), which re-reflects (from 35 back to 15) the one or more optical bands or channels (dashed line of λ1) back to the spatial light modulator (15) for re-deflecting the one or more optical bands or channels (from 15 t any one of 25 or 25a, col. 5, ln. 42-56), in order to eliminate a selected band or channel or a specified selection of bands or channels from the optical signal provided along an optical return path (wherein the office interprets dropping the signal to be equivalent to eliminating the signal).

Therefore, it would have been obvious to one of ordinary skill in the art at the time the invention was made to modify the teachings of Aksyuk et al. with the macro pixel of Riza in order to provide high optical alignment tolerance, fault tolerance to mechanical/electrical failures, inherent robust digital controls and fast response speed of each individual micromirror, as taught by '954 (col. 4, ln. 27-31).

Furthermore, in response to applicant's argument that the references fail to recognize the "back or edge scattering" problems, and elimination therefore, of applicant's invention, it is noted that the features upon which applicant relies are not recited in the rejected claim(s).  Although the claims are interpreted in light of the specification, limitations from the specification are not read into the claims.  See In re Van Geuns, 988 F.2d 1181, 26 USPQ2d 1057 (Fed. Cir. 1993).

Hung Xuan Dang
Primary Examiner

2

FinNIST00000932