UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINISAR CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>NISTICA, INC.,<br><br>    Defendant. | Case No. 13-cv-03345-BLF (JSC)<br><br>**ORDER RE: EMAIL DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 133 |

This patent infringement case has been referred to the undersigned magistrate judge for the purposes of discovery. (Dkt. No. 58.) Now pending before the Court is the parties' Joint Statement about a discovery dispute chiefly concerning the production of emails. (Dkt. No. 133.) Both parties request orders to compel the other side to search for and produce responsive emails, but each party proposes different procedures to govern that production. (Dkt. No. 133.) Having considered the parties' filings, the Court DENIES Plaintiff's requests and GRANTS Defendant's requests as set forth below.

**DISCUSSION**

Plaintiff Finisar Corporation ("Finisar") initiated this lawsuit against its competitor, Defendant Nistica, Inc. ("Nistica"), alleging that various Nistica products infringe six of Finisar's patents. The parties have been engaged in discovery since November of 2013. (*See* Dkt. No. 47.) In their first joint case management statement ("JCMS"), the parties stated that they "generally agree[ ] to follow the general framework of the Advisory Council for the United States Court of Appeals for the Federal Circuit's Model E-Discovery Order for Patent Infringement Cases," but noted that they had not yet agreed upon all terms of the particular order that should govern this matter. (Dkt. No. 42.) Notably, for the purposes of the instant dispute, the Federal Circuit's

Model Order provides for two phases of discovery for electronically stored information ("ESI"): first, production of all responsive non-email ESI; and second, a more streamlined email discovery process, which limits the number of custodians whose emails each party can request and requires the parties to reach an agreement on the number of search terms that can be used to yield responsive emails.[1]  This District has since created its own Model Order, which similarly provides for two-tiered ESI discovery.[2]  Both model orders contain the same clear provision regarding the exclusion of email from general ESI:  "General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively 'email').  To obtain email parties must propound specific email production requests." Models Orders ¶ 6.

Following the November 2013 case management conference, the parties exchanged thousands of documents and substantially completed document discovery by May of 2014.  By that time, the only emails that Nistica produced were done so inadvertently, given Nistica's position that production of email discovery would not begin until after the parties identified custodians and search terms, per the terms of the Model Order.  (*Id.* at 9.)  Finisar, on the other hand, reports that it had searched for and produced all non-privileged emails responsive to Nistica's document requests.  (*Id.* at 2.)  Finisar has not shared the search terms that it used to locate these responsive emails, and Nistica has expressed concerns about Finisar's production in terms of both search terms used and relevant custodians.  (Dkt. No. 133 at 7.)

According to Finisar, however, it has no obligation to share the search terms, since the parties had abandoned the two-tiered approach of the Model Orders in favor of production of all ESI all at once—an agreement Finisar contends is reflected in the parties' JCMS submitted prior to their May 2013 case management conference.  (Dkt. No. 95.)  In the statement about electronic discovery in that May 2013 JCMS, the parties removed the reference to the Model Order and

---

[1] *See* Federal Circuit Model Order, *available at* http://www.cafc.uscourts.gov/images/stories/announcements/Ediscovery_Model_Order.pdf.

[2] *See* Northern District of California Model Order, *available at Available at* http://www.cand.uscourts.gov/eDiscoveryGuidelines.

1  stated only that "the parties have generally agreed to produce ESI in response to document
2  requests." (*Id.* at 7.) Nistica maintains that despite this change in language, the parties still
3  contemplated the two-tiered discovery plan mentioned in the parties' initial JCMS—regular ESI
4  first, emails second. (Dkt. No. 133 at 9 ("Nistica has understood throughout this case . . . that with
5  respect to email discovery the procedure of the Federal Circuit's Model Order Regarding E-
6  Discovery in Patent Cases governs in this case.").)

7  Meanwhile, the parties proceeded through further discovery. Finisar states that it did not
8  realize that Nistica had failed to produce emails until October of 2014 when it began to prepare for
9  the deposition of Nistica's Chief Technology Officer, Thomas Strasser, and saw that Nistica had
10 only produced emails from before 2010. (Dkt. No. 133 at 3.) Nistica takes the position that this is
11 the first time it learned that Finisar no longer intended to follow the Model Order's approach to
12 email discovery. (*Id.* at 3.) In any event, several weeks of attempts to resolve the email issue with
13 respect to Strasser followed: Finisar gave Nistica a list of suggested search terms; Nistica rejected
14 them as overbroad and unduly burdensome; and the parties never reached an agreement as to an
15 appropriate set of terms. (*See id.* at 3-4.) Nevertheless, without a full set of emails pertaining to
16 Strasser—who served as both 30(b)(1) and 30(b)(6) witness on a variety of topics for Nistica—
17 Finisar went ahead and deposed Strasser for two full days. (*Id.* at 9.) From Finisar's perspective,
18 it did so under the pressure of a looming December deadline to amend its infringement contentions
19 and narrow the asserted claims in this case. (*Id.* at 5.)

20 Finisar now seeks an order compelling Nistica to produce all emails responsive to its
21 discovery requests by December 23, 2014, as well as leave to depose Strasser for another seven
22 hours after reviewing the responsive emails that Nistica provides. (*Id.*) Nistica, for its part, seeks
23 an order directing all discovery of email to be governed by this District's Model Order and
24 compelling Finisar to produce emails in compliance with that order. (*Id.* at 8.)

25 As other courts have noted, this District's Model Order is "not required, but instructive."
26 *Banas v. Volcano Corp.*, No. 12-cv-01535-who, 2013 WL 513246, at *2 (N.D. Cal. Oct. 4, 2013).
27 Under the circumstances presented, however, the Court concludes that the two-tiered approach to
28 email discovery set forth in the instructive Model Order is appropriate and should govern. *See*

3

*Asea, Inc. v. So. Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981) ("[O]versight of discovery[ ] is left to the sound discretion of the [court]."). Such an approach best reflects what the parties intended since the beginning of discovery: a two-tiered approach to ESI involving only targeted email production. Although the parties may not have initially agreed on all of the terms of the Model Agreement—in particular, whether the number of custodians and search terms allowed should differ from the five each set forth in the Model Orders—they certainly intended to impose some limits, and stated as much to the Court. (See Dkt. No. 42 at 6.)

What is more, other courts in this District have found the procedures set forth in the Model Order, particularly as they pertain to email discovery, to be reasonable. *See, e.g.*, *Vasudevan Software, Inc. v. Microstrategy Inc.*, No. 11-cv-06637-RS-PSG, 2012 WL 5637611, at *1 (N.D. Cal. Nov. 15, 2012) (adopting the terms of the Model Order with modifications to allow a higher number of custodians and search terms); *DCG Systs., Inc. v. Checkpoint Techs., LLC*, No. C-11-03792-PSG, 2011 WL 5244356, at *1 (N.D. Cal. Nov. 2, 2011) (adopting the terms of the Model Order over the plaintiff's objection based on the "reasonable restrictions on the timing and scope of email discovery" it imposes). Importantly, following this approach at this stage of litigation will help streamline email discovery, which Finisar contends is already long overdue. Directing both parties to search by custodian and by agreed upon terms may also put to rest Nistica's concern that Finisar's production of emails to date has been insufficient.

## CONCLUSION

For the foregoing reasons, the Court ORDERS that this District's Model Stipulation & Order Re: Discovery of Electronically Stored Information for Patent shall govern discovery of email in this case. The parties shall meet and confer regarding any modifications to the Model Stipulation & Order and on the search terms and custodians to be utilized. The Court expects that if a party insists that a search term results in too many hits, the party will have run the search and will be able to provide the opposing party with the number of hits and specific examples of irrelevant documents captured by the search. Blanket statements that certain search terms are unduly burdensome do not constitute meeting and conferring in good faith. The Court will hold a status conference regarding the parties' agreement as to the production of emails on January 8,

2015 at 8:30 a.m.

Accordingly, Finisar's request for an order compelling Nistica to produce all emails responsive to Finisar's requests for production by December 23, 2014, is DENIED.  Further, Finisar's request for leave to depose Strasser for an additional seven hours is DENIED without prejudice to renewing the request after Finisar has had a chance to review Nistica's responsive emails.  The Court expects Nistica to agree to a further deposition if it produces relevant emails.

This Order disposes of Docket 133.

**IT IS SO ORDERED**.

Dated:  December 12, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge