CHRISTOPHER J. COX (State Bar No. 151650)
chris.cox@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3029
Facsimile: (650) 802-3100

*Attorneys for Plaintiff*
*FINISAR CORPORATION*

ROBERT F. KRAMER (State Bar No. 181706)
robert.kramer@dentons.com
**DENTONS US LLP**
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304-1125
Telephone: (650) 798-0300
Facsimile: (650) 798-0310

*Attorneys for Defendant*
*NISTICA, INC.*

*[ADDITIONAL ATTORNEYS FOR PARTIES ARE*
*LISTED ON SIGNATURE PAGES]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation, | Case No. 5:13-cv-03345-BLF |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| NISTICA, INC., a Delaware corporation, | |
| Defendant. | |

WHEREAS, Plaintiff Finisar Corporation ("Finisar") and Defendant Nistica, Inc.

("Nistica"), hereafter referred to as "the Parties," believe that certain information that is or will be

1   encompassed by discovery demands by the Parties involves the production or disclosure of trade

2   secrets, confidential business information, or other proprietary information;

3   WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with

4   Federal Rule of Civil Procedure 26(c):

5   THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

6   1.     <u>DEFINITIONS</u>

7   As used in this Order, the following definitions shall apply:

8   (a)     The designation "Confidential – Attorneys' Eyes Only" shall refer to Discovery Materials

9   that include confidential or proprietary information or trade secrets of a Party or a Third Party to

10   whom the Party reasonably believes it owes an obligation of confidentiality with respect to such

11   document, information or material, including, but not limited to, manufacturing processes,

12   customer lists, costs and pricing of products and/or services, technical information,

13   business/marketing strategies and plans, financial records, proprietary technical information and

14   specifications, manufacturing techniques, research and development information, sales

15   information, cost information, pricing information, and other competitively sensitive information.

16   Discovery Materials so designated are referred to as "Confidential – Attorneys' Eyes Only

17   Information."

18   (b)     The term "Designating Party" refers to any party (including Third Parties) who has

19   produced Discovery Material designated "Confidential – Attorneys' Eyes Only" pursuant to this

20   Order.

21   (c)     The term "Receiving Party" means the Party who receives Discovery Material from a

22   Designating Party pursuant to this Order.

23   (d)     The term "Discovery Material" includes all items or information, regardless of the

24   medium or manner in which it is generated, stored, or maintained (including, among other things,

25   testimony, transcripts, and tangible things), that are produced or generated in disclosures or

26   responses to discovery in this matter, including but not limited to answers to interrogatories,

27   responses to requests for admission, motions, briefs, memoranda, affidavits and exhibits thereto,

28   deposition or trial transcripts and exhibits and any type of document produced during the course

of discovery including corporate, intra-corporate, interoffice and intra-office memoranda, correspondence, reports, technical drawings, blueprints, recorded conversations, any and all other electronic, taped, recorded, filmed, written or typed information of any kind or description and anything else that would fall within the definition of documents or tangible things in Rule 34 of the Federal Rules of Civil Procedure, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and all copies of the foregoing.

(e)     The term "Expert" shall mean a person that is not an employee of any Party to this Action with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action. The term "Expert" as it is used herein is to be construed within the meaning of Federal Rule of Civil Procedure 26(b)(4).  Communications between Outside Counsel of Record and/or a Party with an Expert and draft expert reports shall be protected from disclosure pursuant to Federal Rule of Civil Procedure 26(b).

(f)     The term "Outside Counsel of Record" shall mean attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party, and attorneys and office personnel employed by the same firm as those attorneys who have appeared in this Action and are engaged in the preparation for, or aiding in, the trial of this Action.

(g)     The term "Professional Vendors" means persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, interpreting, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

(h)     The term "Third Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

(i)     The term "Action" shall refer to the above-captioned litigation in the United States District Court for the Northern District of California and any appeals therefrom.

(j)     The term "Source Code" means confidential and proprietary computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any application-specific integrated circuit (ASIC) or other chip.  For the avoidance of doubt, schematics and similar document reflecting the design of integrated circuits or other chips are not Source Code.

2.     <u>DURATION</u>

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

3.     <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Confidential – Attorneys' Eyes Only Information, but also (1) any information copied or extracted from Confidential – Attorneys' Eyes Only Information; (2) all copies, excerpts, summaries, or compilations of Confidential – Attorneys' Eyes Only Information; and (3) any testimony, conversations, or presentations by Parties or their Outside Counsel of Record that might reveal Confidential – Attorneys' Eyes Only Information.

4.     <u>DESIGNATING PROTECTED MATERIAL</u>

A designation of "Confidential-Attorneys' Eyes Only" may be made at any time.  Inadvertent or unintentional production of documents, information or material that has not been designated as Confidential-Attorneys' Eyes Only shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that inadvertently or unintentionally produces "Confidential-Attorneys' Eyes Only" Material without so designating it may request destruction of that non-designated material by notifying the recipient(s), as soon as reasonably possible after the

1   producing Party becomes aware of the inadvertent or unintentional disclosure, and providing

2   replacement material that is properly designated. The recipient(s) shall then destroy all copies of

3   the inadvertently or unintentionally produced materials and any documents, information or

4   material derived from or based thereon.

5   (a)     Designation in conformity with this Order requires:

6          (1)     for information in documentary form (*e.g.*, paper or electronic documents,

7   but excluding transcripts of depositions or other pretrial or trial proceedings), that the Designating

8   Party affix the legend "Confidential – Attorneys' Eyes Only" to each page that contains protected

9   material.

10         A Party or Third Party that makes original documents or materials

11  available for inspection need not designate them for protection until after the inspecting Party has

12  indicated which material it would like copied and produced.  During the inspection and before the

13  designation, all of the material made available for inspection shall be deemed Confidential –

14  Attorneys' Eyes Only Information.  After the inspecting Party has identified the documents it

15  wants copied and produced, the Designating Party must determine which documents, or portions

16  thereof, qualify for protection under this Order.  Then, before producing the specified documents,

17  the Designating Party must affix the appropriate legend to each page that contains Confidential –

18  Attorneys' Eyes Only Information.

19         (2)     for testimony given in deposition or in other pretrial or trial proceedings,

20  that the Designating Party identify on the record at the deposition, hearing or other proceeding or

21  within 21 days of receipt of the transcript and/or videotape/DVD/CD of the deposition, hearing,

22  or other proceeding, all protected testimony.  Accordingly, in order to allow the parties to make

23  their designations, the transcript and/or videotape/DVD/CD from all depositions, hearings, or

24  other proceedings shall be treated as Confidential – Attorneys' Eyes Only Information for 21 days

25  from the receipt of the transcript, videotape, DVD and/or CD of such deposition, hearing, or other

26  proceeding.  When it is impractical to identify separately each portion of testimony that is entitled

27  to protection and it appears that substantial portions of the testimony may qualify for protection,

28

1   the Designating Party may designate the entire transcript as "Confidential – Attorneys' Eyes

2   Only."

3          The use of a document as an exhibit at a deposition shall not in any way affect its

4   designation as Confidential – Attorneys' Eyes Only Information.

5          Transcripts containing Confidential – Attorneys' Eyes Only Information shall have

6   an obvious legend on the title page that the transcript contains Confidential – Attorneys' Eyes

7   Only Information, and the title page shall be followed by a list of all pages (including line

8   numbers as appropriate) that have been designated as Confidential – Attorneys' Eyes Only

9   Information.  The Designating Party shall inform the court reporter of these requirements.

10         (3)    for information produced in some form other than documentary and for any

11  other tangible items, that the Designating Party affix in a prominent place on the exterior of the

12  container or containers in which the information or item is stored the legend "Confidential –

13  Attorneys' Eyes Only."  If only a portion or portions of the information or item warrant

14  protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

15  (b)    All Discovery Materials produced in this case designated "Confidential – Attorneys' Eyes

16  Only," shall be used solely for purposes of this Action and for no other purpose unless otherwise

17  agreed to in writing by the Designating Party.  The parties acknowledge that other actions are or

18  may in the future be brought by one against another, and agree that none of the Discovery

19  Materials designated "Confidential – Attorneys' Eyes Only" may be used in other actions.

20  5.    SOURCE CODE

21  (a)    To the extent production of Source Code becomes necessary to the prosecution or defense

22  of the case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL –

23  OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes

24  confidential, proprietary, and/or trade secret Source Code.

25  (b)    Nothing in this Order shall be construed as a representation or admission that Source Code

26  is properly discoverable in this action, or to obligate any Party to produce any Source Code.

27  (c)    Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY

28  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be

subject to the provisions set forth in Paragraphs 6 and 8 below, and may be disclosed, subject to Paragraphs 6 and 8 below, solely to:

(i) The Receiving Party's Outside Counsel shall have access to Discovery Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE";

(ii) Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii) Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party with respect to the subject matter of the patents-in-suit, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party with respect to the subject matter of the patents-in-suit; (c) such expert or consultant is not involved in competitive decision-making on behalf of a Party or a competitor of a Party with respect to the subject matter of the patents-in-suit; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraphs 6 and 8 below;

(iv) Court reporters, stenographers and videographers retained to record testimony taken in this action provided that such court reporters, stenographers and videographers have agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(v) The Court, jury, and court personnel;

(vi) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

1    (vii) Any other person with the prior written consent of the Producing Party or by order of

2    this Court.

3    6.      DISCLOSURE AND REVIEW OF SOURCE CODE

4    (a)     The following provisions apply to the production of Source Code that is designated

5    "[PRODUCING PARTY'S] HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES

6    ONLY — SOURCE CODE," unless otherwise agreed by the Producing Party:

7    (b)     All Source Code shall be made available by the Producing Party to the Receiving Party in

8    a secure room, on a secure, stand-alone computer without Internet access or network access to

9    other computers, as necessary and appropriate to prevent and protect against any unauthorized

10   copying, transmission, removal, or other transfer of any Source Code outside or away from the

11   computer on which the Source Code is provided for inspection (hereinafter "Confidential Source

12   Code Computer").  The Confidential Source Code Computer provided by the Producing Party

13   shall run a reasonably current version of a mutually agreed upon operating system such as Apple

14   OS X, Microsoft Windows, Linux, or SunOS.  If it should be necessary, the Confidential Source

15   Code Computer may be configured by the Producing Party to run other mutually agreed upon

16   operating systems.  Except as otherwise authorized by the Producing Party, no more than a total

17   of 10 individuals identified by the Receiving Party shall have access to the secure room in which

18   the Producing Party produces its Source Code.

19   (c)     The Producing Party shall install tools that are sufficient for viewing and searching the

20   code produced, on the platform produced, if such tools exist and are presently used in the

21   ordinary course of the Producing Party's business.  The Receiving Party's outside counsel and/or

22   experts may request that commercially available software tools for viewing and searching source

23   code be installed on the Confidential Source Code Computer, and the Producing Party may not

24   unreasonably refuse such requests. The Receiving Party shall not at any time use any compilers,

25   interpreters or simulators in connection with the Producing Party's Source Code.

26   (d)     The Producing Party shall make the Source Code available electronically and in text

27   searchable form in a secure room at the offices of the Producing Party's outside counsel in New

28

York, NY or Palo Alto, CA, whichever is most convenient for the Receiving Party, or any other location mutually agreed by the parties.

(e)     Unless otherwise agreed to by the parties, the Confidential Source Code Computer shall be made available from 9:00 a.m. to 6:00 p.m. local time, Monday through Friday (excluding holidays) until the close of expert discovery in this action.

(f)     Prior to the first inspection of any requested piece of Source Code, the requesting party shall provide seven (7) days notice of the Source Code that it wishes to inspect.  The requesting party shall provide at least 24 hours notice prior to any additional inspections of the same Source Code.  The Receiving Party shall identify any individual who will be given access to the Source Code at least seven (7) days prior to the first time any such individual is given access to the Source Code, and, during that 7 day period, the Producing Party may object to providing access to any persons so identified.  The Receiving Party shall provide at least 24 hours notice any time each such individual is given access to the Source Code after the first time.

(g)     Proper identification of all authorized persons shall be provided prior to any access to the secure room or to the Confidential Source Code Computer.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship.  Access to the secure room or the Confidential Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

(h)     No person, including any attorney representing the Receiving Party or any consultant or expert, shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code except as expressly permitted by the terms of this Protective Order.  The Confidential Source Code Computer shall be equipped with a printer (with commercially reasonable printing speeds) provided by the Producing Party to print copies of the Source Code upon request by the Receiving Party on watermarked pre-Bates numbered paper, which shall be provided by the Producing Party.  The Receiving Party may request that the Producing Party print limited portions of the Source Code only when reasonably necessary to

1   facilitate the Receiving Party's preparation of its case, including preparation of court filings,

2   expert reports, deposition exhibits, and trial exhibits, and shall request printing of only such

3   portions as are relevant to the claims and defenses in the case and are reasonably necessary for

4   such purpose.  The Receiving Party shall not request printing of Source Code in order to review

5   blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that

6   Source Code electronically on the Confidential Source Code Computer, as the purpose of the

7   protections herein would be frustrated by printing portions of code for review and analysis

8   elsewhere.  If the Producing Party objects that the printed portions are excessive and/or not done

9   for a permitted purpose, the Producing Party shall make such objection known to the Receiving

10  Party within three (3) days.  Printed portions which exceed 50 continuous pages or 10% or more

11  of a specific software version shall be presumed excessive and not done for a permitted purpose.

12  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the

13  objection, the Receiving Party shall be entitled to seek the Court's resolution of whether the

14  printed Source Code in question is narrowly tailored and was requested for a permitted purpose.

15  The burden shall be on the Receiving Party to demonstrate that such printed portions are no more

16  than is reasonably necessary for a permitted purpose and not merely requested for the purposes of

17  review and analysis elsewhere.  Except as otherwise authorized by the Producing Party, only the

18  individuals identified by the Receiving Party under Paragraph (c) of Section 5 shall have access to

19  the printed portions of Source Code.

20  (i)      The printed Source Code shall be labeled with "[PRODUCING PARTY'S NAME]

21  HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY — SOURCE CODE."

22  Outside counsel for the Producing Party will keep the originals of these printed documents, and

23  copies shall be made for outside counsel for the Receiving Party on watermarked or colored paper

24  within 3 business days or, in limited circumstances where the volume of source code for

25  production requires extra time, may take up to 5 business days.  It is the responsibility of the

26  Producing Party to ensure delivery of the printed documents to outside counsel for the Receiving

27  Party within 3 business days or, in limited circumstances where the volume of source code for

28  production requires extra time, may take up to 5 business days.  The Receiving Party's outside

1    counsel may make no more than ten (10) additional paper copies of any portions of the Source

2    Code received from a Producing Party, not including copies attached to court filings or used at

3    depositions.  Source Code may not be copied, digitally imaged or otherwise duplicated, except as

4    outlined in this provision or in limited excerpts necessary to attach as exhibits to court filings or

5    expert reports as discussed below.

6    (j)      In addition to other reasonable steps to maintain the security and confidentiality of the

7    Producing Party's Source Code, printed copies of the Source Code maintained by the Receiving

8    Party must be kept in a locked storage container when not in use.  No electronic copies of the

9    Source Code shall be provided by the Producing Party beyond the Confidential Source Code

10   Computer.

11   (k)      Except as provided herein, absent express written permission from the Producing Party,

12   the Receiving Party may not create electronic images, or any other images, or make electronic

13   copies, of the Source Code from any paper copy of Source Code for use in any manner

14   (including, by way of example only, the Receiving Party may not scan the Source Code to a PDF

15   or photograph the code).  Images or copies of Source Code shall not be included in

16   correspondence between the parties (references to production numbers shall be used instead), and

17   shall be omitted from pleadings and other papers whenever possible.  If a party reasonably

18   believes that it needs to submit a portion of Source Code as part of a filing with the Court, the

19   parties shall meet and confer as to how to make such a filing while protecting the confidentiality

20   of the Source Code and such filing will not be made absent agreement from the supplier that the

21   confidentiality protections will be adequate.

22   (l)      For depositions, the Receiving Party shall not bring copies of any printed Source Code.

23   Rather, at least three (3) days before the date of the deposition, the Receiving Party shall notify

24   the Producing Party about the specific portions of Source Code it wishes to use at the deposition,

25   and the Producing Party shall bring printed copies of those portions to the deposition for use by

26   the Receiving Party.  Additionally, upon at least three (3) days notice before the date of the

27   deposition, the Receiving Party shall notify the Producing Party if it wishes the Confidential

28   Source Code Computer to be made available for use during the deposition by the Receiving Party.

1   Copies of Source Code that are marked as deposition exhibits shall not be provided to the court

2   reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit

3   by its production numbers.  All paper copies of Source Code brought to the deposition shall be

4   returned to the Producing Party and securely destroyed in a timely manner following the

5   deposition.

6   (m)     Other than the Confidential Source Code Computer and printer provided by the Producing

7   Party, certain electronic devices, including floppy drives, thumb drives, zip drives, cameras, or

8   other hardware, shall not be permitted in the secure room.  However, individuals authorized to

9   inspect the source code may bring cellular phones, personal digital assistants, Blackberries, or

10   laptop computers into the secure room, with the understanding that none of these permitted

11   devices may be used to copy the Source Code.  The Receiving Party shall be entitled to take notes

12   relating to the Source Code but may not copy the Source Code into the notes or take any pictures

13   of the source code.  No copies of all or any portion of the Source Code may leave the room in

14   which the Source Code is inspected except as otherwise provided herein.  Further, no other

15   written or electronic record of the Source Code is permitted except as otherwise provided herein.

16   The Producing Party may visually monitor the activities of the Receiving Party's representatives

17   during any Source Code review, but only to ensure that no unauthorized records of the Source

18   Code and no information concerning the Source Code are being created or transmitted in any

19   way.

20   (n)     The Receiving Party will not copy, remove, or otherwise transfer any Source Code from

21   the Confidential Source Code Computer including, without limitation, copying, removing, or

22   transferring the Source Code onto any recordable media or recordable device, including without

23   limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs,

24   DVDs, or drives of any kind.  The Receiving Party will not transmit any Source Code in any way

25   from the Producing Party's facilities or the offices of the Producing Party's outside counsel.

26   (o)     Unless otherwise agreed in advance by the parties in writing, following each day on which

27   inspection of Source Code is done under this Order, the Receiving Party's outside counsel and/or

28   experts shall remove all notes, documents, and all other materials from the secure room.  The

Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

(p)     The Receiving Party shall maintain a Confidential Source Code Access Log identifying each hard copy of Source Code that it has in its possession and, for each and every time the hard copy of the Source Code is viewed, the following additional information: (i) the name of each person who viewed the Source Code; and (ii) whether any portion of the Source Code was copied and, if so, what portion was copied.  The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party.  Within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in the above-captioned action, the Receiving Party must serve upon the Producing Party the Confidential Source Code Access Log. Additionally, within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in the action, all persons to whom the paper copies of the Source Code were provided must certify in writing that all copies of the Source Code were returned to Counsel of Record for the Producing Party or securely destroyed and that they will make no use of the Source Code or of any knowledge gained from the Source Code in any future endeavor.

(q)     Nothing herein shall be deemed a waiver of a party's right to object to the production of Source Code.  Absent a subsequent and specific court or agency order, nothing herein shall obligate a party to breach any non-party license agreement relating to such Source Code.

(r)     The parties further acknowledge that some or all of the Source Code may be owned by non-parties and not in a party's possession, custody, or control.  Nothing herein shall be deemed a waiver of any non-party's right to object to the production of Source Code or object to the manner of any such production.

(s)     Any consultant or expert retained on behalf of a Receiving Party who is to be given access to a Producing Party's Source Code — whether in electronic form or otherwise — must agree in writing not to use the accessed code to write source code directly intended for commercial purposes relating to optical networking technology at issue in this action for a period of six (6) months after the issuance of a final, non-appealable decision resolving all issues in the action.

1   This shall not preclude such consultants and experts from any academic work or consulting in
2   future litigation, so long as such consulting does not involve writing source code directly intended
3   for commercial purposes relating to the technology at issue in this action.

4   7.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

5   In the event that any Party to this litigation disagrees at any stage of these proceedings with a
6   designation of any Discovery Material as "Confidential – Attorneys' Eyes Only" the following
7   procedures shall apply:

8   (a)     Timing of Challenges. Any Party or Third Party may challenge a designation of
9   confidentiality at any time.  A Party does not waive its right to challenge a confidentiality
10  designation by electing not to mount a challenge promptly after the original designation is
11  disclosed.

12  (b)     The parties shall first attempt to dispose of such dispute in good faith on an informal basis.
13  The Challenging Party (a Party or Third Party that challenges the designation of information or
14  items under this Order) shall initiate the dispute resolution process by providing written notice of
15  each designation it is challenging and describing the basis for each challenge.  A Party receiving
16  such a written challenge of confidentiality designation shall respond in writing to the notice,
17  preferably within seven (7) days of the date of service of notice.  However, notwithstanding the
18  foregoing, the preference for seven days need not be met if the volume of designations being
19  challenged is large enough to prevent the Producing Party from being able to reasonably respond
20  in writing within seven (7) days, in which event, the Producing Party will respond as soon
21  thereafter as practicable.  The parties shall meet and confer promptly after the Producing Party
22  responds in writing.  In conferring, the Challenging Party must explain the basis for its belief that
23  the confidentiality designation was not proper and must give the Designating Party an opportunity
24  to review the designated material, to reconsider the circumstances, and, if no change in
25  designation is offered, to explain the basis for the chosen designation.

26  (c)     If the dispute cannot be resolved, the Party challenging the designation may request
27  appropriate relief from the Court.  The Designating Party shall have the burden of proving that
28  such Discovery Material was properly designated "Confidential – Attorneys' Eyes Only."  If such

a motion is made, the parties shall treat the Discovery Material as Confidential – Attorneys' Eyes Only Information until the motion is decided by the Court.

8.    <u>ACCESS TO, AND USE OF, PROTECTED MATERIAL</u>

Access to Discovery Material designated "Confidential – Attorneys' Eyes Only," including any summaries, abstracts or indices thereof, shall be only as follows unless otherwise agreed to in writing by the Designating Party:

(a)    Access, on behalf of any Receiving Party, to any Discovery Material designated "Confidential – Attorneys' Eyes Only" shall be limited to the following categories of persons:

(1)    Outside Counsel of Record for the Receiving Party;

(2)    Experts of the Receiving Party to whom disclosure is reasonably necessary for the Action, who have signed the "Confidentiality Undertaking" (Exhibit A), and as to whom the procedures set forth in paragraph 8(b), below, have been followed and their support staff;

(3)    Court reporters and their staff,

(4)    Professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the Action and who have signed the "Confidentiality Undertaking" (Exhibit A);

(5)    the Court and its personnel; and

(6)    To the extent not encompassed by (a)(1)-(a)(5) above, authors, recipients, and persons identified as receiving copies of any documents as evidenced by the face of the document itself.

(b)    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "Confidential – Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" first must make a written request to the Designating Party that (i) sets forth the full name of the Expert and the city and state of his or her primary residence, (ii) attaches a copy of the Expert's current resume, (iii) identifies the Expert's current employer(s), (iv) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert

has provided professional services, including in connection with a litigation, at any time during the preceding five (5) years, and (v) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert at any time during the preceding five (5) years was retained as an expert.  Notification of identity shall be by personal service upon or by email to Outside Counsel for the Designating Party at least seven (7) days before disclosure to the Expert of any information or item that has been designated "Confidential – Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE".  In the event that any Party to this litigation objects to the identified person's access to information or items designated "Confidential – Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" such Party (the "Objecting Party") shall provide written notice of its objection to the Party wishing authorization (the "Non-objecting Party") within seven (7) days of receiving the written notice of identity.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute is not resolved within seven (7) days from receipt by the Non-objecting Party of the written notice of objection, either Party may request appropriate relief from the Court.  The Objecting Party shall have the burden of proving that harm or prejudice to the Objecting Party will result from the identified person's access to Confidential – Attorneys' Eyes Only or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE Information.  The identified person shall be denied access to Confidential – Attorneys' Eyes Only or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE Information until the matter is resolved by agreement between the parties in question or until decided by the Court.

(c)      Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to her or his client with respect to this Action and during this Action, referring to or relying upon her or his examination of Confidential – Attorneys' Eyes Only or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE Information; provided, however, that in rendering such advice and in otherwise communicating with her or his clients, the attorney shall not make specific disclosure at any time of Confidential – Attorneys'

1  Eyes Only or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY -

2  SOURCE CODE Information.

3  (d)     If, during the course of any oral deposition, Outside Counsel of Record for any Party

4  asserts that an answer to a specific inquiry is subject to the designation "Confidential – Attorneys'

5  Eyes Only" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY -

6  SOURCE CODE," that inquiry and the answer shall be sealed and subject to disclosure only as

7  provided by this Order for documents designated "Confidential – Attorneys' Eyes Only" or

8  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

9  Outside Counsel for a Designating Party shall have the right to exclude from oral depositions,

10  other than the deponent and the reporter, any person who is not a member of the classes set forth

11  in Paragraph 8(a) of this Order, but such right of exclusion shall be applicable to only the periods

12  of examination or testimony directed to or comprising Confidential – Attorneys' Eyes Only or

13  HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE

14  Information.

15  (e)     <u>Use of Protected Material in Depositions.</u>  A deponent may be shown during his or her

16  deposition "Confidential – Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – OUTSIDE

17  ATTORNEYS' EYES ONLY - SOURCE CODE" Material if:

18      1.     the deponent is an author or recipient of such "Confidential – Attorneys' Eyes

19  Only" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE

20  CODE" Material, or is reasonably believed to have otherwise already been in proper possession

21  of the "Confidential – Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – OUTSIDE

22  ATTORNEYS' EYES ONLY - SOURCE CODE" Material not through a breach of any

23  confidentiality obligations,

24      2.     the deponent has been pre-approved under Paragraph 8(b) above,

25      3.     the "Confidential – Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL –

26  OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Material was produced in this

27  litigation by the deponent's employer and the "Confidential - Attorneys' Eyes Only" or "HIGHLY

28

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Material is of the type to which such employee would be given access,

4.      the attorney taking the deposition and showing the witness the "Confidential – Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Material represents the Designating Party,

5.      testimony or other circumstances indicate that the deponent previously had or was authorized to access such "Confidential – Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Material or knows its contents,

6.      the Designating Party has consented on the record of the deposition to the showing of the "Confidential – Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Material to the witness, or

7.      at least ten (10) days before the deposition, the party wishing to show a witness the "Confidential – Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Material who might not otherwise be permitted to review such "Confidential - Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Material must notify the Designating Party in writing of its intent to do so, unless such "Confidential - Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Material was produced less than ten (10) days prior to such deposition, in which case notification shall be provided at most forty eight (48) hours after the production of such, or twenty four (24) hours prior to the deposition, whichever is earlier, with a specific listing of the "Confidential – Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Material to be shown, and the Designating Party fails to provide, within ten (10) days of receipt of the notice or two (2) business days prior to the deposition, whichever is later, written objection to this use of "Confidential – Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Material.  If a timely written objection is provided, the "Confidential – Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

1 ONLY - SOURCE CODE" Material listed in the written objection shall not be shown to the

2 witness unless and until the objection is withdrawn or the party wishing to show that

3 "Confidential – Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – OUTSIDE

4 ATTORNEYS' EYES ONLY - SOURCE CODE" Material to the witness moves for and obtains

5 appropriate relief from the Court.  Witnesses being shown "Confidential – Attorneys' Eyes Only"

6 or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"

7 Material under this subsection must sign Exhibit A in the form attached hereto before being

8 shown the "Confidential – Attorneys' Eyes Only" Material.

9 (f)      Any Confidential – Attorneys' Eyes Only Information may be filed with or presented to

10 the Court, or may be included in briefs, memoranda or other pleadings filed with the Court.

11 Confidential – Attorneys' Eyes Only Information that is filed with the Court shall be filed under

12 seal and shall remain under seal until further order of the Court. A Party seeking to file

13 Confidential Attorneys' Eyes Only Information shall comply with the applicable local rules and

14 practices.

15 (g)      The handling of Confidential – Attorneys' Eyes Only Information shall be as follows:

16       (1)      Discovery Material designated "Confidential – Attorneys' Eyes Only" shall be

17 retained by Outside Counsel of Record for the Receiving Party and, except upon further Order of

18 the Court or by express written agreement with Outside Counsel of Record for the Designating

19 Party, shall not be disclosed to any person except those specified in Paragraph 6(a) of this Order,

20 and shall not be used by any recipient authorized by this Order to receive or view such

21 confidential material for any purpose, except in connection with this Action.

22       (2)      If a Party believes that inspection, measuring, testing, sampling or photographing

23 of that Party's processes, products, equipment, premises or other property pursuant to Fed. R.

24 Civ. P. 34 will reveal or disclose information that is in good faith deemed Confidential –

25 Attorneys' Eyes Only Information, if possible, that Party shall in advance advise the Party or

26 parties seeking such discovery that the inspection, measuring, testing, sampling or photographing

27 will be permitted only on a confidential basis, and that the material discovered, and any

28 information derived from that material, shall be treated as Confidential – Attorneys' Eyes Only

1   Information.  However, within thirty (30) days of the inspection, measuring, testing, sampling or

2   photographing, a Party providing the discovery may designate the material discovered, and

3   information derived from that material as Confidential – Attorneys' Eyes Only Information.  If

4   the Party providing the discovery fails to advise within thirty (30) days of the inspection,

5   measuring, testing, sampling or photographing that the material is Confidential- Attorneys' Eyes

6   Only Information, the Receiving Party may treat the information as non-confidential, subject to

7   the provisions of paragraph 4.

8         (3)     The Designating Party shall, upon request of the Receiving Party, specifically

9   identify the confidential portions of any pleading or other document filed under seal with the

10  Court, written discovery response, or any exhibits thereto, or alternatively provide the Receiving

11  Party with a redacted non-confidential version thereof.  The Designating Party shall have five (5)

12  days to comply with such a request.

13  7.    Any person, including but not limited to Experts and Outside Counsel of Record, who

14  receive access to Discovery Material designated "Confidential - Attorneys' Eyes Only" or

15  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"

16  from a Producing Party shall not use such material for any purpose, except in connection with this

17  Action.

18  9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

19        LITIGATION

20  In the event any person or Party having possession, custody or control of any Confidential –

21  Attorneys' Eyes Only Information receives a subpoena or other process or order to produce such

22  information, such person or Party shall reasonably promptly notify by e-mail the Outside Counsel

23  of Record of the Party or person claiming such confidential treatment of the document sought by

24  such subpoenas or other process or order, shall furnish those Outside Counsel of Record with a

25  copy of said subpoena or other process or order, and shall cooperate with respect to any

26  reasonable procedure sought to be pursued by the Party whose interests may be affected.  The

27  Party asserting the confidential treatment shall have the burden of defending against such

28  subpoena, process or order.  The person or Party receiving the subpoena or other process or order

1    shall be entitled to comply with it except to the extent the Party asserting the confidential

2    treatment is successful in obtaining an order delaying, modifying or quashing it.

3    10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

4           MATERIAL

5    (a)    There is no waiver of, or impairment to, any claim of the attorney-client privilege, work

6    product immunity, or any other applicable protection from disclosure should material(s) be

7    produced, which the Designating Party believes is protected from disclosure by such privilege or

8    immunity and which were inadvertently produced.  In the event that Outside Counsel of Record

9    for a Designating Party in this Action or the responsible attorney for a Non-Party learns that a

10   document or other item subject to immunity from discovery on the basis of attorney-client

11   privilege, work product or other valid basis has been produced inadvertently, such Outside

12   Counsel of Record or the responsible attorney for a Non-Party shall notify the Receiving Party or

13   Parties promptly after so learning that such inadvertent production has been made.  Within five

14   (5) days of receiving written notice from the Designating Party, the Receiving Party shall take all

15   reasonable measures to return or destroy the originals and all copies of the privileged or immune

16   material(s) and the shall notify the Designating Party that it has complied with this provision.

17   Any analysis, memoranda, or notes that were internally generated based upon such inadvertently-

18   produced material shall immediately be destroyed or revised to omit such information.  If

19   additional copies of inadvertently produced material or any analysis, memoranda, or notes that

20   were internally generated is subsequently discovered by the Receiving Party to be within the said

21   Receiving Party's control, all reasonable efforts should be made to comply with the provisions.

22   The Designating Party shall promptly provide an appropriate privilege log for the inadvertently

23   produced documents, including the date, author, addressee(s), and topic of the document and such

24   other information as is reasonably necessary to identify the document and describe its nature.

25   The Receiving Party shall not seek an order compelling production of the inadvertently disclosed

26   documents on the ground that the Designating Party has waived or is estopped from asserting the

27   applicable privilege or immunity on the basis that the document has been voluntarily produced.

28   No use shall be made of such documents or information during deposition or at trial, nor shall

such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned.  Such inadvertent disclosure shall not result in the waiver of any associated privilege or immunity.  Outside Counsel of Record shall cooperate to restore the confidentiality of any such inadvertently produced information.

(b)     The return of documents or materials by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege, nor shall it foreclose the Receiving Party from moving for an order that such document has been improperly designated as subject to a claim of attorney-client privilege, work-product immunity or any other applicable privilege.  Any motion to the Court challenging the Designating Party's claim(s) of privilege or immunity shall not assert as a ground for production, however, the fact of the inadvertent production, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the privilege log) in any way in connection with any such motion.  The parties expressly acknowledge that documents that are inadvertently produced cannot be sequestered by a Receiving Party for submission to the Court.

(c)     Should any Confidential – Attorneys' Eyes Only Information be disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Order, then the Receiving Party shall use its best efforts to bind such person to the terms of this Order; and the Receiving Party shall (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Designating Party; and (c) request such person to sign the agreement in the form attached as Exhibit A.  The executed agreement shall promptly be served upon the Designating Party.  The Court may, upon noticed motion, order such further and additional relief as it deems necessary and just.

11.     <u>MISCELLANEOUS</u>

(a)     The Receiving Party of any Confidential – Attorneys' Eyes Only Information hereby agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

(b)     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any Confidential – Attorneys' Eyes Only Information into evidence at the trial of this Action, or from using any information contained in designated material at the trial of this Action, subject to any pretrial order issued by this Court.

(c)     Nothing in this Order shall preclude any Party to the Action or its attorneys: (i) from showing Confidential – Attorneys' Eyes Only Information to an individual who either prepared or was indicated as having reviewed or received a copy of the information prior to the filing of this Action; or (ii) from disclosing or using, in any manner or for any purpose, any Discovery Material which the Party itself has designated as "Confidential – Attorneys' Eyes Only."

(d)     This Order shall not be construed:

(1)     to prevent any Party or its respective Outside Counsel of Record from making use of information that was lawfully in its possession prior to receiving such information from a Designating Party during the course of this Action;

(2)     to apply to information that appears in issued patents or printed publications or is, or otherwise becomes, public other than by a Party's violation of this Order;

(3)     to apply to information independently acquired, or that any Party's Outside Counsel of Record has lawfully obtained from any Third Party having the right to disclose such information;

(4)     to prevent a Party's Outside Counsel of Record from using any Confidential – Attorneys' Eyes Only Information in open court in compliance with subsection (b) of this Paragraph.  Under these circumstances, the portion of any court hearing transcript designated as containing Confidential – Attorneys' Eyes Only Information shall be subject to all of the provisions of this Order.  However, the parties acknowledge that the Court may enter an order concerning the use of Confidential – Attorneys' Eyes Only Information in open court or the parties may choose to enter into a separate agreement concerning the use of Confidential – Attorneys' Only Information in open court; or

(5)     to require production of Discovery Material deemed by Outside Counsel of Record possessing such information to be privileged, attorney work product or otherwise

1    protected from discovery.  Discovery Material withheld on the grounds of some privilege or

2    attorney work product shall be expressly identified pursuant to the requirements set forth in Rule

3    26(b)(5) of the Federal Rules of Civil Procedure.

4    (e)     A Third Party may designate as "Confidential – Attorneys' Eyes Only" any Discovery

5    Materials disclosed by that Party containing Confidential – Attorneys' Eyes Only Information.

6    With respect to such Discovery Materials, such Third Party shall have the rights and privileges of

7    a Designating Party pursuant to this Order, and all parties to this Action shall have the obligations

8    of a Receiving Party pursuant to this Order, including the access limitations and notice

9    obligations to the Designating Party (here, the Third Party) pursuant to Paragraph 6 of this Order.

10   In such case, the provisions of Paragraph 6 referring to "counsel for the Designating Party" or

11   "Outside Counsel for the Designating Party" shall be construed as referring to the Third Party

12   itself.

13   (f)     The Court retains jurisdiction even after termination of this Action to enforce this Order

14   and to make such amendments, modifications, deletions or additions to this Order as the Court

15   may from time to time deem appropriate.  The parties to this Order reserve all rights to apply to

16   the Court at any time, before or after termination, for an order: (i) modifying this Order; (ii)

17   seeking further protection against discovery or other use of Confidential – Attorneys' Eyes Only

18   Information, or documents, transcripts, or other materials reflecting Confidential – Attorneys'

19   Eyes Only Information; or (iii) seeking further production, discovery, disclosure or use of claimed

20   Confidential – Attorneys' Eyes Only Information, or documents, transcripts, or other materials

21   reflecting Confidential – Attorneys' Eyes Only Information.

22   (g)     Nothing in this Order prohibits the Designating Party and Receiving Party from altering

23   their respective confidentiality obligations imposed by this Order with respect to any document or

24   group of documents by way of written agreement without seeking modification to this Order.

25   12.   FINAL DISPOSITION

26   (a)     The destruction or return of Discovery Material designated "Confidential – Attorneys'

27   Eyes Only" shall be accomplished as follows: Within sixty (60) days of the final termination of

28   this Action and any appeals related to this Action, all Discovery Material designated

1  "Confidential – Attorneys' Eyes Only" and all copies of Discovery Material designated

2  "Confidential – Attorneys' Eyes Only" shall be destroyed or returned to the Party that produced

3  same.  Within sixty-seven (67) days of the final termination of this Action and any appeals related

4  to this Action, each Receiving Party shall send a certification to the Designating Party that it has

5  either destroyed or returned all such material and all copies of such material.  A Party to this

6  Action that has disclosed Confidential – Attorneys' Eyes Only Information to a person identified

7  in Paragraph 6(a) is responsible for ensuring that all such documents and things are destroyed or

8  returned to the Party that produced same.

9  (b)      Notwithstanding the foregoing in subsection (a), Outside Counsel of Record for each

10  Party may retain one complete and unredacted set of pleadings, papers filed with the Court or

11  served on the other Party, discovery requests and responses, deposition and court transcripts,

12  expert reports, and attorney work product documents that incorporate Confidential – Attorneys'

13  Eyes Only Information.

14  (c)      The termination of proceedings in this Action shall not relieve any person to whom

15  Confidential – Attorneys' Eyes Only Information have been disclosed from the obligations of this

16  Order.

17

18  Dated: December 18, 2014                    Respectfully submitted,

19                                              */s/ David C. Radulescu*
20                                              David C. Radulescu (*pro hac vice*)
                                                david@radulescullp.com
21                                              Tigran Vardanian (*pro hac vice*)
                                                tigran@radulescullp.com
22                                              Robin M. Davis (*pro hac vice*)
                                                robin@radulescullp.com
23                                              RADULESCU LLP
                                                The Empire State Building
24                                              350 Fifth Avenue, Ste. 6910
                                                New York, NY 10118
25                                              Telephone: (646) 502-5950
                                                Facsimile: (646) 502-5959
26

27                                              Christopher J. Cox (151650)
                                                chris.cox@weil.com
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3029
Facsimile: (650) 802-3100

*Attorneys for Plaintiff*
*FINISAR CORPORATION*

Dated:   December 18, 2014

*/s/ Robert F. Kramer*
ROBERT F. KRAMER (Bar No. 181706)
Email: robert.kramer@dentons.com
JENNIFER D. BENNETT (Bar. No. 235196)
Email: jbennett@dentons.com
RUSSELL S. TONKOVICH (Bar No. 233280)
Email: russell.tonkovich@dentons.com
C. GIDEON KORRELL (Bar No. 284890)
Email: gideon.korrell@dentons.com
**DENTONS US LLP**
1530 Page Mill Rd., Suite 200
Palo Alto, CA 94304-1125
Telephone: (650) 798-0300
Facsimile: (650) 798-0310

SHAILENDRA MAHESHWARI (*Pro Hac Vice*)
Email: shailendra.maheshwari@dentons.com
**DENTONS US LLP**
1301 K Street, NW
Suite 600, East Tower
Washington, D.C. 20005-3364
Telephone: (202) 408-6400
Facsimile: (202) 408-6399

JOEL N. BOCK (*Pro Hac Vice*)
Email: joel.bock@dentons.com
**DENTONS US LLP**
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800

*Attorneys for Defendant*
*NISTICA, INC.*

1

2  PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4  DATED: _____       _____

5                                        United States District Judge
                                         Beth Labson Freeman
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>              Plaintiff,<br><br>        v.<br><br>NISTICA, INC., a Delaware corporation,<br><br>              Defendant. | Case No. 5:13-cv-03345-BLF<br><br>**STIPULATED PROTECTIVE ORDER** |

**CONFIDENTIALITY UNDERTAKING**

**PURSUANT TO THE STIPULATED PROTECTIVE ORDER**

I _____ have read the foregoing Stipulated Protective Order dated _____ ____, 2014 (the "Order") and agree to be bound by its terms with respect to any documents marked "Confidential – Attorneys' Eyes Only" or "[PRODUCING PARTY'S NAME] HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY — SOURCE CODE" that are furnished to me as set forth in the Order.

2.      I further agree (a) not to disclose to anyone any documents or information marked "Confidential – Attorneys' Eyes Only" or "[PRODUCING PARTY'S NAME] HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY — SOURCE CODE" other than as set forth in the Order, and (b) not to make any copies of documents or information marked "Confidential – Attorneys' Eyes Only" or "[PRODUCING PARTY'S NAME] HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY — SOURCE CODE" furnished to me except in accordance with the Order.

3.      I hereby consent to the jurisdiction of the United States District Court for the Northern District of California with regard to any proceedings to enforce the terms of the Order.

4.      I hereby agree that any documents, material, or information marked "Confidential – Attorneys' Eyes Only" or "[PRODUCING PARTY'S NAME] HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY — SOURCE CODE" furnished to me will be used by me only for the purposes of this litigation and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person.


Dated: _____                  Signature _____