CHRISTOPHER J. COX (BAR NO. 151650)
Email: chris.cox@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3029
Facsimile: (650) 802-3100

DAVID C. RADULESCU, PH.D. (*pro hac vice*)
Email: david@radulescullp.com
TIGRAN VARDANIAN (*pro hac vice*)
Email: tigran@radulescullp.com
ROBIN M. DAVIS (*pro hac vice*)
Email: robin@radulescullp.com
RADULESCU LLP
The Empire State Building
350 Fifth Avenue, Suite 6910
Telephone: (646) 502-5950
Facsimile: (646) 502-5959

*Attorneys for Plaintiff*
*FINISAR CORPORATION*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NISTICA INC., a Delaware corporation,<br><br>Defendant. | No. 5:13-cv-03345-BLF<br><br>**PLAINTIFF FINISAR CORPORATION'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF FINISAR'S MOTION TO DISMISS NISTICA'S 13TH & 14TH COUNTERCLAIMS AND STRIKE ITS 18TH-28TH AFFIRMATIVE DEFENSES IN NISTICA'S SECOND AMENDED ANSWER (DKT. NO. 132) AND EXHIBIT B TO ROBIN DAVIS' DECLARATION IN SUPPORT THEREOF** |

## **NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on March 19, 2015 at 9:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 3 of the United States District Court for the Northern District of California, located at 280 South First Street, in San Jose, California, Plaintiff Finisar Corporation ("Finisar"), by and through its counsel, shall and hereby does move for an order to file under seal portions of Finisar's Motion to Dismiss Nistica's 13th & 14th Counterclaims and 18th – 28th Affirmative Defenses in Nistica's Second Amended Answer (Dkt. No. 132) and Exhibit B to Robin M. Davis' Declaration in support thereof.

## MEMORANDUM OF POINTS AND AUTHORITIES

Civil Local Rule 79-5(d)(1) of the United States District Court for the Northern District of California provides that a party seeking to file a document under seal may make a motion in accordance with Civil Local Rule 7-11. As such, pursuant to Local Rules 7-11 and 79-5, Finisar respectfully requests an order to file under seal portions of Finisar's Motion to Dismiss Nistica's 13th and 14th Counterclaims and Strike its 18th-28th Affirmative Defenses in Nistica's Second Amended Answer (Dkt. No. 132) ("Motion to Dismiss") and Exhibit B to Robin M. Davis' Declaration in support thereof (hereinafter "Davis Declaration").

A trial court has broad discretion to permit the sealing of court documents, especially when those documents are confidential, commercially sensitive and proprietary, and when public disclosure of such information would create a risk of significant competitive injury and particularized harm and prejudice. *Oracle USA, Inc. v. SAP AG*, No. 07-CV-01658 PJH, 2009 U.S. Dist. LEXIS 71365, at *5 (N.D. Cal. Aug. 12, 2009) (citing *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2006)). Evidence relevant to a dispositive matter may be sealed for "compelling reasons." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Sealing is warranted where a party has taken steps to maintain the secrecy of the information and would be harmed if it were disclosed. *Network Appliance, Inc. v. Sun Microsys.*, Inc., No. C-07-06053 EDL, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (finding compelling reason to seal "in light of the confidential nature of the information and the competitive harm to third parties if the confidential information were disclosed"); *Upek, Inc. v. Authentec, Inc.*, No. C-10-00424 JF, 2010 WL 1980189, at *4 (N.D. Cal. May 17, 2010) (noting effort to maintain confidentiality in finding compelling reason to seal).

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). But courts typically find good cause and "grant[] protective orders to protect confidential settlement agreements." *See Phillips*, 307 F.3d at 1212; *see also Kalinauskas v. Wong*, 151 F.R.D. 363, 365 (D. Nev. 1993) ("Confidential settlements benefit society and the parties involved by resolving disputes relatively quickly, with

slight judicial intervention, and presumably result in greater satisfaction to the parties. Sound judicial policy fosters and protects this form of alternative dispute resolution.").

Here, Exhibit B to the Davis Declaration is a confidential settlement agreement between Finisar and Nistica dated December 28, 2009 ("2009 Settlement Agreement"). The Settlement Agreement contains a confidentiality provision prohibiting the parties from disclosing the terms of the Settlement Agreement. (Declaration of Robin M. Davis in Support of Finisar's Administrative Motion to File Under Seal ("Davis Sealing Decl.") ¶ 2.) Disclosure of the confidential Settlement Agreement would put both Finisar and Nistica in breach of the confidentiality provision and thus provides a "compelling reason" to seal. Nor does the public have an interest in gaining access to the Settlement Agreement. *See Network Appliance*, 2010 WL 841274, at *2 (granting request to seal where "although the documents in question are attached to a dispositive motion, they had no bearing on the resolution of the dispute on the merits and are therefore more akin to … 'unrelated,' nondispositive motion documents"). Because the Settlement Agreement contains a confidentiality provision and Finisar is a party to the 2009 Settlement Agreement, good cause exists for it to be sealed.

Additionally, Finisar addresses, quotes from, and cites to the 2009 Settlement Agreement in its Motion to Dismiss, and thereby discloses the some of the confidential provisions of the 2009 Settlement Agreement in portions of the Motion to Dismiss. (Davis Sealing Decl. ¶ 3). Because confidential information is contained in portions of the Motion to Dismiss, good cause exists for the selected portions of the Motion to Dismiss to be sealed.

Dated:  December 31, 2014                Respectfully submitted,

/s/ *Robin M. Davis*

David C. Radulescu (*pro hac vice*)
david@radulescullp.com
Tigran Vardanian (*pro hac vice*)
tigran@radulescullp.com
Robin M. Davis (*pro hac vice*)
robin@radulescullp.com

FINISAR'S ADMIN. MOTION TO FILE UNDER SEAL                                     4

RADULESCU LLP
The Empire State Building
350 Fifth Avenue, Suite 6910
New York, NY 10118
Telephone: (646) 502-5950
Facsimile: (646) 502-5959

Christopher J. Cox (151650)
chris.cox@weil.com
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3029
Facsimile: (650) 802-3100

**Attorneys for Plaintiff
FINISAR CORPORATION**

FINISAR'S ADMIN. MOTION TO FILE UNDER SEAL  5