**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>        Plaintiff,<br><br>  vs.<br><br>NISTICA, INC., a Delaware corporation,<br><br>        Defendant. | Case Number: C 13-CV-03345-BLF (JSC)<br><br>**STIPULATION & [PROPOSED] ORDER RE: DISCOVERY OF EMAIL** |

Upon the stipulation of the parties, the Court ORDERS as follows:

    1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production of emails to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

    2. This Order is issued pursuant to Magistrate Judge Corley's December 12, 2014 Order Re: Email Discovery Dispute Denying Finisar's Motion to Compel Email (Dkt. No. 134).  The parties have jointly submitted any proposed modifications, which are contained herein.

    3. As in all cases, costs may be shifted for disproportionate email production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

    4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

    5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

6. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

7. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances.

8. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth in the Guidelines.

9. Each requesting party shall limit its email production requests to a total of eight custodians per producing party for all such requests.  The parties may jointly agree in writing to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

10. Each requesting party shall limit its email production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word (including abbreviations), product, tool, project, patent, person, organization or entity. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve

1  email production requests with search terms beyond the limits agreed to by the parties or granted
2  by the Court pursuant to this paragraph, this shall be considered in determining whether any
3  party shall bear all reasonable costs caused by such additional discovery.
4      11. Nothing in this Order prevents the parties from agreeing to use technology assisted
5  review and other techniques insofar as their use improves the efficacy of discovery. Such topics
6  should be discussed pursuant to the District's E-Discovery Guidelines.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: January 15, 2015    /s David C. Radulescu
                                      Counsel for Plaintiff

Dated: January 15, 2015    /s Robert F. Kramer
                                      Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: January 16, 2015

UNITED STATES DISTRICT/MAGISTRATE JUDGE

