1  ROBERT F. KRAMER (Bar No. 181706)
   Email: robert.kramer@dentons.com
2  JENNIFER D. BENNETT (Bar. No. 235196)
   Email: jbennett@dentons.com
3  RUSSELL S. TONKOVICH (Bar No. 233280)
   Email: russell.tonkovich@dentons.com
4  C. GIDEON KORRELL (Bar No. 284890)
   Email: gideon.korrell@dentons.com
5  DENTONS US LLP
   1530 Page Mill Road, Suite 200
6  Palo Alto, CA 94304-1125
   Telephone: (650) 798-0300
7  Facsimile: (650) 798-0310

8  SHAILENDRA MAHESHWARI (*Pro Hac Vice*)
   Email: shailendra.maheshwari@dentons.com
9  DENTONS US LLP
   1301 K Street, NW
10 Suite 600, East Tower
   Washington, D.C. 20005-3364
11 Telephone: (202) 408-6400
   Facsimile: (202) 408-6399

13 JOEL N. BOCK (*Pro Hac Vice*)
   Email: joel.bock@dentons.com
   DENTONS US LLP
14 1221 Avenue of the Americas
   New York, NY 10020-1089
15 Telephone: (212) 768 6700
   Facsimile: (212) 768 6800

17 Attorneys for Defendant
   NISTICA, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| FINISAR CORPORATION,<br>a Delaware corporation,<br><br>                        Plaintiff,<br><br>vs.<br><br>NISTICA, INC.,<br>a Delaware corporation,<br><br>                        Defendant. | Case No. 5:13-cv-03345-BLF (JSC)<br><br>**NISTICA'S AMENDED REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE ITS THIRD AMENDED ANSWER AND COUNTERCLAIMS**<br><br>**Date: March 19, 2015**<br>**Time: 9:00 a.m.**<br>**Place: San Jose Courthouse, Crt Rm. 3**<br>**Judge: Hon. Beth Labson Freeman** |

# **TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................1

II. NISTICA HAS SHOWN THE REQUISITE DILIGENCE TO SUPPORT
GOOD CAUSE ............................................................................................................2

III. NISTICA'S PROPOSED AFFIRMATIVE DEFENSES MEET THE RULE 15
FACTORS ...................................................................................................................3

    A. Finisar will not be Prejudiced by Nistica's Third Amended Answer .............4

    B. Nistica's Proposed Amendments Are Not Futile, Unduly Delayed, Nor
Made in Bad Faith. .........................................................................................10

IV. CONCLUSION..........................................................................................................13

- i -

NISTICA'S AMENDED REPLY ISO MOTION FOR LEAVE TO     CASE NO. 5:13-CV-03345-BLF (JSC)
FILE ITS THIRD AMENDED ANSWER AND COUNTERCLAIMS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abaxis, Inc. v. Cepheid*,
　No. 3:10-cv-00475-JCS, 2011 U.S. Dist LEXIS 137379 (N.D. Cal. Nov. 30, 2011) ...................... 2

*Aircraft Tech. Publrs. v. Avantext, Inc.*,
　No. 07-cv-4154-SBA, 2009 U.S. Dist. LEXIS 57671 (N.D. Cal. June 22, 2009) ......................... 3

*Clear-View Techs., Inc. v. Rasnick*,
　Case No. 13-cv-02744-BLF, 2014 U.S. Dist. LEXIS 123523 (N.D. Cal. Sept. 3,
　2014) ........................................................................................................................................ 9, 11

*Dao v. Liberty Life Assur. Co.*,
　No. 14-cv-04749-SI, 2015 U.S. Dist. LEXIS 12793 (N.D. Cal. Feb. 3, 2015) ............................. 10

*Finjin, Inc. v. Blue Coat Systems, Inc.*,
　No. 13-cv-03999-BLF-PSG, 2014 U.S. Dist. LEXIS 163425 (N.D Cal Nov. 20,
　2014) ....................................................................................................................................2, 3, 11

*Griggs v. Pace American Group, Inc.*,
　170 F.3d 877 (9th Cir. 1999) ........................................................................................................ 12

*Hynix Semiconductor Inc. v. Rambus Inc.*,
　645 F.3d 1336 (Fed. Cir. 2011) ..................................................................................................... 10

*Medtronic, Inc. v. AGA Med. Corp.*,
　No. 07-cv-0567-MMC, 2009 U.S. Dist LEXIS 16122 (N.D. Cal. Feb. 18, 2009) ......................... 9

*Osakan v. Apple Am. Group*,
　No. 08-cv-4722-SBA, 2010 U.S. Dist. 53830 (N.D. Cal. May 3, 2010) ........................................ 3

*Qualcomm Inc. v. Broadcom Corp.*,
　548 F.3d 1004 (Fed. Cir. 2008) ..................................................................................................... 10

*United States v. King Features Entm't, Inc.*,
　843 F.2d 394 (9th Cir. 1988) ........................................................................................................ 10

**Other Authorities**

RULE 15 ............................................................................................................................................ 3

Rule 16(b) ...................................................................................................................................... 2, 3

- ii -

NISTICA'S AMENDED REPLY ISO MOTION FOR LEAVE TO　　　CASE NO. 5:13-CV-03345-BLF (JSC)
FILE ITS THIRD AMENDED ANSWER AND COUNTERCLAIMS

## I. INTRODUCTION

Finisar's Opposition to Nistica's Motion to Amend (Dkt No. 156) vastly mischaracterizes Nistica's Proposed Third Amended Answer ("TAA"), arguing the TAA adds new affirmative defenses and theories, and implying that these affirmative defenses were not found in Nistica's *timely* filed Second Amended Answer ("SAA").[1] The parties agreed, ***per Finisar's request***, and the Court ordered that the last day to amend pleadings was on December 5, 2014. (Dkt Nos. 126, 127, 130.) There was no restriction placed on the amendment of pleadings. In fact, Finisar requested that the last day to amend pleadings be included in the Scheduling Order because Finisar was contemplating adding an entirely new party to the case, Fujikura. On December 5, 2014, in accord with the schedule, Nistica filed its SAA. There should be no dispute the SAA was timely. However, Finisar keeps arguing the affirmative defenses in the TAA relying on the 2009 Settlement Agreement are untimely. This is nonsensical. Each of the affirmative defenses in Nistica's proposed TAA are expressly found in Nistica's *timely* SAA. Specifically, Nistica asserted in the SAA an 18th Affirmative Defense (License/Implied License), 20th Affirmative Defense (Estoppel), 21st Affirmative Defense (Release, Waiver, Covenant not to Sue), 22nd Affirmative Defense (Unclean Hands), 27th Affirmative Defense (Laches) and 28th Affirmative Defense (Equitable Estoppel). (Dkt No. 132.) The only reason Nistica filed the present Motion for Leave to file its Third Amended Answer was in attempt to resolve the issues in Finisar's Motion to Strike Nistica's SAA. (Dkt No. 142.) Frankly, it is surprising Finisar is opposing Nistica's Motion for Leave.

---

[1] For example, Finisar argues "And yet, only now -- after the deadline to amend has lapsed and with the end of fact discovery rapidly approaching -- does Nistica seek leave to amend its pleading to add six new affirmative defenses….Nistica was not diligent, nor can Nistica point to any recently discovered fact to explain why Nistica could not have asserted these amended affirmative defenses before the deadline for amended pleadings." (Dkt No. 156, at 1:6-13). Finisar also argues, "many of Nistica's *newly* pled Affirmative Defenses are based on the existence of the 2009 Settlement Agreement." (Dkt No. 156 at 12:7-8) (emphasis added). Finisar goes even farther, and argues "Nistica failed to properly plead *any* defenses based on the 2009 Settlement Agreement before the amendment deadline due to its dilatory conduct." (Dkt No. 156, 9:17-19) (emphasis added). Each of these arguments are unfounded. Each of the six affirmative defenses in the TAA relying on the 2009 Settlement Agreement were explicitly pled in Nistica's Second Amended Answer. (Dkt No. 132). They are not new, and any argument to the contrary is misleading.

- 1 -

## II. NISTICA HAS SHOWN THE REQUISITE DILIGENCE TO SUPPORT GOOD CAUSE

Finisar contends Nistica cannot show good cause for making its proposed amendments seven weeks after the December 5, 2014 deadline to amend lapsed. (Dkt No. 156 at 7:24-25.)[2] However, as Finisar contends in its Opposition, the good cause standard under Rule 16(b) "primarily considers the diligence of the party seeking amendment." *Abaxis, Inc. v. Cepheid,* No. 3:10-cv-00475-JCS, 2011 U.S. Dist LEXIS 137379, at *21 (N.D. Cal. Nov. 30, 2011). (Dkt No. 156 at 6:15-18; 8:5-7.) Here, the SAA, which contains each of the affirmative defenses in the TAA, was timely filed, and Nistica diligently sought leave (within 23 days) after Finisar filed its Motion to Strike the SAA. Moreover, seventeen days after Finisar filed its Motion to Strike, on January 17, 2015, Nistica approached Finisar for Finisar's consent for Nistica to seek leave to amend its answer to resolve the disputes raised in Finisar's Motion to Strike.[3] (Dkt No. 152-3, Ex. 5.) The parties had a meet and confer on January 22, 2015 to discuss whether Nistica could file its motion as an unopposed motion for leave.[4] (Dkt No. 152-3, Ex. 6.) Finisar refused to provide consent. The following day Nistica filed its motion. Because the motion was made

---

[2] While Nistica did not provide the Rule 16 standard in its Motion, Nistica did expressly argue in its Motion that "good cause" existed for such amendments (Dkt No. 152 at 1:19-23), Nistica set forth facts throughout Nistica's Motion to show "good cause" exists for leave to amend, and Nistica has now articulated the Rule 16 standard in this Reply. This Court has found this is sufficient. *See Finjin, Inc. v. Blue Coat Systems, Inc.,* No. 13-cv-03999-BLF-PSG, 2014 U.S. Dist. LEXIS 163425, fn 1 (N.D Cal Nov. 20, 2014) (granting motion for leave to file an amended answer).

[3] Throughout its Opposition, Finisar inappropriately attacks Nistica's SAA, claiming the affirmative defenses and counterclaims were "fatally flawed," "baseless," and "frivolous." Such pejorative comments are misplaced. As explained in both Nistica's Motion for Leave and Opposition to Finisar's Motion to Strike, Nistica had a good faith basis for pleading each of its affirmative defenses and counterclaims, and only dropped and/or amended certain defenses in attempt to save resources. (Dkt No. 151, Dkt No. 152, at 9.) Specifically, in Nistica's industry some customers require in agreements with vendors such as Nistica and Finisar that the vendor agree not to assert patent infringement claims against other vendors that supply to that customer. Therefore, since August of 2014, Nistica had been doggedly requesting that Finisar produce a copy of its customer agreements. Finisar refused to produce, dragging it out until finally Finisar first did so December 15, 2014, purposefully waiting until after the deadline for Nistica to amend pleadings and only after Nistica filed its SAA.

[4] During the meet and confer, Finisar stated it would oppose any motion for leave for a lack of "good cause." Nistica articulated "good cause" during the call and again in the follow-up letter to the meet and confer. (Dkt No. 152-3, Ex. 6.)

- 2 -

NISTICA'S AMENDED REPLY ISO MOTION FOR LEAVE TO FILE ITS THIRD AMENDED ANSWER AND COUNTERCLAIMS   CASE NO. 5:13-CV-03345-BLF (JSC)

only 23 days after Finisar's Motion to Strike, Nistica has shown good cause to amend its answer now. Thus, even if Nistica did not explicitly provide the standard under Rule 16, Nistica was diligent in seeking its amendment, which is the appropriate analysis under Rule 16. *See Finjin, Inc.,* 2014 U.S. Dist. LEXIS 163425, *5.

Finisar cites to a number of cases to support its argument that Nistica's alleged "lack of diligence" is fatal to Nistica's Motion. (Dkt No. 156 at 9:26-10:8.) However, the cases Finisar cites are inapposite. For example, in *Osakan v. Apple Am. Group*, No. 08-cv-4722-SBA, 2010 U.S. Dist. 53830, *6 (N.D. Cal. May 3, 2010), less than two weeks before the discovery cut-off, plaintiff sought to amend its complaint to **join four new parties**. Similarly, in *Aircraft Tech. Publrs. v. Avantext, Inc.*, No. 07-cv-4154-SBA, 2009 U.S. Dist. LEXIS 57671 (N.D. Cal. June 22, 2009), plaintiff sought leave to amend its complaint to add an infringement claim based on a new patent. Adding four additional parties or an additional patent is quite different than narrowing *already existing* affirmative defenses.

### III. NISTICA'S PROPOSED AFFIRMATIVE DEFENSES MEET THE RULE 15 FACTORS

"Once the movant satisfies its burden to establish good cause under Rule 16(b), the Court will consider the permissibility of amendment under Rule 15." *Finjin, Inc.,* 2014 U.S. Dist. LEXIS 163425, *6 (citations omitted). Undue delay on its own does not justify denial of a motion for leave to amend. *Id.,* *7, citing *Bowles v. Reade*, 198 F.3d 752, 758-59 (9th Cir. 1999). However, if undue delay would prejudice a defendant, denial of a motion for leave to amend may be justified. *See id*. In the absence of prejudice or other negative factors, the party opposing the motion to amend has the burden of showing why amendment should not be granted. *Id.,* citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). As explained in detail in Nistica's Motion (Dkt No. 152), the Rule 15 factors favor granting Nistica's Motion.[5]

---

[5] Finisar also attempts to argue Nistica should not be allowed to amend because Nistica has already amended its answer twice. (Dkt No. 156 at 14:5-20.) This argument is meritless. The first two amendments were made prior to the deadline for amending pleadings. Therefore, this

- 3 -

NISTICA'S AMENDED REPLY ISO MOTION FOR LEAVE TO FILE ITS THIRD AMENDED ANSWER AND COUNTERCLAIMS

CASE NO. 5:13-CV-03345-BLF (JSC)

### A. Finisar will not be Prejudiced by Nistica's Third Amended Answer

Finisar first argues it will be prejudiced by Nistica's Third Amended Answer because (i) it introduces new legal theories, (ii) fact discovery will close soon, and (iii) Nistica somehow waived its right to assert these affirmative defenses. Each of these arguments is unfounded.

Initially, as explained above, Finisar proposed and the parties agreed in the case schedule that they could amend their pleadings so long as they did so by December 5, 2014. Significantly, in doing so, they did not place any restrictions on what could be added to the pleadings and what could not. They did not require that pleading could be amended only if it would not introduce new legal theories, or only if there would time before the discovery cut off to address such issues. In fact, Finisar stated in the Case Management Statement in November 2014 that it was actually deciding whether to add new parties to the case by this December 5, 2014 cut off which would by necessity introduce new legal theories (i.e., that such other newly added parties infringe and how so), and would require discovery regarding such newly added parties with a May 30, 2015 fact discovery cut off. Finisar's arguments today are nothing more than a request to radically rewrite the agreement that Finisar itself proposed, the parties agreed to, and the court incorporated into the case schedule per the parties' request.

First, Finisar argues a party is prejudiced when the "new amendments contain 'different legal theories and require proof of different facts.'" (Dkt No. 156 at 10:25-28). However, the TAA provides no new legal theories or proof of facts different than those pled in the timely filed SAA. Specifically, the 18th Affirmative Defense in the TAA (License/Implied License) was pled as the 18th Affirmative Defense in the SAA. In the SAA, the 18th Affirmative Defense provides, in relevant part,

> Plaintiff's claims are barred in whole or in part because ***Nistica has a license and/or implied license to practice the patents-in-suit***. ..In addition, Nistica and Finisar ***entered into a settlement and release agreement on or about December 28, 2009***. Pursuant to such agreement, ***Finisar, on behalf of itself and its affiliates, released Nistica from any and all claims of any nature, whether asserted or unasserted, known or unknown, anticipated or unanticipated, foreseen or unforeseen, that Finisar had against Nistica***. Finisar also agreed not to initiate any litigation or action against Nistica involving

is the *first* time Nistica seeks leave from the Court to file an amended answer.

- 4 -

any such claims. Finisar and/or Finisar's affiliates owned one or more of the patents-in-suit in this case, including without limitation, U.S. Patent Nos. 7,092,599 and 7,397,980, as of the execution of the settlement and release agreement. ***Under the agreement, Nistica has a license and/or an implied license to Finisar's patents-in-suit***, including U.S. Patent Nos. 7,092,599 and 7,397,980, to make, use, sell, offer for sale, and import its products; and Finisar has released and covenanted not to sue Nistica under such patents." (Dkt No. 132 at 17:27-18:8) (emphasis added).

In response to Finisar's Motion, Nistica amended the already pled affirmative defense to make clear it is limited to the WSS MEMS product line, which existed at the time of the 2009 Settlement Agreement. Narrowing the defense to apply to a particular line of accused products Finisar knew about at the time of the 2009 Settlement Agreement, rather than all accused products, is not prejudicial. For example, in the TAA, the 18th Affirmative Defense provides, in relevant part,

> Plaintiff's claims are barred in whole or in part because ***Nistica has a license and/or implied license to make, use, sell, offer for sale and import Nistica's WSS MEMS products***, ***e.g., Nistica's Fledge, Full Fledge, and line cards and products containing such MEMS devices***, that Finisar accuses of infringing the '687, '833, '740 patents, and insofar as Finisar's Complaint states that these products infringe the '599 and '980 patents. ***On or about December 28, 2009, Nistica and Finisar entered into a Confidential Settlement Agreement and Release dated December 2009 (the "Agreement"). Section 7 of the Agreement provides that Finisar, on behalf of itself and its affiliates, released Nistica from any and all claims of any nature, whether asserted or unasserted, known or unknown, anticipated or unanticipated, foreseen or unforeseen, that Finisar had against Nistica.*** Finisar also covenanted and agreed not to initiate any litigation or action against Nistica involving any such claims… (Dkt No. 152-1, Ex. A) (emphasis added).

Similarly, the 19th Affirmative Defense in the TAA (Estoppel) was pled as the 20th Affirmative Defense in the SAA. In the SAA, the 20th Affirmative Defense provides, in relevant part,

> Plaintiff's claims are barred in whole or in part by ***the doctrine of legal estoppel***. .. ***Nistica and Finisar entered into a settlement and release agreement on or about December 28, 2009.*** Pursuant to such agreement, Finisar, on behalf of itself and its affiliates, released Nistica from any and all claims of any nature, whether asserted or unasserted, known or unknown, anticipated or unanticipated, foreseen or unforeseen, that Finisar had against Nistica. Finisar also agreed not to initiate any litigation or action against Nistica involving any such claims. Finisar and/or Finisar's affiliates owned one or more of the patents-in-suit in this case, including without limitation, U.S. Patent Nos. 7,092,599 and 7,397,980, as of the execution of the settlement and release agreement. Under the agreement, Nistica has a license and/or an implied license to Finisar's patents-in-suit, including U.S. Patent Nos. 7,092,599 and 7,397,980, to make, use, sell, offer for sale, and import its products; and

Finisar has released and covenanted not to sue Nistica under such patents. ***Finisar received valuable consideration in connection with its promises and obligations under the agreement. By asserting infringement of the patents-in-suit, Finisar is attempting to derogate the scope of the license, implied license, and/or covenant not to sue. Finisar is thus legally estopped from asserting infringement of the patents-in-suit against Nistica's products***." (Dkt No. 132 at 17:27-18:8) (emphasis added).

In response to Finisar's Motion, Nistica amended this affirmative defense to make clear it is limited to the WSS MEMS product line, which existed at the time of the 2009 Settlement Agreement. Narrowing the defense to apply to a particular line of accused products Finisar knew about at the time of the 2009 Settlement Agreement, rather than all accused products, is not prejudicial. For example, in the TAA, the 19th Affirmative Defense provides,

> Nistica repeats and realleges the allegations set forth in its 18th affirmative defense as though fully set forth herein. Plaintiff's claims are barred in whole or in part by the doctrine of ***legal estoppel with respect to Finisar's claim that Nistica makes, uses, sells, offers for sale and/or imports WSS MEMS products, e.g., Nistica's Fledge, Full Fledge, and line cards and products containing such MEMS devices***, that allegedly infringe the '687, '833, '740 patents (and insofar as Finisar is accusing these products of infringing the '599 and '980 patents) and/or of inducing or contributing to others' infringement of such patents. Nistica has suffered harm and damage as a result of Finisar filing a patent infringement action and accusing such products of infringing these patents. ***Finisar is legally estopped from asserting that Nistica infringes these patents by making, using, selling, offering for sale or importing Nistica's WSS MEMS products, e.g., Nistica's Fledge, Full Fledge, and line cards and products containing such MEMS devices.*** (Dkt No. 152-1, at 18:18-28) (emphasis added).

Similarly, the 20th Affirmative Defense in the TAA (Release, Waiver, Covenant Not to Sue) was pled as the 21st Affirmative Defense in the SAA. In the SAA, the 21st Affirmative Defense provides,

> Plaintiff's claims are barred in whole or in part by ***waiver, release, and a covenant not to sue. Nistica and Finisar entered into a settlement and release agreement on or about December 28, 2009***. Pursuant to such agreement, Finisar, on behalf of itself and its affiliates, released Nistica from any and all claims of any nature, whether asserted or unasserted, known or unknown, anticipated or unanticipated, foreseen or unforeseen, that Finisar had against Nistica. Finisar also agreed not to initiate any litigation or action against Nistica involving any such claims. Finisar and/or Finisar's affiliates owned one or more of the patents-in-suit in this case, including without limitation, U.S. Patent Nos. 7,092,599 and 7,397,980, as of the execution of the settlement and release agreement. Under the agreement, Nistica has a license and/or an implied license to Finisar's patents-in-suit, including U.S. Patent Nos. 7,092,599 and 7,397,980, to make, use, sell, offer for sale, and import its products; and Finisar has released and covenanted not to sue Nistica under such patents. ***Moreover, Finisar is barred in whole or in part by the terms of the agreement and has waived any cause of action, including for patent infringement,***

- 6 -

NISTICA'S AMENDED REPLY ISO MOTION FOR LEAVE TO
FILE ITS THIRD AMENDED ANSWER AND COUNTERCLAIMS

CASE NO. 5:13-CV-03345-BLF (JSC)

*against Nistica, including those that arose on or before the date of the agreement. Finisar has waived, released, and covenanted not to sue Nistica for patent infringement relating to the patents-in-suit*, including U.S. Patent Nos. 7,092,599 and 7,397,980. Similarly, Finisar has waived, released, and covenanted not to sue Nistica on any cause of action, including patent infringement, based on any actions by Nistica that occurred on or before December 28, 2009. Finisar is not entitled, among other things, to any patent damages prior to December 29, 2009, and is not entitled to an injunction based on any actions by Nistica that occurred on or before December 28, 2009. (Dkt No. 132, at 20:8-26.)

In response to Finisar's Motion, Nistica amended this affirmative defense to make clear it is limited to the WSS MEMS products, which existed at the time of the 2009 Settlement Agreement. Narrowing the defense to apply to a particular line of accused products Finisar knew about at the time of the 2009 Settlement Agreement, rather than all accused products, is not prejudicial. For example, in the TAA, the 20th Affirmative Defense provides,

> Nistica repeats and realleges the allegations set forth in its 18th, 19th and 21st to 23rd affirmative defenses as though fully set forth herein. Plaintiff's claims are barred in whole or in part by *release, waiver and/or a covenant not to sue with respect to Finisar's claim that Nistica makes, uses, sells, offers for sale and/or imports WSS MEMS products, e.g., Nistica's Fledge, Full Fledge, and line cards and products containing such MEMS devices, that allegedly infringe the patents-in-suit. Finisar released in Section 7 of the Agreement any claims that Nistica's WSS MEMS products, e.g., Nistica's Fledge, Full Fledge, and line cards and products containing such MEMS devices, infringe the patents-in-suit*. Finisar agreed and covenanted in Section 7 of the Agreement not to assert any such claims against Nistica, including claims that Nistica's WSS MEMS products, e.g., Nistica's Fledge, FullFledge, and line cards and products containing such MEMS devices, infringe the patents-in-suit. Per the terms of Section 7 of the Agreement, Finisar has knowingly waived any claims these products infringe the patents-in-suit. (Dkt No. 152-1, Ex. A at 19:2-13) (emphasis added).

Similarly, the 21st Affirmative Defense in the TAA (Unclean Hands) was pled as the 22nd Affirmative Defense in the SAA. The only differences between the 21st Affirmative Defense in the TAA and the 22nd Affirmative Defense in the SAA are (i) incorporating by reference the earlier affirmative defenses, "Nistica repeats and realleges the allegations set forth in its 18th, 19th and 22nd to 23rd affirmative defense as though fully set forth herein"; and (ii) adding "or" to "[f]urther, Finisar's inequitable, unfair, and/<u>or</u> deceitful conduct has an immediate and necessary relation to the relief that Finisar seeks in this lawsuit." (*See* Dkt No. 152-1, Ex. B at pp. 69-70.) Such minor amendments are not prejudicial.

- 7 -

NISTICA'S AMENDED REPLY ISO MOTION FOR LEAVE TO
FILE ITS THIRD AMENDED ANSWER AND COUNTERCLAIMS
CASE NO. 5:13-cv-03345-BLF (JSC)

With respect to the 22nd (Laches)[6] and 23rd (Equitable Estoppel) Affirmative Defenses, Finisar only moved to strike the portions of the 27th (Laches) and 28th (Equitable Estoppel) affirmative defenses related to the LCoS accused products -- "In particular, Nistica drafted these defenses as though they are applicable to all of Nistica's accused products even though Nistica does not, and cannot, allege that its LCOS-based accused WSS and line card products were marketed or sold for a length of time long enough to implicate laches or equitable estoppel before this lawsuit was filed… Because Nistica has not pled any facts in connection with its equitable estoppel or laches affirmative defenses in its 27th and 28th Affirmative Defenses that pertain to its LCOS-based WSS products accused of infringement, Nistica's 27th and 28th Affirmative Defenses should be stricken as to Nistica's LCOS-based accused products and Finisar's claims of infringement that pertain to them." (Dkt No. 142, at 22:15-19, 23:6-10.) Accordingly, in its TAA, Nistica revised both defenses to clarify the defenses are based only on the WSS MEMS line products. (Dkt No. 152-1, Ex. B at pp. 72-76.)

Furthermore, the only differences between the 23rd Affirmative Defense (Equitable Estoppel) in the TAA and the 28th Affirmative Defense in the SAA are (i) incorporating by reference the earlier affirmative defenses, "Nistica repeats and realleges the allegations set forth in its Eighteenth through Twenty Second affirmative defenses as though fully set forth herein"; (ii) adding the underlined language to make clear the defense was limited to the WSS MEMS products, " Plaintiff claims are is barred in whole or in part due to the doctrine of equitable estoppel <u>with respect to Nistica's WSS MEMS products, e.g., Nistica's Fledge, Full Fledge, and line cards and products containing such MEMS devices;</u> and (iii) changing the phrase "from at

---

[6] Finisar also argues that Nistica pleads *new* allegations in its Laches defense in the TAA relating to a prior owner of the patents-in-suit, CiDRA. Again, Finisar is mistaken. In its SAA, Nistica specifically pled laches based on "Finisar and/or *prior owners* of the patent-in-suit." (Dkt No. 132, 23:2.) Because, as Finisar knows full well, CiDRA is a *prior owner* of half of the six patents-in-suit, there is nothing new in Nistica's TAA other than identifying CiDRA's name as a prior owner, which Finisar was already aware. Moreover, because Finisar complained in its Motion to Dismiss and Strike (Dkt No. 142, 23:3-21) that Nistica "has not pled any facts," to support the Laches defense in the SAA, any specific information found in the defense in the TAA, and not found in the SAA, was added in response to Finisar's Motion.

- 8 -

NISTICA'S AMENDED REPLY ISO MOTION FOR LEAVE TO
FILE ITS THIRD AMENDED ANSWER AND COUNTERCLAIMS

CASE NO. 5:13-CV-03345-BLF (JSC)

least 2007 to 2012" to "from at least 2007 until it filed this lawsuit in July 2013". (*See* Dkt No. 152-1, Ex. B at pp. 75-76.) Such minor amendments are not prejudicial.

Second, in its Opposition, Finisar misleadingly argues that "fact discovery will close soon," and that Nistica is seeking to expand the scope of the case "mere weeks" or "seven weeks" before the close of fact discovery." (Dkt No. 156 at 2:16-17; 11:6-10.) Finisar is mistaken. Fast discovery is scheduled to close on May 30, 2015. Accordingly, when Nistica filed its SAA containing each of the affirmative defenses at issue, the close of fact discovery was more than five months away. Indeed, when Nistica filed the present motion attaching the proposed TAA there were more than four months left in fact discovery (not seven weeks as Finisar alleges). Moreover, Finisar fails to tell the court that fact discovery is ongoing and, in fact, is nascent. Specifically, to date, one witness has been deposed in this entire case by any party, the parties are still producing, and are early in the process of doing so, e-mail pursuant to the District's Model Stipulation & Order (Dkt No. 134), and the parties agreed not to provide responses to contentions interrogatories until April 2, 2015. *See* Exhibit 1 attached to Declaration of Jennifer D. Bennett in support of Nistica's Reply to its Motion for Leave to File a Third Amended Answer. Significantly, missing from Finisar's Opposition is any argument that Finisar is prejudiced by the need to take additional discovery as a result of the proposed amendments. Moreover, trial is scheduled for February 8, 2016 (Dkt No. 131), more than one year after Nistica files its Motion. *See Clear-View Techs., Inc. v. Rasnick,* Case No. 13-cv-02744-BLF, 2014 U.S. Dist. LEXIS 123523, \*6 (N.D. Cal. Sept. 3, 2014) (finding no prejudice of adding counterclaims when discovery was nascent and the trial date was nearly a year away). Therefore, contrary to Finisar's assertion, this case is nothing like *Medtronic, Inc. v. AGA Med. Corp.*, No. 07-cv-0567-MMC, 2009 U.S. Dist LEXIS 16122 (N.D. Cal. Feb. 18, 2009). In *Medtronic*, unlike the present case. fact discovery had already closed when defendant tried to add a counterclaim alleging plaintiff falsely marked its product and Medtronic argued that if the false marking claim was asserted, expert discovery "would necessarily be expanded" and "jury confusion" would result. *Id.* at \*3. None of these facts are present here.

- 9 -

|   |   |
|---|---|
| 1 | Lastly, Finisar argues that Nistica has waived its right to assert the affirmative defenses in |
| 2 | the TAA.[7] This argument is misplaced. As in *United States v. King Features Entm't, Inc.*, 843 |
| 3 | F.2d 394, 399 (9th Cir. 1988), there is no evidence here of any intent by Nistica to knowingly |
| 4 | relinquish its rights. At the very beginning of the case, Nistica pled in the Answer on September |
| 5 | 9, 2013 as an affirmative defense that plaintiff's claims are barred by equitable doctrines such as |
| 6 | waiver, laches, implied license, equitable estoppel, which are common affirmative defenses pled |
| 7 | in most all patent cases. (Dkt. No. 20 at 10.) It then chose, also at the outset of the case, not to |
| 8 | plead this in its First Amended Answer filed on October 24, 2013 (Dkt. No. 35) and instead |
| 9 | determine after additional fact discovery was to be conducted whether to plead these defenses. It |
| 10 | timely pled these defenses on December 5, 2014 in its SAA per the parties' agreement that they |
| 11 | could freely amend pleadings, without placing any restriction, so long as done by December 5, |
| 12 | 2014. There was no waiver, no affirmative statement of any kind that Nistica would never plead |
| 13 | these defenses to conform to the evidence after discovery was conducted. Indeed, a finding that |
| 14 | Nistica somehow waived its right to assert these affirmative defenses would preclude a |
| 15 | resolution of this case on the merits. *See Dao v. Liberty Life Assur. Co.*, No. 14-cv-04749-SI, |
| 16 | 2015 U.S. Dist. LEXIS 12793, *12 (N.D. Cal. Feb. 3, 2015) (finding that a waiver of affirmative |
| 17 | defenses would undermine the policy in favor of resolution on the merits.) Moreover, Finisar |
| 18 | has provided no evidence, just lawyer argument, that it relied upon this pleading amendment to |
| 19 | believe that Nistica wouldn't later amend its pleading to add these defenses if warranted by the |
| 20 | facts. |

### B. Nistica's Proposed Amendments Are Not Futile, Unduly Delayed, Nor Made in Bad Faith.

Finisar next argues the amendments to Nistica's 18th through 22nd Affirmative Defenses

---

[7] The cases Finisar cite are inapposite. For example, in *United States v. King Features Entm't, Inc.*, 843 F.2d 394, 399 (9th Cir. 1988), the court found there was *no* waiver. And in both *Hynix Semiconductor Inc. v. Rambus Inc.*, 645 F.3d 1336, 1348 (Fed. Cir. 2011), and *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1020 (Fed. Cir. 2008) the Federal Circuit describes the waiver of patent rights in the ***standard setting organization context***.

- 10 -

NISTICA'S AMENDED REPLY ISO MOTION FOR LEAVE TO   CASE NO. 5:13-CV-03345-BLF (JSC)
FILE ITS THIRD AMENDED ANSWER AND COUNTERCLAIMS

in Nistica's SAA are futile.[8] Nistica revised its 18th (License/Implied License), 20th (Estoppel), 21st (Release Waiver and Covenant not to Sue) and 22nd (Unclean Hands) affirmative defenses, such that each of these defenses are based solely on the 2009 Settlement Agreement and the accused WSS MEMS line of products. It is clear in each of these amended affirmative defenses in the TAA, that Finisar knew about the WSS MEMS line of products at the time of the 2009 Settlement Agreement. Therefore, on their face, the amended affirmative defenses in the TAA are not futile. *See Finjin, Inc.*, 2014 U.S. Dist. LEXIS 163425, *8 (finding on its face pleading was not futile). Finisar's argument to strike is based on its own interpretation of the 2009 Settlement Agreement. This is inappropriate at this stage of the case. *See also Clear-View Techs.,* 2014 U.S. Dist. LEXIS 123523 , at *8 (granting motion for leave to file an amended answer and counterclaims).

Finisar also argues that "Nistica does not even try to explain what new facts have compelled it to seek this new amendment at this juncture of the case" to support its argument Nistica delayed in filing its TAA. (Dkt No. 156 at 13:3-5.) Specifically, Finisar argues Nistica knew about the 2009 Settlement Agreement since December 2009 and therefore, Nistica somehow delayed filing its affirmative defenses based on the 2009 Settlement Agreement. (Dkt No. 156 at 1:4-6, 5:18-20, 13:25-26, 14:23-26.) This argument is nonsensical. Nistica *timely* filed its SAA on December 5, 2014, asserting each of the affirmative defenses at issue based on the 2009 Settlement Agreement. (Dkt No. 132.) As explained throughout Nistica's Motion for Leave, the TAA was filed only as a result of Finisar's Motion to Strike the SAA. (Dkt No. 152.) The *new* facts that compelled the amendment was Finisar filing its Motion to Strike.

Additionally, Finisar argues that some of Nistica's changes to the affirmative defenses are not related to its Motion to Dismiss and Strike and that Nistica failed to explain why the addition of a minor change to Nistica's non-infringement affirmative defenses could not have been made earlier. (Dkt No. 156 at 8:17-23.) Specifically, Finisar takes issue with the addition of the

---

[8] Finisar does not appear to argue the amendments to the 27th (Laches) and 28th (Equitable Estoppel) affirmative defenses are futile. This is consistent with Nistica's understanding these affirmative defenses were only challenged with respect to the LCoS line of products.

- 11 -

NISTICA'S AMENDED REPLY ISO MOTION FOR LEAVE TO FILE ITS THIRD AMENDED ANSWER AND COUNTERCLAIMS   CASE NO. 5:13-CV-03345-BLF (JSC)

following underlined language, "Plaintiff is not entitled to any relief against Defendant because Defendant has not directly, indirectly, contributorily, or by inducement infringed any valid claim of the '328 patent either literally or under the doctrine of equivalents, <u>and Nistica has not contributed to or induced infringement of any third parties, including third parties that plaintiff has licensed and/or agreed not to assert the patents-in-suit against</u>," added to Nistica's non-infringement affirmative defenses for each of the patents-in-suit. (Dkt No. 152-1, Ex. B.) However, contrary to Finisar's argument, this clause does not add any new legal theories and *was* made as result of Nistica's revisions to its SAA. Specifically, Nistica has always asserted that it does not "indirectly" or "induce" infringe any of the patents-in-suit, as evidenced by the language above. Nistica agreed to drop its 18th through 22nd affirmative defenses as they relate to Finisar's agreements with its customers, and the corresponding 13th Counterclaim. Out of an abundance of caution, Nistica adds this language to make clear that by dropping these specific affirmative defenses and the related counterclaim, Nistica is in no way waiving its right to argue that it does not indirectly infringe or induce infringement of the asserted patents if the alleged direct infringer is one of Finisar's licensed customers.

Lastly, Finisar argues the proposed TAA was made in bad faith.[9] (Dkt No. 156 at 14:23-26.) Once again to support its argument, Finisar relies on the fact Nistica had the 2009 Settlement Agreement since 2009 and should have included defenses based on this agreement by the December 5, 2014 deadline. (Dkt No. 156 at 14:23-15:2.) This argument again is nonsensical. Nistica filed its SAA by the December 5, 2014 deadline (Dkt No. 132) to assert affirmative defenses based on the 2009 Settlement Agreement. Therefore, the amendments in the SAA were indisputably timely and not made in bad faith. Because Nistica has now proposed amendments to these affirmative defenses, such as to limit the defenses to a particular line of accused product, does not evidence any bad faith, to the contrary, it is evidence of Nistica's good faith effort to resolve the issue.

---

[9] Finisar's reliance on *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) is misplaced. In *Griggs*, the Ninth Circuit found there was *no* bad faith, even when there may have been bad faith in previous filings. *Id.*

## IV. CONCLUSION

For the foregoing reasons, Nistica respectfully request that the Court grant it leave to file its proposed Third Amended Answer to the Complaint.

Dated: February 18, 2015

Respectfully submitted,

DENTONS US LLP

By: /s/ *Jennifer D. Bennett*

Jennifer D. Bennett
Attorney for Defendant Nistica, Inc.

- 13 -

# CERTIFICATE OF SERVICE

I, Jocasta Wong, hereby declare:

I am employed in the City and County of Palo Alto, California in the office of a member of the bar of this court whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Dentons US LLP, 1530 Page Mill Road, Suite 200, Palo Alto, California 94304.

On February 18, 2015, the following documents, described as:

**NISTICA'S AMENDED REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE ITS THIRD AMENDED ANSWER AND COUNTERCLAIMS**

to be served via CM/ECF by the Clerk of the Court, upon all counsel of record registered to receive electronic filing, as indicated on the Court's website, or by United States Mail, upon those parties not registered for electronic filing.

I declare under penalty of perjury that the above is true and correct. Executed on February 18, 2015, in Palo Alto, California.

/s/ *Jocasta Wong*
Jocasta Wong

83830021\V-1

CERTIFICATE OF SERVICE　　　　　　　　　　　　　　　　CASE NO. 5:13-CV-03345-BLF (JSC)