ROBERT F. KRAMER (Bar No. 181706)
Email: robert.kramer@dentons.com
JENNIFER D. BENNETT (Bar No. 235196)
Email: jennifer.bennett@dentons.com
RUSSELL S. TONKOVICH (Bar No. 233280)
Email: russell.tonkovich@dentons.com
C. GIDEON KORRELL (Bar No. 284890)
Email: gideon.korrell@dentons.com
DENTONS US LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA  94304-1125
Telephone:  (650) 798-0300
Facsimile:   (650) 798-0310

SHAILENDRA MAHESHWARI (*Pro Hac Vice*)
Email: shailendra.maheshwari@dentons.com
DENTONS US LLP
1301 K Street, NW
Suite 600, East Tower
Washington, D.C.  20005-3364
Telephone:  (202) 408-6400
Facsimile:   (202) 408-6399

JOEL N. BOCK (*Pro Hac Vice*)
Email: joel.bock@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
Telephone:  (212) 768 6700
Facsimile:   (212) 768 6800

Attorneys for Defendant
NISTICA, INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>NISTICA, INC., a Delaware corporation,<br><br>　　　　Defendant. | Case No. 5:13-cv-03345-BLF (JSC)<br><br>**DEFENDANT NISTICA, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Date:　　March 26, 2015<br>Time:　　9:00 a.m.<br>Place:　　San Francisco Courthouse, Courtroom F<br>Judge:　 Hon. Jacqueline Scott Corley |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on March 26, 2014, at 9:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom F of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, in San Francisco, California, Defendant Nistica Inc. ("Nistica"), by and through its counsel, shall and hereby does move for an order to file under seal portions of Nistica's Opposition to Finisar's Motion to Strike Portions of Nistica's Amended Preliminary Invalidity Contentions and Exhibits 17 through 27 to Robert Kramer's declaration in support of the same.

Nistica's motion is based upon this Notice, the attached Memorandum and Point and Authorities, the concurrently filed declaration of Russell Tonkovich dated February 19, 2015, Robert Kramer's declaration and the exhibits attached thereto, the complete files and records of this action, any oral argument the Court permits, and any further information that may properly be presented to the Court for consideration at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

Civil Local Rule 79-5(d)(1) of the United States District Court for the Northern District of California provides that a party seeking to file a document under seal may make a motion in accordance with Civil Local Rule 7-11.  As such, pursuant to Local Rule 7-11 and 79-5, Defendant Nistica, Inc. respectfully requests an order to file under seal portions of its Opposition to Finisar's Motion to Strike Portions of Nistica's Amended Preliminary Invalidity Contentions and related Exhibits 17 through 27 to Robert Kramer's declaration in support of the same.

A party may overcome the presumption of access to information in the courts by showing that information may create a risk of significant competitive injury and particularized harm.  *See, e.g. Oracle USA, Inc. v. SAP AG*, No. 07-CV-01658, 2009 U.S. Dist. LEXIS 71365, at *5 (N.D. Cal. Aug. 13, 2009) (granting request to seal documents containing confidential, commercially sensitive and proprietary information) (citing *Phillips v. General Motors Corp.*, 307 F. 3d 1206, 1211 (9th Cir. 2006)).  Additionally, documents are appropriately sealed where they contain trade secrets that, if disclosed, may create further risk of significant competitive injury and particularized harm.  *See Apple, Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161-62 (9th Cir. 2011) (citing *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990)).  Furthermore, documents are also appropriately sealed where disclosure would violate a party's legitimate privacy interests and create a risk of competitive injury and particularized harm and prejudice. *See, e.g., Landmark Screens, LLC v. Morgan, Lewis & Bockius LLP*, No. C08-02581, 2010 U.S. Dist. LEXIS 91832, at *18 (N.D. Cal. Aug. 13, 2010) (granting request to seal deposition transcript pages that reflect confidential business information not intended for public disclosure).

Here, the exhibits to Robert Kramer's declarations for which Nistica seeks to seal are:

(1) Exhibit 17 –Finisar Corp.'s Patent L.R. 3-1 Disclosure of Asserted Claims and Preliminary Infringement Contentions served on December 23, 2013;

(2) Exhibit 18 – Finisar Corp.'s Supplemental Preliminary Infringement Contentions served on February 10, 2014;

(3) Exhibit 19 – Finisar Corp.'s Selection of Asserted Claims and Supplemental Prelmiinary Infringement Contentions For Newly Asserted Claims. served on May 7, 214;

     (4) Exhibit 20 – Finisar's Amended Preliminary Infringement Contentions served on December 19, 2014;

     (5) Exhibit 21 – Redline comparison of Finisar's infringement contentions for U.S. Patent No. 6,956,687;

     (6) Exhibit 22 – Redline comparison of Finisar's infringement contentions for U.S. Patent No. 7,123,833 for the MEMS product line;

     (7) Exhibit 23 – Redline comparison of Finisar's infringement contentions for U.S. Patent No. 7,123,833 for liquid crystal product line;

     (8) Exhibit 24 – Redline comparison of Finisar's infringement contentions for U.S. Patent No. 7,126,740;

     (9) Exhibit 25 – Redline comparison of Finisar's infringement contentions for U.S. Patent No. 6,430,328;

     (10) Exhibit 26 – Redline comparison of Finisar's infringement contentions for U.S. Patent No. 7,092,599;

     (11) Exhibit 27 – Redline comparison of Finisar's infringement contentions for U.S. Patent No. 7,397,980.

     Further, Nistica moves to redact the portions of Defendant Nistica, Inc.'s Opposition to Plaintiff Finisar Corporation's Motion to Strike Portions of Nistica's Amended Preliminary Invalidity Contentions ("Nistica's Opposition") that discuss confidential, trade secret, and proprietary product information relating to Nistica's and Finisar's products.

     Finisar's infringement contentions in Exhibits 17-27 and the redacted portions of Nistica's Opposition contain confidential, trade secret, and proprietary product information concerning certain Nistica's products.  (Russell Tonkovich Decl., ¶ 2-3.)  Nistica would suffer competitive harm in the marketplace if the confidential, trade secret, and proprietary product information contained in Exhibits 17-27 and Nistica's Opposition were made publicly available and available to Nistica's competitors.  Furthermore, pursuant to Nistica's March 11, 2014 administrative motion to seal, the Court had previously found the December 23, 2013 and February 10, 2014 infringement contentions sealable.  (Dkt. 82.)  Accordingly, because the

1   information contained within Finisar's infringement contentions is not publicly available, good
2   cause exists to file those exhibits under seal.

3    Dated:  February 19, 2015                DENTONS US LLP

                                              By   */s/ Robert F. Kramer*
                                                    ROBERT F. KRAMER

                                              Attorneys for Defendant
                                              NISTICA, INC.