UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>NISTICA, INC.,<br><br>    Defendant. | Case No. 13-cv-03345-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND; GRANTING IN PART PLAINTIFF'S MOTION TO DISMISS/STRIKE**<br><br>[Re: ECF 142, 152] |

On March 19, 2015, the Court heard argument on defendant Nistica, Inc.'s Motion for Leave to File Third Amended Answer and Counterclaims, ECF 152, and plaintiff Finisar Corporation's Motion to Dismiss and Strike counterclaims and affirmative defenses in Defendant's Second Amended Answer, ECF 142.

For the reasons stated on the record, Defendant's motion for leave to amend is GRANTED. Defendant shall file the proposed Third Amended Answer and Counterclaims into the record **by no later than March 25, 2015.**

Because Plaintiff acknowledges that it had ample opportunity to address the deficiencies in the proposed Third Amended Answer in the parties' briefing on the present motions, the Court shall apply Plaintiff's arguments in its motion to dismiss and strike to Defendant's Third Amended Answer. For the reasons stated on the record, Plaintiff's motion to dismiss and strike is GRANTED IN PART and DENIED IN PART as follows:

1. Plaintiff's motion is GRANTED with respect to the counterclaims and affirmative defenses in the Second Amended Answer ("SAA") that Defendant did not renew in the Third Amended Answer ("TAA"). These include: the SAA 13th and 14th counterclaims for breach of contract and the affirmative defenses of patent exhaustion (SAA 19th), mitigation of damages

(SAA 23rd), justified conduct (SAA 24th), failure to state a claim (SAA 25th), and unjust enrichment (SAA 26th).  These counterclaims are dismissed, and the affirmative defenses stricken, with prejudice.

2. Plaintiff's motion is GRANTED IN PART and DENIED IN PART with respect to the affirmative defenses of license/implied license (TAA 18th), estoppel (TAA 19th), and release/waiver/covenant not to sue (TAA 20th).  The Court finds implausible the theory that the 2009 Settlement Agreement between Plaintiff and Defendant contemplated releasing claims based upon patents that the parties did not own at the time of the agreement.  As such, the portions of these affirmative defenses that depend on a purported release of claims pertaining to the '687, '833, and '740 Patents—which Plaintiff acquired from CiDRA Corporate Services years after the entry of the Settlement Agreement—are STRICKEN.  Plaintiff's motion is DENIED IN PART because the Court finds that Defendant may plausibly assert that the 2009 Settlement Agreement released claims with respect to the '599 and '980 Patents, to the extent that Defendant's MEMS devices are accused of infringing those patents.  Moreover, Defendant may assert equitable defenses based upon Plaintiff's succession of interest to the '687, '833, and '740 Patents that are not dependent on any release found in the 2009 Settlement Agreement.

3. Plaintiff's motion is accordingly DENIED with respect to the affirmative defenses of unclean hands (TAA 21st), laches (TAA 22nd), and equitable estoppel (TAA 23rd).

Because the Court has ordered that a portion of Defendant's affirmative defenses be stricken, Defendant shall have leave to file a Fourth Amended Answer that conforms to this order. The parties are ordered to meet and confer concerning this conformed pleading.  To the extent the parties can reach a stipulation, the Fourth Amended Answer shall be filed **by no later than April 3, 2015.**  To the extent the parties cannot so stipulate, the Third Amended Answer, as modified by this order, shall be the operative pleading.

**IT IS SO ORDERED.**

Dated: March 20, 2015

BETH LABSON FREEMAN
United States District Judge

2