

July 6, 2015

Christopher Cox
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

**REDACTED PUBLIC VERSION OF DOCUMENT SUBJECT TO FINISAR'S MOTION TO SEAL**

David C. Radulescu
Tigran Vardanian
Etai Lahav
Robin M. Davis
Daniel Kesack
RADULESCU LLP
The Empire State Building
350 Fifth Avenue, Suite 6910
New York, NY 10118

Attorneys for Plaintiff
FINISAR CORPORATION

Hon. Jacqueline Scott Corley
United States District Court
San Francisco Courthouse, Courtroom F
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Finisar Corporation v. Nistica, Inc.*, No. 5:13-cv-03345-BLF
   <u>Letter Brief – Motion for Order to Compel Supplementation of Finisar's Interrogatory Nos. 1 and 5, and Documents Responsive to Finisar's Request for Production Nos. 11, 19-20, 29-32, 35-37, 39-40, 54-55, 59-60, 64, and 69-71.</u>

Dear Judge Corley,

Finisar seeks an order compelling Nistica to provide essential technical information concerning Nistica's Accused Products because Nistica still has not produced certain technical information on numerous Accused Products, specifically Accused Products that are in early research and development phases. In particular, Finisar seeks an order compelling Nistica to produce technical documentation sufficient to show the operation of *all* Nistica Accused Devices in response to Finisar's Request for Production Nos. 11, 19-20, 29-32, 35-37, 39-40, 54-55, 59-60, 64, and 69-71 (the "Disputed RFPs") and as required by local Rule 3-4(a), and to provide related supplementation to its response to Finisar's Interrogatory Nos. 1 and 5 with information relating to *all* Nistica Accused Devices. Finisar sought to meet and confer concerning the issues raised in this letter brief on June 29 and 30, but Nistica refused to do so until July 3, a federal holiday. *See* Ex. M. Finisar sent a draft motion to Nistica on July 1, but Nistica sent new representations relevant to this motion to Finisar without sufficient time for the parties to provide a joint filing today, the L.R. 37-3 deadline. *See* Exs. M, N, O. Finisar does not object to Nistica filing a 2-page response on July 7, 2015.



The discovery concerning technical aspects of the Nistica Accused Devices sought here is highly relevant to Finisar's infringement case—it is discovery Nistica is required to provide under Patent L.R. 3-4(a). In Finisar's Amended Infringement Contentions, Finisar identified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (the "Accused Series") as infringing claims of Finisar's asserted patents— (together, the "Nistica Accused Devices"). *See* Ex. A at 2-4. Nistica must provide technical documents for, and supplement its interrogatory responses to include, each product within each Accused Series, even if the product is still under development or only the subject of an offer for sale. Finisar does not seek further production on abandoned products not in active development.

*Production of Technical Documents*: The Disputed RFPs include multiple requests for technical documents relating to each product within each Nistica Accused Series. *See* Ex. B; *see also* Dkt. No. 56 at 1. Additionally, Patent L.R. 3-4(a) requires that Nistica, as the party opposing Finisar's claims of patent infringement, produce documentation sufficient to show the operation of all aspects of each product within each Accused Series. *See* Patent L.R. 3-4(a). Nistica's pattern in this case has been to represent that technical specifications ("NSPs") and Bills of Materials ("BOMs") for all of the Accused Products have been produced (*see, e.g.*, Exs. C, D), and then, when pressed by Finisar, produce NSPs and BOMs for further Accused Products.[1] *See, e.g.*, Ex. E.

However, Nistica has not yet, and apparently still refuses, to produce all NSPs and BOMs in its possession custody or control, instead focusing only on documents that are stored in its Omnify engineering control database and only on products it has made or sold. *See* Ex. O. In Nistica's discussion of its reasonable search for these documents on the parties' July 3 meet and confer, and as confirmed in its July 6 letter, Nistica only indicates having searched this engineering database for technical documentation. *See id.* Nistica apparently limited its search to technical documents regarding products that have been made or sold, even though products in the research and development phase also infringe. *See Soltec, S.A. v. Silicon Genesis Corp.*, 81 Fed. Appx. 734, 737 (Fed. Cir. 2003) ("infringement during the early stages of process development is nonetheless a violation of patent law"). Additionally, for products that may not have technical documents in Nistica's engineering database, such as research and development projects, Nistica's reasonable search should include the files of the engineers working on those projects, and any other place Nistica stores research and development technical documents.

*Finisar's Interrogatory No. 1*: Interrogatory No. 1 seeks an identification of all Accused Devices, including internal code names, model names or numbers and project names. *See* Ex. I at 7. Nistica improperly limits its latest response to exclude products clearly within an Accused Series. *See* Ex. J at 6. It is beyond dispute that other Nistica products exist. *See, e.g.*, Ex. K at tab "Sheet1" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *see also* Ex. L at 35:8-25.

---

[1] Nistica further produced BOMs for products numbers ▮▮▮▮▮▮▮▮▮▮▮▮ on June 22 and NSPs product numbers ▮▮▮▮▮▮▮▮▮▮▮▮ on June 21.



Hon. Jacqueline Scott Corley
July 6, 2015

Finisar compiled a list of product numbers it was able to identify through analysis of Nistica's document production, and asked Nistica to supplement its response to Interrogatory No. 1 with a full list of Nistica Accused Devices.  *See* Ex. F at 1.  Nistica refused.  *See* Ex. G.  Nistica should be ordered to supplement its response.  *See Adv. Micro Devices, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 08-cv-986-SI, 2009 WL 1834147, at *3 (N.D. Cal. June 24, 2009) (ordering defendant to produce discovery on products identified during discovery substantially similar to those in plaintiff's infringement contentions).  This is especially important because Nistica hides behind this deficient response to avoid fully responding to Interrogatory No. 5 and others.

*Finisar's Interrogatory No. 5*:  Finisar's Interrogatory No. 5 seeks an identification of each optical component in each Nistica Accused Device identified in response to Interrogatory No. 1.  *See* Ex. B at 8.  Rather than provide a narrative response to this interrogatory, Nistica's Third Supplemental Response refers Finisar to BOMs in Nistica's document production via Fed. R. Civ. P. 33(d).[2]  *See* Ex. I at 16.  However, Nistica has not provided BOMs for at least 29 of the Nistica Accused Products.  *See* Ex. F at 1-2; *see also* n.1 *supra*.  Thus, for those 29 products, Nistica has not provided Finisar with any response.  *See id.*  If no BOM exists, Nistica must supplement its response to answer this Interrogatory in a narrative or other form for all Accused Products, including any developmental products.

**Conclusion**:  Finisar respectfully requests that the Court order Nistica to produce technical documents sufficient to describe each Accused Products, including products in development, and to supplement its responses to Finisar's Interrogatory No. 1 and 5 to provide relevant information on the same products.

Respectfully submitted,

RADULESCU LLP
WEIL GOTSHAL & MANGES LLP
By: */s/ David C. Radulescu*
Attorneys for Plaintiff Finisar Corporation

---

[2] Nistica's response also identifies two 3-D models in the .easm file format for each Accused Series, without identifying which products correspond to each EASM file.  The importance of this omission is evident through the deposition testimony of Nistica's CTO, who testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *See, e.g.*, Ex. H (Dep. Tr. of Thomas Strasser) at 86:16-87:7.  Should Nistica offer to represent that every Nistica product within a particular Accused Series can be analyzed for infringement purposes using one representative BOM or set of optical components, Finisar would entertain such an agreement.