**Robert F. Kramer**
Partner

robert.kramer@dentons.com
D  +1 650.798.0356

Dentons US LLP
1530 Page Mill Road
Suite 200
Palo Alto, CA  94304 USA

T  +1 650 798 0300
F  +1 650 798 0310

Salans FMC SNR Denton
dentons.com

July 8, 2015

Robert F. Kramer
Jennifer D. Bennett
Russell Tonkovich
C. Gideon Korrell
DENTONS US LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA  94304

REDACTED PUBLIC VERSION OF
DOCUMENT SUBJECT TO
NISTICA'S MOTION TO SEAL

*Attorneys for Defendant*
NISTICA, INC.

Hon. Jacqueline Scott Corley
UNITED STATES DISTRICT COURT
San Francisco Courthouse, Courtroom F
450 Golden Gate Avenue
San Francisco, CA  94102

Re:   *Finisar Corporation v. Nistica, Inc.*, No. 5:13-cv-03345-BLF
       **Letter Brief –Nistica's Opposition to Finisar's Motion for Order to Compel Supplementation of Finisar's Interrogatory Nos. 1 and 5, and Documents Responsive to Finisar's Requests for Production**

Dear Judge Corley:

Defendant Nistica, Inc. ("Nistica") submits this letter brief in response to Finisar's motion identified above.  Motion for Order to Compel Supplementation of Finisar's Interrogatory Nos. 1 and 5, and Documents Responsive to Finisar's Requests for Production.  Finisar's motion lacks merit and is based on a misrepresentation of Nistica's document production.  Nistica has conducted a reasonable search and produced all technical specifications ("NSPs") and bills of materials ("BOMs") for all product numbers as of the close of fact discovery.  Contrary to Finisar's allegations, Nistica has not refused to produce any NSPs or BOMs.

**Nistica Has Met Its Discovery Obligations Regarding NSPs and BOMs**

Nistica has met its discovery obligations.  As Nistica has told Finisar, Nistica has conducted a reasonable search and produced NSPs and BOMs for all of the product numbers that were found

Case5:13-cv-03345-BLF   Document230   Filed07/08/15   Page2 of 3

DENTONS

Hon. Jacqueline Scott Corley
July 8, 2015
Page 2

Salans FMC SNR Denton
dentons.com

as of the close of discovery.  Ex. A (7/6/15 Korrell Letter).[1]  Contrary to Finisar's false allegations, Nistica's letter never states that the search was limited to only the Omnify database.[2]  Nistica has thus met its discovery obligations.  For example, Nistica produced the NSPs and BOMs for all of the product numbers that were accused in Finisar's Amended Infringement Contentions served December 19, 2014 as of October 2013 with the exception of documents for 9 product numbers, which were produced on or before April 14, 2015.  As for the remaining product numbers that were not accused of infringement, Nistica has conducted a reasonable search and produced NSPs and BOMs for all product numbers to the extent those documents exist.  For example, no NSP or BOM exists at this stage for the ▮▮▮▮▮▮▮▮.

**Interrogatory Nos. 1 and 5**
Finisar is playing games with the phrase "Nistica Accused Devices."  Patent Local Rule 3-1(b) requires Finisar to identify each product that it accuses of infringement by "name or model number."  In its Amended Infringement Contentions served on December 19, 2014, Finisar identifies over 120 specific product numbers as accused products.[3]  Nistica understands that the specific product numbers in Finisar's infringement contentions are the accused products in the case.  However, Finisar's motion seems to suggest that it is trying to accuse every product in every "series" that Nistica makes thereby adding huge numbers of new accused products at this late stage in litigation (i.e, just weeks before opening expert reports are due).  This is contrary to the Patent Local Rules, which require the identification of accused products by "model number" and to be "as specific as possible."  Patent L. R. 3-1(b).  Nistica has produced the NSPs and BOMs for all product numbers that existed as of the close of discovery.  Based on these documents, Finisar could have moved to add accused products to its infringement contentions, but chose not to do so.  Finisar's attempt to now sneak in additional accused product numbers not accused in its Amended Infringement Contentions at this late stage is extremely prejudicial to Nistica, who must serve its expert reports this month and next month.

In its response to Interrogatory No. 1, Nistica included all of the product numbers accused of infringement by Finisar in its Amended Infringement Contentions.  Nistica has fully responded with respect to those accused product numbers.  This is not disputed.  Rather, Finisar's motion

---



[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
[3] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Finisar has no Rule 11 basis to accuse these product numbers of infringement as they were never made, used, sold, offered for sale, or imported.

appears to seek additional information about abandoned research projects not accused of infringement, which is directly contrary to its representation to the Court that "Finisar does not seek further production on abandoned products that are not in active development." Supplying the additional information for abandoned product numbers and those that are not accused of infringement is overly burdensome and imposes significant costs on Nistica.[4]

Similarly, in its response to Interrogatory No. 5, Nistica provided a full response citing the BOMs for all product numbers accused of infringement by Finisar in its Amended Infringement Contentions. This is not disputed. Rather, Finisar's motion appears to seek additional information about abandoned research projects not accused of infringement, which is directly contrary to its representation to the Court that "Finisar does not seek further production on abandoned products that are not in active development." Supplying the additional information for abandoned product numbers is overly burdensome and imposes significant costs on Nistica, especially since Finisar made the conscious choice not to move the Court for leave to add any of these additional product numbers to its infringement contentions.

The timing of Finisar's motion reveals its true motives. After waiting four months from Nistica's last supplementation of these responses on March 5, 2015, Finisar filed its motion on July 6 with the goal of imposing additional costs on Nistica and distracting resources from the preparation of the expert reports, which are due in a few weeks. For the aforementioned reasons, Finisar's motion should be rejected.

Respectfully submitted,

DENTONS US LLP

By: /s/ Robert F. Kramer            .
Attorneys for Defendant Nistica, Inc.

---

[4] In its motion, Finisar specifically mentions ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓