*Finisar Corporation v. Nistica, Inc.*

**Case No. 5:13-cv-03345-BLF-JSC**

# EXHIBIT 1

## to the Tonkovich Declaration

ROBERT F. KRAMER (Bar No. 181706)
Email: robert.kramer@dentons.com
JENNIFER D. BENNETT (Bar. No. 235196)
Email: jennifer.bennett@dentons.com
RUSSELL S. TONKOVICH (Bar. No. 233280)
Email: russell.tonkovich@dentons.com
C. GIDEON KORRELL (Bar No. 284890)
Email: gideon.korrell@dentons.com
DENTONS US LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA  94304-1125
Telephone:  (650) 798-0300
Facsimile:   (650) 798-0310

SHAILENDRA MAHESHWARI (*Pro Hac Vice*)
Email: shailendra.maheshwari@dentons.com
DENTONS US LLP
1301 K Street, NW
Suite 600, East Tower
Washington, D.C.  20005-3364
Telephone:  (202) 408-6400
Facsimile:   (202) 408-6399

JOEL N. BOCK (*Pro Hac Vice*)
Email: joel.bock@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
Telephone:  (212) 768 6700
Facsimile:   (212) 768 6800

Attorneys for Defendant
NISTICA, INC.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NISTICA, INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:13-cv-03345-BLF (JSC)<br><br>**DEFENDANT NISTICA, INC.'S AMENDED PRELIMINARY INVALIDITY CONTENTIONS FOR U.S. PATENT NOS. 6,956,687, 7,123,833,  7,126,740,  6,430,328, 7,092,599, and 7,397,980**<br><br>**Hon. Beth L. Freeman** |

1  **I.      INTRODUCTION**

2          The parties stipulated, as set forth in the Case Management Statement filed November 14,

3  2014, that (a) by December19, 2014, Plaintiff Finisar Corp. ("Finisar") shall identify the patent

4  claims that are allegedly infringed in this case, limiting to sixteen total patent claims, no more

5  than five claims per asserted patent, (b) by December 19, 2014, Finisar is permitted to amend its

6  preliminary infringement contentions served per N.D. Cal. Patent L.R. ("Patent Rule") 3-1, (c) by

7  January 19, 2015, Defendant Nistica, Inc. ("Nistica") shall identify the prior art references that

8  invalidate the asserted claims of the patent-in-suit, limiting to 20 total prior art references, no

9  more than six references per asserted patent, and (d) by January 19, 2015, Nistica is permitted to

10 amend its preliminary invalidity contentions served per Patent Rule 3-3.

11          Pursuant to the parties' above-referenced stipulations, as well as the Court's Civil Minute

12 Order (Dkt. No. 130), Nistica hereby serves its Amended Preliminary Invalidity Contentions on

13 Finisar.  The Amended Preliminary Invalidity Contentions are based on Defendant's current

14 knowledge of U.S. Patent Nos. 6,956,687 ("the '687 Patent"), 7,123,833 ("the '833 Patent"),

15 7,126,740 ("the '740 Patent"), 6,430,328 ("the '328 Patent"), 7,092,599 ("the '599 Patent"), and

16 7,397,980 ("the '980 Patent") (collectively, the "Patents-in-Suit"), Plaintiff's current reading and

17 interpretation of the scope of the patent claims as set forth in its Amended Preliminary

18 Infringement Contentions, and Defendant's current understanding of the prior art.  Nistica's

19 Amended Invalidity Contentions are also in response to Plaintiff's Amended Preliminary

20 Infringement Contentions, which were served on December 19, 2014,[1] taking into account the

21 arguments Plaintiff raised in the claim construction briefing and hearing, as well as the Court's

22 Claim Construction Order dated October 1, 2014.  Nistica continues to pursue discovery and to

23 investigate and analyze the prior art and reserves the right to supplement these Preliminary

24 Invalidity Contentions to the extent permitted under the Local Rules.

25

26 ───────────────────

27          [1] Finisar has actually amended its Infringement Contentions several times in this case. Finisar initially served its Infringement Contentions on December 23, 2013.  Finisar then served Supplemental Infringement Contentions on February 10, 2014 and on May 12, 2014.  Recently,

28 Finisar served further Amended Preliminary Infringement Contentions on December 19, 2014.

## II.   THE ASSERTED CLAIMS OF THE PATENTS-IN-SUIT

In Plaintiff's Amended Preliminary Infringement Contentions, Finisar asserts the following claims from the Patents-in-Suit:

- Claims 1, 25, 29, 39, and 41 of the '740 Patent;
- Claims 1, 18, and 26 of the '833 Patent;
- Claims 1, 10, 12, and 14 of the '980 Patent.
- Claim 32 of the '687 Patent;
- Claims 14 and 24 of the '599 Patent; and
- Claims 34 of the '328 Patent;

## III.   THE ASSERTED CLAIMS ARE EACH INVALID FOR ANTICIPATION UNDER 35 U.S.C. § 102 AND/OR OBVIOUSNESS UNDER 35 U.S.C. § 103 IN VIEW OF THE PRIOR ART [PATENT RULES 3-3(A), (B) AND (C)]

Pursuant to Patent Rules 3-3(a), (b) and (c), Nistica contends that each of the Asserted Claims is invalid as anticipated by the prior art under various subsections of 35 U.S.C. § 102 and/or as obvious in view of the prior art under 35 U.S.C. § 103.[2]

### A.   U.S. Patent No. 7,126,740

#### 1.   Priority Date

The '740 patent is not entitled to a priority date prior to its filing date.  None of the applications to which the '740 patent claims priority provide legally adequate written description and enablement support for the asserted claims as required by 35 U.S.C. §§ 119 and 120.[3]  For example, none of the applications to which the '740 patent claims priority provide written description and enablement support for the following limitations in the asserted claims of the '740

---

[2] References showing the state of the art at the time of the purported invention of the Patents-in-Suit include at least the following: NIST00001929-5750; NIST00095684-972; NIST00096542-43; NIST00785090-658; and NIST00801498-5781.

[3] Neither in its Amended Preliminary Infringement Contentions (nor anywhere else) has Finisar stated what applications it is relying on for its alleged priority date of September 25, 2001. However, none of the applications to which the '740 patent claim priority provide written description and enablement support for the asserted claims, including the following applications: U.S. Patent App. No. 10/255,141, U.S. Provisional App. No. 60/325,065, U.S. Patent App. No. 10/255,133, U.S. Provisional App. No. 60/325,066, U.S. Patent App. No. 10/255,129, U.S. Provisional App. No. 60/325,068, U.S. Patent App. No. 10/255,132, and U.S. Provisional App. No. 60/325,064.

patent:

- "a light dispersion element for spreading each of the first and second optical input signals into respective optical bands or channels on separate portions of a spatial light modulator having an array of micromirrors and being programmable to perform separate optical functions on each of the first and second optical signals" (claim 1);

- "the spatial light modulator having a first set of micromirrors programmed to perform a first overall optical function on the first optical input signal, and having a second set of micromirrors programmed to perform a second overall optical function on the second optical input signal" (claim 1);

- "wherein the first overall optical function and second overall optical function are different" (claim 1);

- "wherein the optical arrangement includes one or more optical portions that provide the at least two optical input signals to the spatial light modulator, and also provide reflected optical signals depending on the first optical function and the second optical function" (claim 17)

- "the dispersion element spreads at least one optical signal and an optical add signal so that each optical band or channel is reflected by one respective plurality of micro-mirrors of the spatial light modulator to selectively add or drop the one or more optical bands or channels to and/or from the at least one optical signal" (claim 39); and

- "wherein the reconfigurable multifunctional optical device includes an optical channel monitor configuration having a light detector, the light dispersion element directing one or more reflected optical bands or channels reflected by one respective plurality of micro-mirrors of the spatial light modulator to provide an optical output signal, and the light detector detecting the one or more reflected optical bands or channels in the optical output signal." (claim 41).

## 2.    Anticipation

The asserted claims of the '740 patent are anticipated, either expressly or inherently, by the prior art references shown in the table below.  The table identifies the claims anticipated by each reference and the claim charts in the Exhibits that identify where each limitation of each asserted claim is found in that reference.[4]

---

[4] The claim charts provide illustrative citations to where each element may be found in the prior art references.  The cited references may contain other disclosures of each claim element as well, and Nistica reserves the right to argue any claim elements of the '740 patent are disclosed in non-cited portions of these references.

| Prior Art Reference | '740 Patent Claims Anticipated | Claim Chart Exhibit |
|---|---|---|
| U.S. Patent No. 6,097,859 ("'859 patent") Issue Date: Aug. 1, 2000 | 1, 25, 29, 39, and 41 | A1 |
| U.S. Patent No. 6,798,941 ("'941 patent") Issue Date: Sept. 28, 2004 | 1, 25, 29, 39, and 41 | A2 |
| U.S. Patent No. RE39397 ("'397 patent") Issue Date: Nov. 14, 2006 | 1, 25, 29, 39, and 41 | A3 |
| U.S. Patent No. 6,307,657 ("'657 patent") Issue Date: October 23, 2001 | 1, 25, 29, 39, and 41 | A4 |

### 3.    Obviousness

The '859 patent, the '397 patent, the '941 patent, and the '657 patent anticipate one or more of the asserted claims of the '740 patent.  In addition, insofar as Finisar contends that any limitation is not disclosed in the '859 patent, the asserted claims of the '740 patent are invalid as obvious based on the disclosure of the '859 patent and the knowledge of one of ordinary skill in the art.  If any limitation is found not to be disclosed in the '397 patent, then the asserted claims of the '740 patent are invalid as obvious based on the disclosure of the '397 patent and the knowledge of one of ordinary skill in the art.  If any limitation is found not to be disclosed in the '941 patent, then the asserted claims of the '740 patent are invalid as obvious based on the disclosure of the '941 patent and the knowledge of one of ordinary skill in the art.  If any limitation is found not to be disclosed in the '657 patent, then the asserted claims of the '740 patent are invalid as obvious based on the disclosure of the '657 patent and the knowledge of one of ordinary skill in the art.  The claims of the '740 patent consist of a combination of known elements with each performing the same function that it was known to perform in the prior art to yield predictable results.

If any limitation is found not to be disclosed in the '397 patent or the '657 patent alone, then the combination of the '397 patent and the '657 patent would render the asserted claims of the '740 patent invalid for obviousness under 35 U.S.C. § 103.  Claim chart A3 shows where each

1    element of the asserted claims is found in the '397 patent, and claim chart A4 shows where each

2    element of the asserted claims is found in the '657 patent.  The combination of the disclosures of

3    the '397 patent in claim chart A3 with the disclosures of the '657 patent in claim chart A4 renders

4    the asserted claims invalid as obvious under 35 U.S.C § 103.

5         One of ordinary skill in the art would have been motivated to combine the '397 patent

6    with the '657 patent for several reasons.  Both of these references relate to the same technological

7    field (e.g., optical networking devices in wavelength division multiplexing ("WDM") networks)

8    and aim to solve the same problems (e.g., processing of WDM optical signals) in the same

9    manner (e.g., using a micromirror device).  Combining the disclosure of the '397 patent with the

10   disclosure of the '657 patent would involve combining elements that were well-known in the art

11   in a known manner to yield predictable results.  One of ordinary skill in the art would have

12   understood that there was a high likelihood of success and predictable results in combining the

13   '397 patent with the '657 patent.

14        Additionally, the combination of the '859 patent with Riza et al., Fault-Tolerant Dense

15   Multiwavelength Add-Drop Filter with a Two-Dimensional Digital Micromirror Device, Applied

16   Optics vol. 37, No. 27, at 6355-61 (9/20/1998) ("Riza 1") would render the asserted claims of the

17   '740 patent invalid for obviousness under 35 U.S.C. § 103.  Claim chart A1 shows where each

18   element of the asserted claims is found in the '859 patent, and claim chart A5 shows where each

19   element of the asserted claims is found in the Riza 1 reference.  The combination of the disclosure

20   of the '859 patent in claim chart A1 with the disclosure of the Riza 1 reference in claim chart A5

21   would render the asserted claims invalid as obvious under 35 U.S.C. § 103.

22        One of ordinary skill in the art would have been motivated to combine the '859 patent

23   with the Riza 1 reference for several reasons.  Both of these references relate to the same

24   technological field (e.g., optical networking devices in WDM networks) and aim to solve the

25   same problems (e.g., processing of optical signals) in the same manner (e.g., using a micromirror

26   device).  Combining the disclosure of the '859 patent with the disclosure of the Riza 1 reference

27   would involve combining elements that were well-known in the art in a known manner to yield

28   predictable results.  One of ordinary skill in the art would have understood that there was a high

NISTICA'S AMENDED PRELIMINARY INVALIDITY CONTENTIONS

5

1    likelihood of success and predictable results in combining the disclosure of the '859 patent with

2    the disclosure of the Riza 1 reference.

3         The combination of the '657 patent and the Riza 1 reference would render the asserted

4    claims of the '740 patent invalid for obviousness under 35 U.S.C. § 103.   Claim chart A4 shows

5    where each element of the asserted claims is found in the '657 patent, and claim chart A5 shows

6    where each element of the asserted claims is found in the Riza 1 reference.   The combination of

7    the disclosure of the '657 patent in claim chart A4 with the disclosure of the Riza 1 reference in

8    claim chart A5 would render the asserted claims invalid as obvious under 35 U.S.C. § 103.

9         One of ordinary skill in the art would have been motivated to combine the '657 patent

10   with the Riza 1 reference for several reasons.   Both of these references relate to the same

11   technological field (e.g., optical networking devices in WDM networks) and aim to solve the

12   same problems (e.g., processing of optical signals) in the same manner (e.g., using a micromirror

13   device).   Combining the disclosure of the '657 patent with the disclosure of the Riza 1 reference

14   would involve combining elements that were well-known in the art in a known manner to yield

15   predictable results.   One of ordinary skill in the art would have understood that there was a high

16   likelihood of success and predictable results in combining the disclosure of the '657 patent with

17   the disclosure of the Riza 1 reference.

18        Further, the combination of the '941 patent and U.S. Patent No. 6,263,123 ("'123 patent"),

19   which issued on July 17, 2001, would render the asserted claims of the '740 patent invalid for

20   obviousness under 35 U.S.C. § 103.   Claim chart A2 shows where each element of the asserted

21   claims is found in the '941 patent, and claim chart A6 shows where each element of the asserted

22   claims is found in the '123 patent.   The combination of the disclosure of the '941 patent in claim

23   chart A1 and the disclosure of the '123 patent in claim chart A6 would render the asserted claims

24   obvious to one of ordinary skill in the art.

25        One of ordinary skill in the art would have been motivated to combine the '941 patent and

26   the '123 patent for several reasons.   Both of these references relate to the same technological field

27   (e.g., optical networking devices in WDM networks) and aim to solve the same problems (e.g.,

28   improving performance of optical networking devices) in the same manner (e.g., using of

1    micromirror device for optical processing (e.g., equalization)).  In addition to having similar

2    subject matter, the specification of the '941 patent provides an express motivation to combine

3    with the '123 patent, including referring to the disclosures of the '123 patent in the '941

4    specification.  *See*, *e.g.*, '941 patent, col. 6:51-67, 19:42-55.  Combining the disclosures of the

5    '941 patent and the '123 patent would involve combining elements that were well-known in the

6    art in a known manner to yield predictable results.  One of ordinary skill in the art would have

7    understood that there was a high likelihood of success and predictable results in combining the

8    disclosures of the '941 patent and the '123 patent.

9         **B.    U.S. Patent No. 7,123,833**

10             **1.    Priority Date**

11       Asserted claim 18 of the '833 patent is not entitled to a priority date prior to the filing date

12    of the '833 patent.  None of the applications to which the '833 patent claims priority, including

13    Provisional App. Nos. 60/310,991 and 60/354,794, provide legally sufficient written description

14    and enablement support for the asserted claims as required by 35 U.S.C. §§ 119 and 120.  For

15    example, none of the applications to which the '833 patent claims priority provide written

16    description and enablement support for the following limitations of the asserted claims of the

17    '833 patent:

18       • "an input/output user interface for receiving input signals from a user and providing
          user input interface signals to the processor, and for receiving user output signals from
19         the processor and providing user output interface signals to the user."

20             **2.    Anticipation**

21       The asserted claims of the '833 patent are anticipated, either expressly or inherently, by

22    the prior art references shown in the table below.  The table identifies the claims anticipated by

23    each reference and the claim charts in the Exhibits that identify where each limitation of each

24    asserted claim is found in that reference.[5]

25

26    _____

27       [5] The claim charts provide illustrative citations to where each element may be found in the
      prior art references.  The cited references may contain other disclosures of each claim element as
      well, and Nistica reserves the right to argue any claim elements of the '833 patent are disclosed in
28    non-cited portions of these references.

| Prior Art Reference | Claims Anticipated | Claim Chart Exhibit |
|---|---|---|
| U.S. Patent No. 6,529,316 ("'316 patent") Issue Date: March 4, 2003 | 1, 18, and 26 | B1 |
| U.S. Patent No. 5,745,271 ("'271 patent") Issue Date: April 28, 1998 | 1 and 26 | B2 |
| U.S. Patent No. RE39397 ("'397 patent") Issue Date: Nov. 14, 2006 | 1, 18, and 26 | B3 |
| U.S. Patent No. 6,943,937 ("'937 patent") Issue Date: Sept. 13, 2005 | 1, 18, and 26 | B4 |
| U.S. Patent No. 6,577,652 ("'652 patent") Issue Date: June 10, 2003 | 1, 18, and 26 | B5 |

### 3.    Obviousness

The '271 patent, the '397 patent, the '937 patent, the '316 patent, and the '652 patent anticipate one or more of the asserted claims of the '833 patent.  However, if any limitation is found not to be disclosed in any of these references, then the asserted claims of the '833 patent would have been obvious based on (1) the '271 patent and the knowledge of one of ordinary skill in the art, (2) the '397 patent and the knowledge of one of ordinary skill in the art, (3) the '937 patent and the knowledge of one of ordinary skill in the art, (4) the '316 patent and the knowledge of one of ordinary skill in the art, and (5) the '652 patent and the knowledge of one of ordinary skill in the art.  The claims of the '833 patent consist of a combination of known elements with each performing the same function that it was known to perform in the prior art to yield predictable results.

The '316 patent in combination with any one of the '652 patent, the '070 publication, the '397 patent, or the '937 patent would render the asserted claims invalid under 35 U.S.C. § 103.  Claim chart B1 shows where each element of the asserted claims is found in the '316 patent, and claim chart B3 shows where each element of the asserted claims is found in the '397 patent.  Claim chart B4 shows where each element of each asserted claim is found in the '937 patent, and

claim chart B5 shows where each element of each asserted claim is found in the '652 patent. Claim chart B6 shows where each element of each asserted claim is found in the '070 publication. The combination of the disclosure of the '316 patent in claim chart B1 with any one of the '397 patent in claim chart B3, the '937 patent in claim chart B4, the '652 patent in B5, or the '070 publication in B6 would render the asserted claims invalid as obvious to one of ordinary skill in the art.

One of ordinary skill in the art would have been motivated to combine the '316 patent with any one of the '397 patent, the '937 patent, the '652 patent, or the '070 publication. All of these references relate to the same technological field (e.g., optical networking devices performing equalization) and aim to solve the same problems (e.g., equalization of signals in a WDM system) in the same manner (e.g., using of an equalization filter). Combining the disclosures of the '316 patent with any one of the '397 patent, the '937 patent, the '652 patent, or the '070 publication would involve combining elements that were well-known in the art in a known manner to yield predictable results. One of ordinary skill in the art would have understood that there was a high likelihood of success and predictable results in combining the disclosures of the '316 patent with any one of the '397 patent, the '937 patent, the '652 patent, or the '070 publication.

**C.      U.S. Patent No. 6,956,687**

**1.      Priority Date**

The '687 patent is not entitled to a priority date prior to the filing date. Neither in its infringement contentions (nor anywhere else) has Finisar stated what applications it is relying on for its priority claim. However, none of the applications to which the '687 patent claims priority, including U.S. Patent App. Ser. No. 10/115,647 and Provisional App. No. 60/281,079, provide legally sufficient written description and enablement support for claim 32 as required by 35 U.S.C. §§ 119 and 120. For example, none of the applications to which the '687 patent claims priority, including U.S. Patent App. Ser. No. 10/115,647 and Provisional App. No. 60/281,079, provide written description and enablement support for the following limitations of claim 32:

- "wherein scattered light from a dropped signal is directed onto the micromirror device to reflect away from the return path";

- "wherein the spatial light modulator is programmable for reconfiguring the optical blocking filter to eliminate each band or channel by changing a switching algorithm that drives the array of micro-mirrors"; and

- "wherein the switching algorithm is based on the wavelength of the optical signal and the one or more optical bands or channels being eliminated."

## 2. Anticipation

Claim 32 of the '687 patent is anticipated, either expressly or inherently, by the prior art references shown in the table below. The table identifies the claims anticipated by each reference and the claim charts in the Exhibits that identify where each limitation of the asserted claim is found in that reference.[6]

| Prior Art Reference | Claims Anticipated | Claim Chart Exhibit |
|---|---|---|
| EP Patent App. No. 1099966 ("'966 publication") <br> Publication Date: May 14, 2001 | 32 | C1 |
| U.S. Publication No. 2002/0081070 ("'070 publication") <br> Publication Date: June 27, 2002 | 32 | C2 |
| U.S. Patent No. 6,816,640 ('640 patent") <br> Issue Date: Nov. 9, 2004 | 32 | C3 |

## 3. Obviousness

The '966 publication, '640 patent, and '070 publication anticipate asserted claim 32 of the '687 patent. However, if any limitation is found not to be disclosed in either of these references, then claim 32 of the '687 patent would have been obvious based on (1) the '966 publication and the knowledge of one of ordinary skill in the art, (2) the '070 publication and the knowledge of one of ordinary skill in the art, and (3) the '640 patent and the knowledge of one of ordinary skill in the art. The asserted claim of the '687 patent consist of a combination of known elements with

---

[6] The claim charts provide illustrative citations to where each element may be found in the prior art references. The cited references may contain other disclosures of each claim element as well, and Nistica reserves the right to argue any claim elements of the '687 patent are disclosed in non-cited portions of these references.

each performing the same function that it was known to perform in the prior art to yield predictable results.

The combination of '966 publication with any one of the '070 publication, the '640 patent, or U.S. Patent No. 5,504,575 ("'575 patent"), which issued on April 2, 1996, would render the asserted claims obvious under 35 U.S.C. § 103.  Claim chart C1 shows where each element of the asserted claims is found in the '966 publication, and claim chart C2 shows where each element of the asserted claims is found in the '070 publication.  Claim chart C3 shows where each element of the asserted claims is found in the '640 patent, and claim chart C5 shows where each element of the asserted claims is found in the '575 patent.  The combination of the disclosures of the '966 patent in claim chart C1 with either the '070 publication in claim chart C2 or the '575 patent in claim chart C5 would render the asserted claims invalid as obvious.

One of ordinary skill in the art would have been motivated to combine the '966 publication with either the '070 publication or the '640 patent for several reasons.  All of these references relate to the same technological field (e.g., optical networking devices using micromirror device) and aim to solve the same problems (e.g., improving processing of optical signals) in the same manner (e.g., use of micromirror device where light is reflected back to the micromirror device).  In addition to having similar subject matter, the '966 publication, the '070 publication, and the '640 patent have the same inventor, Claude Tew, and assignee, Texas Instruments, who was a maker of micromirror devices for optical networking applications.  Combining the disclosures of the '966 publication with either the '070 publication or the '640 patent would involve combining elements that were well-known in the art in a known manner to yield predictable results.  One of ordinary skill in the art would have understood that there was a high likelihood of success and predictable results in combining the disclosures of the '966 publication with either the '070 publication or the '640 patent.

One of ordinary skill in the art would have been motivated to combine the '966 publication with the '575 patent for several reasons.  Both of these references relate to the same technological field (e.g., optical networking devices using micromirror device) and aim to solve the same problems (e.g., improving processing of optical signals) in the same manner (e.g.,

1   manipulation of optical signals with a micromirror device).  Combining the disclosures of the

2   '966 publication and the '575 patent would involve combining elements that were well-known in

3   the art in a known manner to yield predictable results.  One of ordinary skill in the art would have

4   understood that there was a high likelihood of success and predictable results in combining the

5   disclosures of the '966 publication and the '575 patent.

6         Additionally, the combination of '070 publication with either the '397 patent or the '575

7   patent would render the asserted claims obvious under 35 U.S.C. § 103.  Claim chart C2 shows

8   where each element of the asserted claims is found in the '070 publication, and claim chart C4

9   shows where each element of the asserted claims is found in the '397 patent.  Claim chart C5

10  shows where each element of the asserted claims is found in the '575 patent.  The combination of

11  the disclosures of the '070 publication in claim chart C2 with any either the '397 patent in claim

12  chart C4 or the '575 patent in claim chart C5 would render the asserted claims invalid as obvious.

13        One of ordinary skill in the art would have been motivated to combine the '070

14  publication with either the '397 patent or the '575 patent for several reasons.  All of these

15  references relate to the same technological field (e.g., optical networking devices using

16  micromirror device) and aim to solve the same problems (e.g., improving processing of optical

17  signals) in the same manner (e.g., manipulation of optical signals with a micromirror device).

18  Combining the disclosures of the '070 publication with either the '397 patent or the '575 patent

19  would involve combining elements that were well-known in the art in a known manner to yield

20  predictable results.  One of ordinary skill in the art would have understood that there was a high

21  likelihood of success and predictable results in combining the disclosures of the '070 publication

22  with either the '397 patent or the '575 patent.

23        **D.     U.S. Patent No. 7,397,980**

24               **1.     Anticipation**

25        The asserted claims of the '980 patent are anticipated, either expressly or inherently, by

26  the prior art references shown in the table below.  The table identifies the claims anticipated by

27  each reference and the claim charts in the Exhibits that identify where each limitation of each

28

1    asserted claim is found in that reference.[7]

2

| Prior Art Reference | Claims Anticipated | Claim Chart Exhibit |
|---|---|---|
| US Patent Publication No. 2003/0011769 ("'769 publication") <br> Publication Date: Jan. 16, 2003 | 1, 10, 12, and 14 | D1 |
| U.S. Patent No. 6,498,872 ("'872 patent") <br> Issue Date: Dec. 24, 2002 | 1, 10, 12, and 14 | D2 |
| U.S. Patent No. 7,126,740  ("'740 patent") <br> Issue Date: October 24, 2006 | 1, 10, 12, and 14 | D3 |

11         **2.**     **Obviousness**

12    The '769 publication, the '872 patent, and the '740 patent anticipate the asserted claims of

13    the '980 patent.  However, if any limitation is found not to be disclosed in the '769 publication,

14    then the asserted claims of the '980 patent would have been obvious based on the '769

15    publication and the knowledge of one of ordinary skill in the art.  If any limitation is found not to

16    be disclosed in the '872 patent, then the asserted claims of the '980 patent would have been

17    obvious based on the '872 patent and the knowledge of one of ordinary skill in the art.  If any

18    limitation is found not to be disclosed in the '740 patent, then the asserted claims of the '980

19    patent would have been obvious based on the '740 patent and the knowledge of one of ordinary

20    skill in the art.  The claims of the '980 patent consist of a combination of known elements with

21    each performing the same function that it was known to perform in the prior art to yield

22    predictable results.

23    The combination of the '872 patent with either the '769 publication or the '740 patent

24    would render the asserted claims of the '980 patent invalid for obviousness under 35 U.S.C.

25    § 103.  Claim chart D1 shows where each element of the asserted claims is found in the '769

26    ――――――――――

27         [7] The claim charts provide illustrative citations to where each element may be found in the prior art references.  The cited references may contain other disclosures of each claim element as well, and Nistica reserves the right to argue any claim elements of the '980 patent are disclosed in non-cited portions of these references.

1   publication, and claim chart D2 shows where each element of the asserted claims is found in the

2   '872 patent.  Claim chart D3 shows where each element of the asserted claims is found in the

3   '740 patent.  The combination of the disclosures of the '769 publication in claim chart D1 with

4   either the disclosures of the '872 patent in claim chart D2 or the '740 patent in claim chart D3

5   would render the asserted claims obvious to one of ordinary skill in the art.

6        One of ordinary skill in the art would have been motivated to combine the '769

7   publication with the '872 patent.  Both of these references relate to the same technological field

8   (e.g., optical communications devices) and aim to solve the same problems (e.g., improving

9   performance of optical communications devices in optical networks) in the same manner (e.g.,

10  using polarization diversity optics and liquid crystal modulators).  Combining the disclosures of

11  the '769 publication with the '872 patent would involve combining elements that were well-

12  known in the art in a known manner to yield predictable results.  One of ordinary skill in the art

13  would have understood that there was a high likelihood of success and predictable results in

14  combining the disclosure of the '769 publication with the disclosure of the '872 patent.

15       One of ordinary skill in the art would have been motivated to combine the '769

16  publication with the '740 patent.  Both of these references relate to the same technological field

17  (e.g., optical communications devices) and aim to solve the same problems (e.g., improving

18  performance of optical communications devices in optical networks) in the same manner (e.g.,

19  using polarization diversity optics and spatial light modulators).  Combining the disclosures of the

20  '769 publication with the '740 patent would involve combining elements that were well-known in

21  the art in a known manner to yield predictable results.  One of ordinary skill in the art would have

22  understood that there was a high likelihood of success and predictable results in combining the

23  disclosure of the '769 publication with the disclosure of the '740 patent.

24       **E.      U.S. Patent No. 7,092,599**

25            **1.      Anticipation**

26       The asserted claims of the '599 patent are anticipated, either expressly or inherently, by

27  the prior art references shown in the table below.  The table identifies the claims anticipated by

28  each reference and the claim charts in the Exhibits that identify where each limitation of each

1   asserted claim is found in that reference.[8]

2

| Prior Art Reference | Claims Anticipated | Claim Chart Exhibit |
|---|---|---|
| US Patent Publication No. 2003/0011769 ("'769 publication")<br><br>Publication Date: Jan. 16, 2003 | 14 and 24 | E1 |
| U.S. Patent No. 7,126,740 ("'740 patent")<br>Issue Date:  Oct. 24, 2006 | 14 and 24 | E2 |
| U.S. Patent No. 6,760,511 ("'511 patent")<br>Issue Date: July 6, 2004 | 14 and 24 | E3 |

### 2.      Obviousness

The '769 publication, the '740 patent, and the '511 patent anticipate the asserted claims of the '599 patent.  However, if any limitation is found not to be disclosed in the '769 publication, then the asserted claims of the '599 patent would have been obvious based on the '769 publication and the knowledge of one of ordinary skill in the art.  If any limitation is found not to be disclosed in the '740 patent, then the asserted claims of the '599 patent would have been obvious based on the '740 patent and the knowledge of one of ordinary skill in the art.  If any limitation is found not to be disclosed in the '511 patent, then the asserted claims of the '599 patent would have been obvious based on the '511 patent and the knowledge of one of ordinary skill in the art.  The claims of the '599 patent consist of a combination of known elements with each performing the same function that it was known to perform in the prior art to yield predictable results.

The '769 publication in combination with any one of the '740 patent, the '511 patent, or the '397 patent  would render the asserted claims of the '599 patent invalid for obviousness under 35 U.S.C. § 103.  Claim chart E1 shows where each element of the asserted claims is found in the

---

[8] The claim charts provide illustrative citations to where each element may be found in the prior art references.  The cited references may contain other disclosures of each claim element as well, and Nistica reserves the right to argue any claim elements of the '599 patent are disclosed in non-cited portions of these references.

'769 publication, and claim chart E2 shows where each element of the asserted claims is found in the '740 patent.  Claim chart E3 shows where each element of the asserted claims is found in the '511 patent, and claim chart E4 show where each element of the asserted claims is found in the '397 patent.  The combination of the disclosure of the '769 publication in claim chart E1 with any one of the '740 patent in claim chart E2, the '511 patent in claim chart E3, or the '397 patent in claim chart E4 would render the asserted claims obvious to one of ordinary skill in the art.

One of ordinary skill in the art would have been motivated to combine the '769 publication with any one of the '740 patent, the '511 patent, or the '397 patent for several reasons.  All of these references relate to the same technological field (e.g., optical communications devices in WDM networks) and aim to solve the same problems (e.g., improving performance of optical communications devices in WDM networks) in the same manner (e.g., using optical power elements to elongate optical bands or channels).  Combining the disclosures of the '769 publication with any one of the '740 patent, the '511 patent, or the '397 patent would involve combining elements that were well-known in the art in a known manner to yield predictable results.  One of ordinary skill in the art would have understood that there was a high likelihood of success and predictable results in combining the disclosures of the '769 publication with any one of the '740 patent, the '511 patent, or the '397 patent.

### F.      U.S. Patent No. 6,430,328

#### 1.      Anticipation

Claim 34 of the '328 patent is anticipated, either expressly or inherently, by the prior art references shown in the table below.  The table identifies the claims anticipated by each reference and the claim charts in the Exhibits that identify where each limitation of the asserted claim is found in that reference.[9]

| Prior Art Reference | Claims Anticipated | Claim Chart Exhibit |
| --- | --- | --- |

---

[9] The claim charts provide illustrative citations to where each element may be found in the prior art references.  The cited references may contain other disclosures of each claim element as well, and Nistica reserves the right to argue any claim elements of the '328 patent are disclosed in non-cited portions of these references.

| | | |
|---|---|---|
| Riza et al., Versatile multi-wavelength fiber-optic switch and attenuator structures using mirror manipulations, Optics Communications 169, at 233-244 (10/1/1999) ("Riza Optics Reference") | 34 | F1 |
| U.S. Patent No. 6,268,952 ('952 patent") Issue Date: July 31, 2001 | 34 | F2 |

### 2.    Obviousness

The Riza Optics Reference and the '952 patent anticipate asserted claim 34.  However, if any limitation is found not to be disclosed in either of these references, then claim 34 of the '328 patent would have been obvious based on (1) the Riza Optics Reference and the knowledge of one of ordinary skill in the art and (2) the '952 patent and the knowledge of one of ordinary skill in the art.  Furthermore, the combination of the Riza Optics Reference and the '952 patent would render asserted claim 34 invalid for obviousness under 35 U.S.C. § 103.  Claim chart F1 shows where each element of claim 34 is found in the Riza Optics Reference, and claim chart F2 shows where each element of claim 34 is found in the '952 patent.  The combination of the disclosures of the Riza Optics Reference in claim chart F1 and the disclosure of the '952 patent in claim chart F2 would render claim 34 obvious to one of ordinary skill in the art.  The claims of the '328 patent consist of a combination of known elements with each performing the same function that it was known to perform in the prior art to yield predictable results.

One of ordinary skill in the art would have been motivated to combine the Riza Optics Reference and the '952 patent for several reasons.  Both of these references relate to the same technological field (e.g., optical switches) and aim to solve the same problems (e.g., improving performance of optical switches) in the same manner (e.g., use of micromirrors that move relative to each other to create a phase change).  Combining the disclosures of the Riza Optics Reference and the '952 patent would involve combining elements that were well-known in the art in a known manner to yield predictable results.  One of ordinary skill in the art would have understood that there was a high likelihood of success and predictable results in combining the disclosures of the Riza Optics Reference and the '952 patent.

1    **IV.    THE ASSERTED CLAIMS ARE INVALID UNDER 35 U.S.C. §§ 101 AND 112**
     **[PATENT RULE 3-3(D)]**
2

3        Pursuant to Patent Rule 3-3(d), Nistica below provides grounds of invalidity based on 35

4    U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under

5    35 U.S.C. § 112(1) of any of the Asserted Claims.

6        **A.    U.S. Patent No. 7,126,740**

7            **1.    Lack of Written Description and Enablement**

8        All of the asserted claims are invalid for failing to comply with the written description and

9    enablement requirements of 35 U.S.C. § 112.  Various limitations of claim 1, upon which all of

10   the other asserted claims depend, are not described nor enabled by the specification.  For

11   example, the limitation "the spatial light modulator having a first set of micromirrors

12   programmed to perform a first overall optical function on the first optical input signal, and having

13   a second set of micromirrors programmed to perform a second overall optical function on the

14   second optical input signal" is not described in, nor enabled by, the specification.  The

15   specification lacks sufficient written description of this limitation to show that the inventor was in

16   possession of the claimed subject matter.  Further, the specification lacks a disclosure that would

17   enable one of ordinary skill in the art to make and use the claimed subject matter.

18       Similarly, the limitation "wherein the first overall optical function and second overall

19   optical function are different" in claim 1 is not described in, nor enabled by, the specification.

20   The specification lacks sufficient written description of this limitation to show that the inventor

21   was in possession of the claimed subject matter.  Further, the specification lacks a disclosure that

22   would enable one of ordinary skill in the art to make and use the claimed subject matter.

23       The limitation "wherein the optical arrangement includes one or more optical portions that

24   provide the at least two optical input signals to the spatial light modulator, and also provide

25   reflected optical signals depending on the first optical function and the second optical function" is

26   also not described in, nor enabled by, the specification.  The specification lacks sufficient written

27   description of this limitation to show that the inventor was in possession of the claimed subject

28

1   matter.  Further, the specification lacks a disclosure that would enable one of ordinary skill in the

2   art to make and use the claimed subject matter.

3              **2.      Indefiniteness**

4       Claim 17, which reads "wherein the optical arrangement includes one or more optical

5   portions that provide the at least two optical input signals to the spatial light modulator, and also

6   provide reflected optical signals depending on the first optical function and the second optical

7   function," is indefinite under 35 U.S.C. § 112.  When read in light of the specification and the

8   prosecution history, the phrase "wherein the optical arrangement includes one or more optical

9   portions that provide the at least two optical input signals to the spatial light modulator, and also

10  provide reflected optical signals depending on the first optical function and the second optical

11  function" fails to inform, with reasonable certainty, those skilled in the art about the scope of the

12  claimed invention.  Furthermore, the terms "first optical function" and "second optical function"

13  in claim 17 are indefinite and lack antecedent basis in the claims thereby rendering claim 17

14  invalid as indefinite under 35 U.S.C. § 112 as they fail to inform, with reasonable certainty, those

15  skilled in the art about the scope of the claimed invention.

16              B.A.   **U.S. Patent No. 6,956,687**

17              **1.      Lack of Written Description and Enablement**

18      Claim 32 of the '687 patent is invalid for failing to comply with the written description

19  and enablement requirements of 35 U.S.C. § 112.  Several limitations of claim 32 are not

20  described nor enabled by the specification.  For example, the limitation "wherein scattered light

21  from a dropped signal is directed onto the micromirror device to reflect away from the return

22  path" is not described in, nor enabled by, the specification.  The specification lacks sufficient

23  written description of this limitation to show that the inventor was in possession of the claimed

24  subject matter.  Further, the specification lacks a disclosure that would enable one of ordinary

25  skill in the art to make and use the claimed subject matter.

26      Similarly, the limitation "wherein the spatial light modulator is programmable for

27  reconfiguring the optical blocking filter to eliminate each band or channel by changing a

28  switching algorithm that drives the array of micro mirrors" is not described in, nor enabled by,

1  the specification.  The specification lacks sufficient written description of this limitation to show

2  that the inventor was in possession of the claimed subject matter.  Further, the specification lacks

3  a disclosure that would enable one of ordinary skill in the art to make and use the claimed subject

4  matter.

5     The '687 patent also fails to describe or enable the limitation "wherein the switching

6  algorithm is based on the wavelength of the optical signal and the one or more optical bands or

7  channels being eliminated."  The specification lacks sufficient written description of this

8  limitation to show that the inventor was in possession of the claimed subject matter.  Further, the

9  specification lacks a disclosure that would enable one of ordinary skill in the art to make and use

10  the claimed subject matter.

11     **2. Indefiniteness**

12     The phrase "the wavelength of the optical signal" renders claim 32 indefinite under 35

13  U.S.C. § 112.  In claim 32, the "optical signal" can have a plurality of wavelength bands or

14  channels.  When read in light of the specification and the prosecution history, the phrase "the

15  wavelength of the optical signal" fails to inform, with reasonable certainty, those skilled in the art

16  about the scope of the claimed invention.

17     **C. U.S. Patent No. 7,397,980**

18     **1. Lack of Written Description and Enablement**

19     As construed and under Finisar's application of the claims in its Amended Preliminary

20  Infringement Contentions, the limitation "a spatial separating means for simultaneously spatially

21  separating at least a first and a second group of light from said series of optical signals, each of

22  said first and second group including a multiplicity of independent wavelength channels, with the

23  wavelength channels of the first group having overlapping wavelength ranges of the wavelength

24  channels of the second group" is not described in, or enabled by, the specification. The

25  specification lacks sufficient written description of this limitation to show that the inventor was in

26  possession of the claimed subject matter. Further, the specification lacks a disclosure that would

27  enable one of ordinary skill in the art to make and use the claimed subject matter.

28

1    Under Finisar's interpretation of "separating a first and second series of predetermined
2    polarisations from predetermined ones of said ports and projecting said first series in a first
3    angular direction and the second series in a second angular direction" in its Amended Preliminary
4    Infringement Contentions, claim 14, which depends on claim 2, is invalid for failing to meet the
5    written description and enablement requirements of 35 U.S.C. § 112.  As interpreted by Finisar in
6    its Amended Preliminary Invalidity Contentions, the specification lacks sufficient written
7    description of this limitation to show that the inventor was in possession of the claimed subject
8    matter.  Further, the specification lacks a disclosure that would enable one of ordinary skill in the
9    art to make and use the claimed subject matter.

10    Similarly, under Finisar's interpretation of "wherein said first series of predetermined
11    polarisations is derived from orthogonal polarisations of a first series of optical signals and said
12    second series of predetermined polarisations is derived from orthogonal polarisations of a second
13    series of optical signals" in its Amended Infringement Contentions, claim 14 is invalid for failing
14    to meet the written description and enablement requirements of 35 U.S.C. § 112.  As interpreted
15    by Finisar in its Amended Invalidity Contentions, the specification lacks sufficient written
16    description of this limitation to show that the inventor was in possession of the claimed subject
17    matter.  Further, the specification lacks a disclosure that would enable one of ordinary skill in the
18    art to make and use the claimed subject matter.

19    **2.    Indefiniteness**

20    Claim 14, which relies on claim 2, is indefinite under 35 U.S.C. § 112 because, when read
21    in light of the specification and file history, the limitation "separating a first and second series of
22    predetermined polarisations [sic] from predetermined ones of said ports and projecting said first
23    series in a first angular direction and the second series in a second angular direction" fails to
24    inform, with reasonable certainty, those skilled in the art about the scope of the claimed
25    invention.

26    **D.    U.S. Patent No. 7,092,599**

27
28

1                          **1.       Lack of Written Description and Enablement**

2               To the extent that Finisar contends that the limitation "an optical power element for

3 focussing [sic] in the dimension of the angular dispersion said angularly dispersed wavelength

4 signals such that said wavelength signals have an elongated optical intensity profile in the focal

5 plane of said optical power element so as to form elongated spatially separated wavelength

6 signals" requires the focal plane to lie at any particular location, claim 14, which depends on

7 claim 1, is invalid for failing to meet the written description and enablement requirements of 35

8 U.S.C. § 112. Under this interpretation, the specification lacks sufficient written description of

9 this limitation to show that the inventor was in possession of the claimed subject matter. Further,

10 the specification lacks a disclosure that would enable one of ordinary skill in the art to make and

11 use the claimed subject matter.

12                          **2.       Indefiniteness**

13               Claim 24 is indefinite under 35 U.S.C. § 112 because the limitation "said spatially

14 separated wavelength bands to produce spatially manipulated wavelength bands" lacks antecedent

15 basis in the claim. One of ordinary skill in the art would thus not understand what "said spatially

16 separated wavelength bands to produce spatially manipulated wavelength bands" refers to in the

17 claim. Claim 24 thus fails to inform, with reasonable certainty, those skilled in the art about the

18 scope of the claimed invention.

19              ~~E.~~**B.**   **U.S. Patent No. 6,430,328**

20                    **1.       Lack of Written Description and Enablement**

21               Under Finisar's interpretation and application of claim 34 in its Amended Preliminary

22 Infringement Contentions, the limitations "optically switching a light beam by changing a phase

23 of a wave front of the beam using a spatial light modulator" ~~and "switching the light beams using~~

24 ~~pixelated spatial light modulators in which the phase of no part of the wave is changed more than~~

25 ~~one wavelength of light"~~ are not described in, or enabled by, the specification rendering claim 34

26 invalid as indefinite under 35 U.S.C. § 112. For example, to the extent that Finisar alleges that a

27 liquid crystal device performs these steps in claim 34, the specification lacks sufficient written

28 description to show that the inventor was in possession of the claimed subject matter. There is no

1  mention, much less any description, of a liquid crystal device for performing the claimed steps.

2  Further, the specification lacks a disclosure that would enable one of ordinary skill in the art to

3  make and use the claimed subject matter under Finisar's interpretation of the claims in its

4  Amended Preliminary Infringement Contentions.

5  ~~1.     Invalidity Under 35 U.S.C. § 101~~

6  ~~Claim 34 is invalid under 35 U.S.C. § 101 for claiming unpatentable subject matter such~~

7  ~~as laws of nature and natural phenomenon.~~

8  **V.     PRODUCTION OF PRIOR ART [PATENT RULE 3-4(B)]**

9  Pursuant to Patent Rule 3-4(b), Nistica, as stated above, has already produced copies of

10  the prior art it is relying on for these Invalidity Contentions.  Further, there are no non-English

11  references being relied upon that require a translation.

12

13  Dated:  January 19, 2015                                DENTONS US, LLP

14                                                          By: */s/ Robert F. Kramer*
15                                                              Robert F. Kramer

16                                                          *Counsel for Defendant*
                                                            *Nistica, Inc.*

17
18
19
20
21
22
23
24
25
26
27
28

1

<u>**CERTIFICATE OF SERVICE**</u>

2

I, Adriana Cole, hereby declare:

3

I am over the age of eighteen years and not a party to this action.  My business address is

4

1530 Page Mill Road, Suite 200, Palo Alto, CA 94304.

5

On January 19, 2015, I caused to be electronically served the attached document via email,

6

described as follows:

7

8

**DEFENDANT NISTICA, INC.'S AMENDED PRELIMINARY INVALIDITY CONTENTIONS**

9

on counsel of record in the above captioned matter.

10

I declare under penalty of perjury under the laws of the State of California that the

11

foregoing is true and correct.

12

Executed on January 19, 2015 at Palo Alto, CA.

13

14

By:  *<u>/s/ Adriana Cole</u>*
Adriana Cole

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NISTICA'S AMENDED PRELIMINARY INVALIDITY CONTENTIONS          Case No. 5:13-cv-03345-BLF (JSC)