**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FINISAR CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NISTICA, INC.,<br><br>　　　　Defendant. | Case No. 13-cv-03345-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Re: ECF 331] |

Before the Court is Plaintiff's motion to strike portions of Defendant's motion for summary judgment. ECF 331. Plaintiff argues that Defendant's motion for summary judgment violates the Court's Standing Order by incorporating by reference arguments contained in the Goossen Declaration. Pl.'s Mot. at 2, 4-5, ECF 331-3. Plaintiff also claims that Defendant violated Civil L.R. 7-4(a)(5) by failing to cite legal authority regarding the legal standard to support several of its grounds for summary judgment. *Id.* at 5. Defendant counters that it did not incorporate by reference any legal arguments into its brief and that it complied with Civil L.R. 7-4(a)(5).[1]

Fed. R. Civ. P. 56(a) allows a party to move for summary judgment or partial summary judgment and to identify each claim on which summary judgment is sought. Under Fed. R. Civ. P. 56(c)(1)(A), a party may supports its factual positions by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions,

---

[1] Plaintiff also argued that Defendant's separate statement of facts violated the Court's standing order. On November 23, 2015, Defendant submitted an amended separate statement of facts. ECF 334. Accordingly, the Court finds Plaintiff's argument with respect to Defendant's separate statement of facts MOOT.

interrogatory answers, or other materials." Civil L.R. 7-5(a) further provides that "[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record."

Plaintiff has not shown Defendant improperly incorporated by reference legal arguments into its motion for summary judgment. While Plaintiff notes that Defendant's motion for summary judgment included citations to the record that span sixty nine pages, Plaintiff has not explained how the cited material contains legal arguments as opposed to evidence in support of Defendant's motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(1)(a). When moving for summary judgment, a party is allowed to support its position by citing to declarations and other evidence in the record and accordingly, the Court DENIES Plaintiff's motion to strike portions of Defendant's motion for summary judgment for allegedly incorporating by reference legal arguments.

Although the Court is not striking Defendant's motion for summary judgment, the Court notes that the purpose of a summary judgment motion is to identify and argue issues that have a real potential to streamline litigation. Parties should not take a "kitchen sink" approach to summary judgment motions where every conceivable ground for summary judgment is included in the motion. To the extent parties do not strategically plan their summary judgment motions and instead make sparse arguments, fail to explain their position, or cite to voluminous portions of the record, this may be reason to deny the summary judgment motion. *See Albrechtsen v. Bd. Of Regents of Univ. of Wisconsin Sys.*, 309 F.3d 433, 436 (7th Cir. 2002) ("Courts are entitled to assistance from counsel, and an invitation to search without guidance is no more useful than a litigant's request to a district court at the summary judgment stage to paw through the assembled discovery material. Judges are not like pigs, hunting for truffles buried in the record.").

With respect to Defendant's alleged violation of Civil L.R. 7-4(a)(5), the rule provides that a party must cite "pertinent authorities" in support of arguments made in briefing. Plaintiff, relying on *Martinez v. County of Sonoma*, 15-CV-01953-JST, 2015 WL 5354071, at *7 (N.D. Cal. Sept. 14, 2015), contends that Defendant failed to set forth its legal position in its motion for summary judgment. In *Martinez*, the Court denied one ground of a motion to dismiss because

"[d]efendants neither provide[d] legal authority nor advance[d] any argument for this request." As in *Martinez*, the Court finds that to the extent Defendant's legal authority is insufficient, that may be grounds for denying, not striking, the summary judgment motion. Accordingly, the Court DENIES Plaintiff's motion to strike portions of Defendant's motion for summary judgment for allegedly violating Civil L.R. 7-4(a)(5).

**IT IS SO ORDERED.**

Dated: November 24, 2015

_____
BETH LABSON FREEMAN
United States District Judge