UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>NISTICA, INC.,<br><br>    Defendant. | Case No. 13-cv-03345-BLF<br><br>**ORDER REGARDING MOTIONS TO SEAL** |

On December 11, 2015, the Court denied without prejudice part of the parties' administrative motions to file documents under seal in connection with their respective briefing on summary judgment. ECF 364. On December 17, both parties submitted supplemental declarations that provided additional reasons for sealing these documents. ECF 370, 371.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Two standards govern motions to seal documents, a "compelling reasons" standard, which applies to most judicial records, and a "good cause" standard, which applies to "private materials unearthed during discovery." *Cf. Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). A party that seeks to seal portions of supporting documents to a motion for summary judgment must meet the "compelling reasons" standard articulated in *Phillips*. In this District, parties seeking to seal judicial records must furthermore follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party.

*Id.* 79-5(e).

The Court has reviewed the supplemental declarations in support of the sealing motion. The Court finds that the parties have articulated compelling reasons to seal most of the submitted documents and where compelling reasons have been provided, the proposed redactions are also narrowly tailored. The Court's rulings on the sealing requests are set forth in the tables below:

| Motion to Seal at ECF 356 | | |
|---|---|---|
| **Identification of Documents to be Sealed** | **Description of Documents** | **Court's Order** |
| Portions of the Declaration of Jennifer D. Bennett | Discussing a stipulation between the parties. | DENIED because the supplemental declarations did not provide any additional reasons to seal. |
| Exhibits 13, 16-20, 23, 25 to the Bennett Declaration | Contains confidential, trade secret and proprietary product information relating to the accused products and confidential information regarding business/marketing strategies and plans | GRANTED |
| Exhibits 22 and 24 to the Bennett Declaration | Press and News releases. | DENIED because the supplemental declarations did not provide any additional reasons to seal. |

| Motion to Seal at ECF 360 | | |
|---|---|---|
| **Identification of Documents to be Sealed** | **Description of Documents** | **Court's Order** |
| Exhibits R3, R7, R9, R13, R15, R16, R27, R28, R29, R31-R37, R38, R39-R48, R49, R50-R58, R60, R65, R66, R68, R71, R73, R74, R80, R83-R86 | Contains confidential, trade secret and proprietary product information including sensitive financial, manufacturing, and shipping information and third-party confidential information regarding specifications and schematics. | GRANTED |
| Plaintiff's Opposition to Defendant's Motion for Summary Judgment; Portions of Plaintiff's Responsive Separate Statement to Defendant's Amended Statement of Undisputed Facts; Declaration of Dr. Katherine Hall in support thereof | Quotes from or cites to the above exhibits | GRANTED |

1    Accordingly, for the foregoing reasons, the sealing motion at ECF 356 is GRANTED IN
2 PART and DENIED IN PART and the sealing motion at ECF 360 is GRANTED.  Under Civil
3 Local Rule 79-5(e)(2), for any request that has been denied because the party designating a
4 document as confidential or subject to a protective order has not provided sufficient reasons to
5 seal, the submitting party must file the unredacted (or lesser redacted) documents into the public
6 record no earlier than 4 days and no later than 10 days form the filing of this order.

7    **IT IS SO ORDERED.**

8 Dated: December 18, 2015

_____
BETH LABSON FREEMAN
United States District Judge