ROBERT F. KRAMER (Bar No. 181706)
Email: robert.kramer@dentons.com
JENNIFER D. BENNETT (Bar No. 235196)
Email: jennifer.bennett@dentons.com
RUSSELL TONKOVICH (Bar No. 233280)
Email: russell.tonkovich@dentons.com
C. GIDEON KORRELL (Bar No. 284890)
Email: gideon.korrell@dentons.com
DENTONS US LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA  94304-1125
Telephone:  (650) 798-0300
Facsimile:   (650) 798-0310

Attorneys for Defendant
NISTICA, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NISTICA, INC., a Delaware corporation,<br><br>Defendant. | Case No.  5:13-cv-03345-BLF-JSC<br><br>**NISTICA, INC.'S RESPONSE TO FINISAR CORP.'S OBJECTIONS TO NEW REPLY EVIDENCE SUBMITTED WITH SUMMARY JUDGMENT REPLY**<br><br>Date:       January 11, 2016<br>Time:       9:00 a.m.<br>Place:      San Francisco Courthouse<br><br>Special Master: Robert B. Morrill |

NISTICA'S RESP. TO FINISAR'S OBJ.
RE NEW REPLY EVIDENCE
CASE NO. 5:13-CV-03345-BLF-JSC

85688052

## I.     INTRODUCTION

Defendant Nistica, Inc. ("Nistica") submits this response to Finisar Corp.'s ("Finisar") improper Objection to Nistica Inc.'s ("Nistica") New Reply Evidence Submitted With Its Summary Judgment Reply Dkt. No.383 filed on December 28, 2015.  D.I. 390.  Finisar raised new issues in its Opposition to Nistica's Motion for Summary Judgment.  D.I. 359.  Nistica responded specifically to these new issues in its Reply, as it was permitted to do.  D.I. 383.  With its Reply, Nistica included a 1 ½-page narrowly tailored Strasser declaration and a 22-page narrowly tailored Dr. Goossen declaration to address these new issues raised in Finisar's Opposition.

Nistica could not have anticipated and addressed in its opening papers all potential new issues that Finisar would raise in its Opposition.  Plainly Nistica is permitted to address in Reply the new issues that Finisar raised in its opposition.  Finisar cannot hide behind an improper procedural hurdle to avoid summary judgment and its objection mischaracterizes the Civil Local Rule 7-3(c) and the case law, both of which clearly permit Nistica to submit declarations on reply to address new issues raised in Finisar's Opposition.

Finally, Finisar's Objection misunderstands or mischaracterizes the Court's Standing Order as to Reply Statements of Undisputed Facts.  The Standing Order § F(3)(d) specifically permits Nistica's Reply Statement of Undisputed Facts. All facts that Nistica states therein are contained in Nistica's briefing and supporting declarations as seen by Nistica's citation in the Reply Statement to facts and evidence in the summary judgment record.

## II.    LEGAL STANDARD

While a party should not raise new legal arguments in a reply brief that should have been presented in the opening motion papers, there is no prohibition on a moving party addressing in its reply new issues raised by the non-moving party's opposition papers and providing facts to support such arguments.  In fact, contrary to Finisar's representation in its Objection, the applicable Civil Local Rule 7-3(c) explicitly states: "Any reply to an opposition may include affidavits or declarations, as well as a supplemental brief or memorandum under Civil L.R. 7-4."  Civ. L.R. 7-3(c). (A copy of N.D. Cal. Civ. L.R. 7-3 is attached hereto as Exh. A.)

A reply brief can include new evidence, however it should not contain evidence that should

1  have been raised in the opening motion. *See Kwan Software Eng'g, Inc. v. Foray Techs. LLC*, No.
2  C 12-03762, 2014 WL 572290, n.1 (N.D. Cal. Feb. 11, 2014) ("Civil Local Rule 7–3(c) permits
3  additional evidence to be attached to a reply brief."). Where the new evidence "merely responds to
4  arguments... raised in [the] Opposition… or elaborates on points," the evidence is properly
5  included in the Reply. *FastCap LLC v. Snake River Tool Co*., LLC, No. 15-cv-02764, 2015 WL
6  6828196, at *3 (N.D. Cal. Nov. 6, 2015) (overruling objections to new evidence submitted with
7  reply). As the Court explained in *Docusign, Inc. v. Sertifi, Inc*., 468 F.Supp.2d 1305, 1307 (W.D.
8  Wash. 2006), only evidence that should have been presented in an opening brief is properly
9  excluded from a reply. *Docusign*, 468 F.Supp.2d at 1307 ("These declarations address issues
10 which should have been addressed in the opening brief, and the new evidence is inappropriate for
11 Reply.") Finisar's citation to this case in its Objection is, accordingly, misleading.[1]

12 If a party objects to reply evidence under Civ. L.R. 7-3(d)(1), "the objecting party should
13 state some substantive challenge to the evidence to which he or she objects," rather than merely
14 objecting based on the timeliness. *See Simpson v. Best Western Int'l, Inc.,* No. 3:12-cv-04672-
15 JCS, 2012 WL 5499928, at *2 (N.D. Cal. Nov. 13, 2012). Here, the evidence submitted by Nistica
16 with its Reply was responding to arguments raised by Finisar's Opposition. Moreover, Finisar
17 failed to raise any substantive challenge to the evidence, as is required, and thus, its Objection
18 should be overruled.

### III. SUPPLEMENTAL GOOSSEN DECLARATION ADDRESSES SOLELY NEW ISSUES RAISED BY FINISAR'S OPPOSITION TO SUMMARY JUDGMENT

The Goossen Supp. Declaration addresses new issues raised in Finisar's Opposition:

- Goossen Supp. Decl., ¶¶ 3-8, 9-10, responds to Finisar's new argument that the

prior art references relied upon for Nistica's anticipation defense allegedly do not enable the

patents in suit. Dr. Goossen's supplemental declaration explains that a person of ordinary skill in

---

[1] Finisar's "say anything" approach, mischaracterizing rules, case law and the record has resulted in Judge Corley observing in this case that Finisar's citation to cases has to be carefully scrutinized; Judge Corley quashed Finisar's subpoena served in this case stating: "Finisar at best misunderstands and at worst misrepresents" the case law. *See Fujikura Ltd. v. Finisar Corp*., Case No. 15-mc-80110-HRL (JSC), dated 5/15/15, D.I. 28 at 11:7-8.

- 2 -  
NISTICA'S RESP. TO FINISAR  
OBJ. TO REPLY DECL.  
CASE NO. 5:13-CV-03345-BLF-JSC

85688052

the art would know how to make and use the inventions based on the disclosure in the prior art references.

- Goossen Supp. Decl., ¶¶ 11-29, responds to Finisar's new argument that the "spatial manipulation element" in claim 24 of the '599 patent somehow contains four additional limitations that are not actually stated in the claim. Finisar conjured up this argument to contend that the prior art references do not anticipate claim 24. Dr. Goossen explains that a person of ordinary skill in the art would know that Finisar's four purported additional limitations are not actually stated in and are not requirements of claim 24. He further explains that the prior art references would disclose these requirements even if they were actual limitations in the claim.

- Goossen Supp. Decl., ¶¶ 30-39, responds to Finisar's new argument about the location of the focal plane of the frequency lens in Nistica's accused products. Finisar argued in the Opposition as to the location of the focal plane and also tried to mischaracterize Nistica's position as what is required by the claim as to the location of the focal plane. Dr. Goossen addresses and disposes of these two new arguments.

- Goossen Supp. Decl., ¶¶ 40-42, and 43, responds to Finisar's new claim construction arguments. Para. 43 addresses that the Court struck Finisar's expert opinion that line cards infringe after Nistica filed its summary judgment motion. In any event, Nistica agreed and informed the Special Master on 12/31/15 that it is dropping this issue to dispense with this dispute about reply evidence.

- Finally, Finisar's argument that Nistica's Reply does not specifically cite to every paragraph in Dr. Goossen's declaration is misguided. Finisar fails to recognize that these paragraphs provide context and explanatory background for the surrounding paragraphs that are cited in Nistica's Reply Brief.

## IV. SUPPLEMENTAL STRASSER DECLARATION ADDRESSES SOLELY NEW ISSUES RAISED BY FINISAR'S OPPOSITION TO SUMMARY JUDGMENT

The Strasser Supplemental Declaration addresses the new issues raised in Finisar's Opposition: Strasser Suppl Decl. ¶ 4 responds to an argument raised in Finisar's Opposition trying to create confusion about Zemax images of Nistica's accused products. Strasser Supp. Decl. ¶ 5 responds to Finisar's effort to create confusion about sales of certain Nistica products.

## V. NISTICA'S REPLY STATEMENT OF UNDISPUTED FACTS

Finisar's Objection as to Nistica's Reply Statement of Undisputed Facts misunderstands the Court's Standing Order. Section F(3)(d) of the Standing Order permits Nistica to file a Reply Statement of Undisputed Facts. Nistica did so and all facts Nistica states therein are followed by supporting citation to evidence contained in Nistica's briefing and supporting declarations. Finisar's Objection seeks to create confusion by referring to the prohibition in the Standing Order against citing to evidence in a Reply Statement that is *not* in the summary judgment record. The Standing Order states that such facts will not be considered. But, that did not happen here. Finisar's Objection is merely another of its smoke screens to distract from the merits of Nistica's summary judgment motion.

Dated: January 3, 2016                     DENTONS US LLP


                                           By: */s/ Robert F. Kramer*
                                               Robert F. Kramer

                                           Attorneys for Defendant
                                           NISTICA, INC.


                                           ROBERT F. KRAMER (Bar No. 181706)
                                           Email: robert.kramer@dentons.com
                                           JENNIFER D. BENNETT (Bar No. 235196)
                                           Email: jennifer.bennett@dentons.com
                                           RUSSELL TONKOVICH (Bar No. 233280)
                                           Email: russell.tonkovich@dentons.com
                                           C. GIDEON KORRELL (Bar No. 284890)
                                           Email: gideon.korrell@dentons.com

- 4 -    NISTICA'S RESP. TO FINISAR
         OBJ. TO REPLY DECL.
         CASE NO. 5:13-CV-03345-BLF-JSC

DENTONS US LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304-1125
Telephone: (650) 798-0300
Facsimile: (650) 798-0310

Attorneys for Defendant
NISTICA, INC.

# CERTIFICATE OF SERVICE

I, Robert Kramer, hereby declare:

I am an attorney licensed to practice law in the state of California. I am employed by Dentons US LLP, counsel for Defendant Nistica, Inc. I am over the age of eighteen years and not a party to the within action. My business address is Dentons US LLP, 1530 Page Mill Road, Suite 200, Palo Alto, CA 94304.

On January 3, 2016, I caused the following documents, described as**:**

**NISTICA, INC.'S RESPONSE TO FINISAR CORP.'S OBJECTIONS TO NEW REPLY EVIDENCE SUBMITTED WITH SUMMARY JUDGMENT REPLY**

to be served via CM/ECF, upon all counsel of record registered to receive electronic filing, as indicated on the Court's website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 3, 2016 at Palo Alto, CA.

.

                                                ___*/s/ Robert F. Kramer*____
                                                  Robert F. Kramer