CHRISTOPHER J. COX (BAR NO. 151650)
Email: chris.cox@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3029
Facsimile: (650) 802-3100

DAVID C. RADULESCU, PH.D. (*pro hac vice*)
Email: david@radulescullp.com
TIGRAN VARDANIAN (*pro hac vice*)
Email: tigran@radulescullp.com
ETAI LAHAV (*pro hac vice*)
Email: etai@radulescullp.com
ROBIN M. DAVIS (*pro hac vice*)
Email: robin@radulescullp.com
DANIEL KESACK (*pro hac vice*)
Email: daniel@radulescullp.com
RADULESCU LLP
The Empire State Building
350 Fifth Avenue, Suite 6910
Telephone: (646) 502-5950
Facsimile: (646) 502-5959

*Attorneys for Plaintiff*
*FINISAR CORPORATION*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NISTICA INC., a Delaware corporation,<br><br>Defendant. | No. 5:13-cv-03345-BLF<br><br>**PLAINTIFF FINISAR CORPORATION'S ADMINISTRATIVE MOTION TO STRIKE PORTIONS OF NISTICA'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>**REDACTED PUBLIC VERSION OF DOCUMENT SUBJECT TO FINISAR'S MOTION TO SEAL** |

## NOTICE OF MOTION TO STRIKE PORTIONS OF NISTICA'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

PLEASE TAKE NOTICE that Plaintiff Finisar Corporation ("Finisar"), by and through its counsel, shall and hereby does move for an order striking portions of Defendant Nistica, Inc.'s ("Nistica") Reply in Support of Its Summary Judgment Motion regarding non-infringement of its optics only modules, specifically lines 12-17 of page 12 of the Reply, the associated footnote 12, the associated paragraph 43 of the Supplemental Declaration of Dr. Keith Goossen, and associated Exhibits 6-13, and any further relief that the Court deems appropriate.

Finisar's Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Etai Lahav and exhibits thereto, Nistica's Reply in Support of Its Motion for Summary Judgment (Dkt. No. 383) and attachments thereto, including the Supplemental Declaration of Dr. Keith Goossen (Dkt. No. 383-22), the complete files and records of this action, any oral argument the Court permits, and any further information that may properly be presented to the Court at or before the time this Motion is deemed submitted by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Nistica's Reply in Support of Its Summary Judgment Motion ("Reply") (Dkt. No. 383) and the accompanying Supplemental Declaration of Dr. Goossen improperly set forth an entirely new ground for summary judgment—namely noninfringement of its "███████████."[1] Dkt. No. 383-22 (Supp. Goossen Decl.) ¶ 43; Reply at 12. Nistica has already moved for summary judgment in a "kitchen sink" motion, raising twenty separate grounds based on sparse argument for each. Dkt. No. 331-3; *id.* at Ex. A. After filing its opening brief, Nistica sought leave for supplemental briefing to address new grounds for summary judgment, but the Court denied leave. *See* Dkt. Nos. 366, 369. Yet, just two days after the Court's order denying leave, Nistica included the new ground regarding the "███████████" in its Reply. *See* Dkt. No. 383 at 12 ("Thus, summary judgment of non-infringement for these modules should be granted."); Dkt. No. 383-22 ¶ 43 ███████████████████████████████ ███████"). This ground is not one of the twenty grounds Nistica moved for in its opening summary judgment brief. *See* Dkt. No. 328 (Nistica's Opening Summary Judgment Brief), *see also* Dkt. No. 331-3 at Ex. A (table listing all "Grounds for Summary Judgment in Nistica's Opening Summary Judgment Brief.").

Nistica's attempt to skirt the Court's Order denying Nistica leave to file a supplemental motion for summary judgment should not be permitted, and Nistica's supplemental motion should be stricken from its Reply. It is well established that a party waives any issue that is not raised until the reply brief. *See, e.g.*, *Carmona v. Holder*, 535 Fed. Appx. 621, 622 (9th Cir. 2013) (declining to consider new arguments because they were raised for the first time in the reply brief); *Wright v. Rumbles*, 505 Fed. Appx. 664 (9th Cir. 2013) ("We do not address Wright's jury bias argument because Wright failed to raise it in his opening brief"); *Estrada*, 632 F.3d at 1072, n.6 ("Because those issues were not raised in the officers' opening brief, they have been waived."); *Baker v. County of Sonoma*, C-08-03433 EDL, 2009 WL 330937, at *4 (N.D.

---

[1] Nistica's Reply does not state which patents its motion seeks summary judgment on. *See* Reply at 12.

Cal. Feb. 10, 2009) (granting motion to strike because "Defendants improperly raise a new ground for their motion to dismiss in their reply brief"). As described above, Nistica did not move for summary judgment of non-infringement of its "▮▮▮▮▮▮" modules in its opening brief, and as a result Nistica has waived this argument. Moreover, Nistica sought leave for this exact course of action (albeit on a different ground for summary judgment), which the Court promptly denied. Consequently, this new ground for relief should be stricken from Nistica's Reply, and the Court should not consider it.

    Nistica's counsel, in response to an email request by Finisar's counsel to withdraw its improper new ground of summary judgment, wrote to Special Master Robert Morrill, stating that it "withdraws this argument directed at ▮▮▮▮▮▮ stated in Nistica's Reply Brief at page 12, lines 12-16."[2] Declaration of Etai Lahav ("Lahav Decl."), Ex. 1. In response, Finisar proposed that the parties "file a stipulation regarding withdrawal of these portions of the brief and the declaration as well as the related exhibits." Lahav Decl. at Ex. 2. However, during a meet and confer between Finisar's counsel and Nistica's counsel, Nistica refused to withdraw paragraph 43 of the Supplemental Goossen Declaration, and Exhibits 6-13 to its Reply, and refused to file a stipulation with the Court withdrawing its new summary judgment ground, despite its representation to the Special Master. Lahav Decl. ¶ 6; Ex. 3. Instead, Nistica filed an improper "Response to Finisar Corp.'s Objections to New Reply Evidence," where it defended inclusion of paragraph 43 of the Supplemental Goossen Declaration in the Summary Judgment record, even while stating "Nistica agreed and informed the Special Master on 12/31/15 that it is dropping this issue to dispense with this dispute about reply evidence." Dkt. No. 393 at 3.[3]

---

[2] Nistica did not withdraw its reliance on line 17 of page 12, which states, "Thus, summary judgment of non-infringement for these modules should be granted." As this line sets expressly requests that the Court grant Nistica's improper new ground for summary judgment, it should be stricken.

[3] Finisar separately moved to strike this improper filing for violating Civil L.R. 7-3(d) after Nistica refused to withdraw it. *See* Dkt. No. 399. After Finisar went through the effort of filing the motion to strike, Nistica withdrew its filing, *see* Dkt. No. 407, but continues to press its arguments in improper emails to the Special Master. Lahav Decl. Ex. 4. These emails – re-conveying the gist of Nistica's now-withdrawn improper response to Finisar's objections – are attempts at an end-run around Civil L.R. 7-3(d) and should be ignored by the Court and the Special Master.

For the foregoing reasons, Finisar respectfully requests that the Court grant its Motion to Strike Portions of Nistica's Reply in Support of Its Summary Judgment Motion with respect to its new motion for summary judgment that ▮▮▮▮▮ modules do not infringe the patents-in-suit (lines 12-17 of page 12 of the Reply, the associated footnote 12, the associated paragraph 43 of the Supplemental Declaration of Dr. Keith Goossen, and associated Exhibits 6-13), and any other relief the Court may deem proper.

Dated:  January 5, 2016

Respectfully submitted,

/s/ *Daniel Kesack*
Daniel Kesack

David C. Radulescu, Ph.D. (*pro hac vice*)
david@radulescullp.com
Tigran Vardanian (*pro hac vice*)
tigran@radulescullp.com
Etai Lahav (*pro hac vice*)
etai@radulescullp.com
Robin M. Davis (*pro hac vice*)
robin@radulescullp.com
Daniel Kesack (*pro hac vice*)
daniel@radulescullp.com
RADULESCU LLP
The Empire State Building
350 Fifth Avenue, Suite 6910
New York, NY 10118
Telephone: (646) 502-5950
Facsimile: (646) 502-5959

Christopher J. Cox (151650)
chris.cox@weil.com
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3029
Facsimile: (650) 802-3100

**Attorneys for Plaintiff**
**FINISAR CORPORATION**

FINISAR'S ADMIN. MOT. TO STRIKE                                                      3