# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION,<br><br>　　　Plaintiff,<br><br>　v.<br><br>NISTICA, INC.,<br><br>　　　Defendant. | Case No.  13-cv-03345-BLF<br><br>**OMNIBUS ORDER REGARDING SEALING MOTIONS**<br><br>[Re: ECF 437, 444, 445, 455, 458, 461, 474, 481] |

Before the Court are nine administrative motions to file under seal in connection with the Special Master's Report and Recommendations regarding the parties' Motions for Summary Judgment, ECF 437, 444, 445, 455, 458, 461, and Motions *in Limine*, ECF 471, 474, 481. For the reasons stated herein, the motions are GRANTED.

## I.  LEGAL STANDARD

Unless a particular court record is one 'traditionally kept secret,'" a "strong presumption in favor of access" to judicial records "is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  A party seeking to seal judicial records relating to a dispositive motion bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79.  Motions that are technically nondispositive may still require the party to meet the "compelling reasons" standard when the motion is more than tangentially related to the merits of the case. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  This standard is invoked "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179

1  (citing *Foltz*, 331 F.3d at 1136).  Compelling reasons for sealing court files generally exist when
2  such "'court files might have become a vehicle for improper purposes,' such as the use of records
3  to gratify private spite, promote public scandal, circulate libelous statements, or release trade
4  secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  However,
5  "[t]he mere fact that the production of records may lead to a litigant's embarrassment,
6  incrimination, or exposure to further litigation will not, without more, compel the court to seal its
7  records." *Kamakana*, 447 F.3d at 1179.

8  In this District, parties seeking to seal judicial records must furthermore follow Civil Local
9  Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing
10 *only* of sealable material."  Civil L.R. 79-5(b) (emphasis added).  Where the submitting party
11 seeks to file under seal a document designated confidential by another party, the burden of
12 articulating compelling reasons for sealing is placed on the designating party.  *Id.* 79-5(e).

### II. DISCUSSION

The Court has reviewed the parties' sealing motions and the declarations of the designating parties submitted in support.  The Court finds the parties have articulated compelling reasons to seal certain portions of the submitted documents.  The proposed redactions are also narrowly tailored.  The Court's rulings on the sealing requests are set forth in the tables below:

#### A. ECF 437

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Portions of the Report and Recommendations of the Special Master regarding Motions for Summary Judgment | Contains Defendant's confidential, trade secret, and proprietary information regarding the accused products, development, and engineering practices that could cause competitive harm if disclosed; Contains Plaintiff's confidential information regarding business strategies that could cause competitive harm if publicly disclosed | GRANTED |

B.  ECF 444

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Portions of Plaintiff Finisar's objections to Special Master's Report and Recommendations | Contains confidential, proprietary, and sensitive technical from the Exhibits below; competitive harm would result if publicly disclosed | GRANTED |
| Exhibit 1; Transcript of the Summary Judgment hearing before the Special Master on January 11, 2016 | Contains confidential information regarding Plaintiff Finisar's business strategies; competitive harm would result if disclosed | GRANTED |
| Exhibit 2; Transcript of Evidentiary Objections hearing before the Special Master on January 27, 2016 | Contains confidential and proprietary information regarding Nistica's products, finances, and sensitive business strategies and plans. Nistica would face the risk of competitive harm if this information were to become public. | GRANTED |
| Exhibit 3; Plaintiff Finisar's Summary Judgment Slides of morning session of Summary Judgment hearing | Contains confidential information regarding Plaintiff Finisar's business strategies; competitive harm would result if publicly disclosed | GRANTED |
| Exhibit 4; Plaintiff Finisar's Summary Judgment Slides of afternoon session of Summary Judgment hearing | Contains confidential and proprietary information regarding Nistica's products, sales, and sensitive business strategies and plans. Nistica would face the risk of competitive harm if this information were to become public | GRANTED |
| Exhibit 5; Plaintiff Finisar's Summary Judgment Slides in Presentation Mode | Contains confidential and proprietary information regarding Nistica's products, sales, and sensitive business strategies and plans. Nistica would face the risk of competitive harm if this information were to become public | GRANTED |

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Exhibit 10; Chart of Map of Plaintiff Finisar's objections to the Special Master's Report and Recommendations | Contains confidential and proprietary information regarding Nistica's products. Nistica would face the risk of competitive harm if this information were to become public. | GRANTED |

### C.  ECF 445

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Portions of Defendant Nistica's objections to Special Master's Report and Recommendations | Contains confidential, proprietary | GRANTED |
| Exhibits 2, 7, 10, 11, 14, 17-20, 22, 24-26 to the Russell Tonkovich Declaration in support of Defendant Nistica's Objection | Contains Defendant Nistica's confidential, trade secret, and proprietary information relating to its products, development, and engineering practices; Defendant would suffer competitive injury if publicly disclosed | GRANTED |
| Exhibits 3, 4, 13, 15 to Russell Tonkovich Declaration | Discloses third party confidential information | GRANTED |

### D.  ECF 455

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Portions of Defendant Nistica's Response to Plaintiff Finisar's Objections to the Report and Recommendations of Special Master regarding Motions for Summary Judgment | Contains Defendant's confidential, trade secret, proprietary, and information; Defendant would suffer competitive injury if publicly disclosed; | GRANTED |
| Exhibits 2-7, 13-22 to the Kramer Declaration in support of Defendant Nistica's Response | Contains confidential information and sensitive business strategies and public disclosure could result in competitive harm | GRANTED |

### E.  ECF 458

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Portions of Plaintiff Finisar's Response to Nistica's | Addresses, quotes from, cites, and discusses Nistica's | GRANTED |

4

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Objection to Special Master's Report and Recommendations | confidential and proprietary technical information concerning the architecture and operation of Nistica's products | |

### F.  ECF 461

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Portions of Corrected Report and Recommendations of Special Master Regarding Motions for Summary Judgment | Contains confidential information and sensitive business strategies and public disclosure could result in competitive harm | GRANTED |

### G.  ECF 471

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Portions of the Proposed Joint Pretrial Statement and Order | Contains confidential and sensitive financial information; public disclosure could result in competitive harm | GRANTED |
| Portions of Appendix A to Proposed Joint Pretrial Statement and Order; Expert reports of Dr. Katherine Hall, Dr. Michael Tate, and Dr. Benjamin Goldberg | Contains confidential and proprietary business, technical, and financial information; public disclosure could result in competitive harm | GRANTED |
| Portions of Appendix B to Proposed Joint Pretrial Statement and Order; Expert reports from Thomas C. Bennett, Dr. Keith Gooseen, and Nisha M. Mody. | Contains confidential and proprietary business, technical, and financial information; public disclosure could result in competitive harm | GRANTED |

### H.  ECF 474

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Exhibits 1-3, 7 in support of the Plaintiff Finisar's Motion *in Limine* No. 1; Excerpts of the deposition transcripts of Christopher Brown, Jerry S. Rawls, Todd Swanson, and James Sirkis, Ph.D | Contains confidential information regarding confidential technical and business information concerning business strategies and plans, and sensitive commercial information regarding third parties to this action; public disclosure could result in competitive harm | GRANTED |

5

| | | |
|---|---|---|
| Exhibit 4 in support of the Plaintiff Finisar's Motion *in Limine* No. 1; Supplemental Expert Rebuttal Report of Nisha M. Mody, Ph.D., dated November 9, 2015 | Contains confidential information regarding Plaintiff's business strategies and plans; public disclosure could result in competitive harm | GRANTED |
| Exhibit 5 in support of the Plaintiff Finisar's Motion *in Limine* No. 1; the Patent Purchase Agreement between Finisar Corporation and CiDRA Corporate Services | Contains confidential and proprietary information regarding business strategies and plans of Plaintiff and third party; public disclosure could cause competitive harm | GRANTED |
| Exhibit 6 in support of the Finisar's Motion *in Limine* No. 1; Supplemental Expert Report of Michael E. Tate, dated October 16, 2015 | Contains confidential information regarding Plaintiff's business strategies and plans; public disclosure could cause competitive harm | GRANTED |
| Portions of Plaintiff Finisar's Motion *in Limine* No. 1; cites to or quotes from Exhibits 1-7 | Cites and quotes to Plaintiff and third party confidential, proprietary, and sensitive information in the abovementioned Exhibits | GRANTED |
| Exhibit 1 in support of Plaintiff Finisar's Motion *in Limine* No. 3; Defendant's Supplemental Responses and Objections to Plaintiff Finisar Corporation's Interrogatory No. 18 | Contains confidential technical information regarding Nistica's products that could cause significant competitive harm to Nistica if disclosed to the public | GRANTED |
| Exhibit 7 in support of the Plaintiff Finisar's Motion *in Limine* No. 3; correspondence between counsel for Finisar and counsel for Nistica, dated October 12, 2015 | Contains confidential technical information regarding Nistica's products that could cause significant competitive harm to Nistica if disclosed to the public | GRANTED |
| Exhibit 8 in support of the Plaintiff Finisar's Motion *in Limine* No. 3; correspondence between counsel for Finisar and counsel for Nistica, dated October 29, 2015 | C Contains confidential technical information regarding Nistica's products that could cause significant competitive harm to Nistica if disclosed to the public | GRANTED |
| Exhibit 10 in support of the Plaintiff Finisar's Motion *in Limine* No. 3; excerpt of the deposition transcript of Keith Goossen, Ph.D. (October 21, 2015) | Contains confidential information regarding confidential technical and business information; public disclosure could cause competitive harm | GRANTED |
| Portions of Plaintiff Finisar's | Cites and quotes to Plaintiff | GRANTED |

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Motion *in Limine* No. 3 | and third party confidential, proprietary, and sensitive information in the abovementioned Exhibits (Exhibits 1, 7, 8, and 10 in support of Plaintiff's Motion *in Limine* No. 3) | |
| Exhibits 1, 4 in support of the Plaintiff Finisar's Motion *in Limine* No. 4; excerpts of the transcripts to the depositions of Jerry Rawls (July 31, 2015) and Christopher Brown (June 9, 2015) | Contains confidential information regarding Plaintiff's business strategies and plans; public disclosure could cause competitive harm | GRANTED |
| Exhibits 2, 3 in support of the Plaintiff Finisar's Motion *in Limine* No. 4; internal Finisar emails dated September 8, 2011 and July 26, 2013 | Contains confidential information regarding Plaintiff's business strategies and plans; public disclosure could cause competitive harm | GRANTED |
| Portions of Plaintiff Finisar's Motion *in Limine* No. 4 | Cites and quotes to Plaintiff confidential, proprietary, and sensitive information in the abovementioned Exhibits (Exhibits 1-4 in support of Plaintiff's Motion *in Limine* No. 4) | GRANTED |
| Exhibits 1, 2 in support of the Plaintiff Finisar's Motion *in Limine* No. 5; internal Finisar emails dated January 10, 2013 and April 9, 2013 | Contain confidential and proprietary technical information regarding Plaintiff's products | GRANTED |
| Portions of Plaintiff Finisar's Motion *in Limine* No. 5 | Cites and quotes to Plaintiff confidential, proprietary, and sensitive information in the abovementioned Exhibits (Exhibits 1, 2 in support of Plaintiff's Motion *in Limine* No. 5) | GRANTED |

I.   ECF 481

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Portions of the Nistica's Motions *in Limine* Nos. 1-5; | Contains confidential, trade secret, and proprietary product information relating to Defendant's products, as well as projects, engineering practices, business, and marketing information; public disclosure could result in competitive harm | GRANTED |

7

| | | |
|---|---|---|
| Exhibits 2-4 to the Declaration of Robert Kramer in Support of Nistica's Motion *in Limine* No. 1 | Contains confidential, trade secret, and proprietary product information relating to Defendant's products, as well as projects, engineering practices, business, and marketing information; public disclosure could result in competitive harm | GRANTED |
| Declaration of Thomas Bennett in Support of Nistica's Motion *in Limine* No. 1 | Contains confidential, trade secret, and proprietary product information relating to Defendant's products, as well as projects, engineering practices, business, and marketing information; public disclosure could result in competitive harm | GRANTED |
| Exhibits 1-2 to the Declaration of Thomas Bennett in Support of Nistica's Motion *in Limine* No. 1 | Contains confidential, trade secret, and proprietary product information relating to Defendant's products, as well as projects, engineering practices, business, and marketing information; public disclosure could result in competitive harm | GRANTED |
| Exhibits 1-2 to the Declaration of Robert Kramer in Support of Nistica's Motion *in Limine* No. 2 | Contains confidential, trade secret, and proprietary product information relating to Defendant's products, as well as projects, engineering practices, business, and marketing information; public disclosure could result in competitive harm | GRANTED |
| Exhibits 1-4 and 6-11 to the Declaration of Robert Kramer in Support of Nistica's Motion *in Limine* No. 3; | Contains confidential, trade secret, and proprietary product information relating to Defendant's products, as well as projects, engineering practices, business, and marketing information; public disclosure could result in competitive harm | GRANTED |
| Exhibit 1 to the Declaration of Robert Kramer in Support of Nistica's Motion *in Limine* No. 4 | Contains confidential, trade secret, and proprietary product information relating to Defendant's products, as well as projects, engineering practices, business, and | GRANTED |

| | | |
|---|---|---|
| | marketing information; public disclosure could result in competitive harm | |
| Exhibits 1-4 to the Declaration of Robert Kramer in Support of Nistica's Motion *in Limine* No. 5 | Contains confidential, trade secret, and proprietary product information relating to Defendant's products, as well as projects, engineering practices, business, and marketing information; public disclosure could result in competitive harm | GRANTED |

## III. ORDER

For the foregoing reasons, the sealing motions at ECF 437, 445, 455, 458, 461, 471, 474, and 481 are GRANTED. Under Civil Local Rule 79-5(e)(2), for any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days form the filing of this order.

**IT IS SO ORDERED.**

Dated: April 5, 2016

_____
BETH LABSON FREEMAN
United States District Judge