ROBERT F. KRAMER (Bar No. 181706)
Email: robert.kramer@dentons.com
JENNIFER D. BENNETT (Bar No. 235196)
Email: jennifer.bennett@dentons.com
RUSSELL S. TONKOVICH (Bar No. 233280)
Email. russell.tonkovich@dentons.com
DENTONS US LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304-1125
Telephone:  (650) 798-0300
Facsimile:   (650) 798-0310

*Attorneys for Defendant*
*NISTICA, INC*.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NISTICA, INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:13-cv-03345-BLF (JSC)<br><br>**DEFENDANT NISTICA, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT (D.I. 514)** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that Defendant Nistica Inc. ("Nistica") by and through its counsel, shall and hereby does move for an order to file under seal portions of the Order Regarding Motions for Summary Judgment (D.I. 514).

This motion is based upon this Notice, the attached Motion, the concurrently filed Kramer Declaration, the complete files and records of this Action, and any further information that may properly be presented to the Court for consideration.

## MEMORANDUM OF POINTS AND AUTHORITIES

Civil Local Rule 79-5(d)(1) of the United States District Court for the Northern District of California provides that a party seeking to file a document under seal may make a motion in accordance with Civil Local Rule 7-11.  As such, pursuant to Local Rule 7-11 and 79-5, Nistica respectfully requests an order to file under seal portions of the Order Regarding Motions for Summary Judgment (D.I. 514).

The standard governing a motion to seal when the underlying motion is nondispositive is "good cause" under Rule 26(c).  *See Angioscore, Inc. v. Trireme Med., Inc.*, 2015 U.S. Dist. LEXIS 1118, 6-7 (N.D. Cal. Jan. 6, 2015) (granting plaintiff's motion to file its non-dispositive motion).  The court may seal documents to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  *Id.*

A trial court has broad discretion to permit the sealing of court documents, especially when those documents are confidential, commercially sensitive and proprietary, and that public disclosure of such information would create a risk of significant competitive injury and particularized harm and prejudice.  *Oracle USA, Inc. v. SAP AG*, 2009 U.S. Dist. LEXIS 71365, at *5 (N.D. Cal. Aug. 12, 2009) (citing *Phillips v. General Motors Corp.* 307 F. 3d 1206, 1211 (9th Cir. 2006)).  Although there is generally a strong presumption in favor of access to information, the standard for sealing a document attached to a non-dispositive motion is a lower showing of good cause, and for good cause to exist, the burden is on the party seeking sealing to identify specific prejudice or harm.  *Phillips*, 307 F.3d at 1210-11 ("For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."); *Dynetix Design Solutions, Inc. v. Synopsys Inc.*, 2013 U.S. Dist. LEXIS 73436, at *2-3 (N.D. Cal. May 23, 2013) ("Because the documents attached to nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' parties moving to seal must meet the lower 'good cause' standard of Rule 26(c)."). Good cause is shown if the documents contain information that would cause a party annoyance, embarrassment, oppression, or undue burden or expense, and is a relatively low threshold. *Diablo Techs., Inc. v. Netlist, Inc.*, 2014 U.S. Dist. LEXIS 584, at *11 (N.D. Cal. Jan. 3, 2014)

1  ("The Court finds that this showing meets the relatively low threshold for sealing under these
2  circumstances.").

3        Here, Nistica moves to seal portions of the Order Regarding Motions for Summary
4  Judgment (D.I. 514).  The highlighted portions contain sensitive Nistica confidential
5  information.

6        The parties and this Court agreed under the Protective Order ("PO") that documents
7  containing, *inter alia*, confidential business information, trade secrets, technical information, and
8  manufacturing processes would remain sealed and confidential.  D.I. 140.  All of the cited
9  information concerning the identification, operation, and components of Nistica's Accused
10 Products was designated as "Confidential – Attorneys' Eyes Only" by the parties under the PO
11 in this action.  As a result, documents or information deemed confidential under the terms of the
12 PO are presumed to have "good cause" to be sealed.  See *Foltz*, 331 F.3d at 1135 (citing *Phillips
13 v. GMC,* 307 F.3d at 1211) (holding that when a court grants a protective order for information
14 produced during discovery, it already has determined that "good cause" exists to protect this
15 information from being disclosed by balancing the need for discovery against the need for
16 confidentiality).

17       Disclosure of the aforementioned confidential information would be contrary to the
18 Protective Order and would also expose Nistica's confidential business information to the
19 public.  Consequently, there exists "good cause" to support Nistica's requests to seal portions of
20 the Order Regarding Motions for Summary Judgment (D.I. 514).  Any interest that the public
21 may have in the parties' respective confidential information is clearly outweighed by the risk of
22 significant competitive injury and particularized harm and prejudice that would occur to the
23 parties if their respective confidential information were disclosed to the public.  Therefore, good
24 cause exists to grant Nistica's instant motion to seal as requested.

25 ///

26

27

28

Dated: April 27, 2016  Respectfully submitted,

*/s/ Robert Kramer*  
Robert Kramer

ROBERT F. KRAMER (Bar No. 181706)  
Email: robert.kramer@dentons.com  
JENNIFER D. BENNETT (Bar No. 235196)  
Email: jennifer.bennett@dentons.com  
RUSSELL S. TONKOVICH (Bar No. 233280)  
Email. russell.tonkovich@dentons.com  
DENTONS US LLP  
1530 Page Mill Road, Suite 200  
Palo Alto, CA 94304-1125  
Telephone: (650) 798-0300  
Facsimile:  (650) 798-0310  

Attorneys for Defendant  
NISTICA, INC

# CERTIFICATE OF SERVICE

I, Adriana Cole, hereby declare:

I am employed in the City and County of Palo Alto, California in the office of a member of the bar of this court whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Dentons US LLP, 1530 Page Mill Road, Suite 200, Palo Alto, California 94304.

On April 27, 2016, the following documents, described as:

**DEFENDANT NISTICA, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT (D.I. 514)**

to be served via CM/ECF by the Clerk of the Court, upon all counsel of record registered to receive electronic filing, as indicated on the Court's website.

I declare under penalty of perjury that the above is true and correct. Executed on April 27, 2016, in Palo Alto, California.

          */s/ Adriana Cole*
          Adriana Cole