CHRISTOPHER J. COX (SBN 151650)
Email: chris.cox@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3029
Fax: (650) 802-3100

DAVID C. RADULESCU (*Pro Hac Vice*)
Email: david@radulescullp.com
TIGRAN VARDANIAN (*Pro Hac Vice*)
Email: tigran@radulescullp.com
ROBIN M. DAVIS (*Pro Hac Vice*)
Email: robin@radulescullp.com
RADULESCU LLP
The Empire State Building
350 Fifth Avenue, Ste. 6910
New York, NY 10118
Tel: (646) 502-5950
Fax: (646) 502-5959

Attorneys for Plaintiff
FINISAR CORPORATION

ROBERT F. KRAMER (Bar No. 181706)
Email: robert.kramer@dentons.com
JENNIFER D. BENNETT (SBN 235196)
Email: jennifer.bennett@dentons.com
RUSSELL TONKOVICH (Bar No. 233280)
Email: russell.tonkovich@dentons.com
DENTONS US LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304-1125
Telephone: (650) 798-0300
Facsimile: (650) 798-0310

Attorneys for Defendant
NISTICA, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NISTICA INC., a Delaware corporation,<br><br>Defendant. | No. 5:13-cv-03345-BLF<br><br>[PROPOSED] **AMENDED JOINT PRETRIAL STATEMENT AND ORDER**<br><br>**REDACTED PUBLIC VERSION OF DOCUMENT SUBJECT TO FINISAR'S MOTION TO SEAL** |

# 1. STATEMENT OF NATURE OF ACTION AND JURISDICTION

### A. The Parties

Plaintiff Finisar Corporation ("Plaintiff" or "Finisar") and Defendant Nistica, Inc. ("Defendant" or "Nistica") are the parties who will appear at trial.

### B. Substance of the Action

This is an action for patent infringement and the jurisdiction of the Court arises under the Patent Act, 35 U.S.C. § 271 *et seq.* Finisar alleges that Nistica directly infringes the following U.S. patents pursuant to 35 U.S.C. § 271(a):

- U.S. Patent No. 7,092,599 (the "'599 Patent"), and
- U.S. Patent No. 7,397,980 (the "'980 Patent").

Collectively, these patents are referred to hereinafter as "the Finisar Patents."[1] These allegations are set forth in Finisar's Complaint (Dkt. No. 1), and further identified during discovery, including in Finisar's infringement contentions. Further, Finisar served an expert report on the issue of infringement identifying its infringement allegations against Nistica. Nistica served an expert report on the issue of non-infringement disputing the allegations against Nistica.

Finisar is asserting two claims from the Finisar Patents against Nistica's wavelength selective switches ("WSS"). The asserted claims are: claim 24 of the '599 Patent, and claim 1 of the '980 Patent. Finisar accuses the following Nistica products of literally infringing the asserted claims of the Finisar Patents:

- The following Nistica products are accused of infringing claim 24 of the '599 Patent: ████████████████ (the "'599 Accused Devices").
- The following Nistica products are accused of infringing claim 1 of the '980 Patent: ████████████████

---

[1] Following summary judgment proceedings in this case, U.S. Patent Nos. 7,123,833 ("'833 Patent") and 6,430,328 ("'328 Patent") are no longer at issue. Dkt. No. 439; 462-1. To streamline the trial, Finisar further withdrew its assertion that Nistica infringes U.S. Patent Nos. 6,956,687 ("'687 Patent") and 7,126,740 ("'740 Patent") on April 20, 2016.

1
2      ████████ (the "'980 Accused Devices").

3      Nistica disputes that any of the accused products infringe any of the asserted claims. Nistica
4 has also counterclaimed for a declaration of non-infringement. (Dkt. No. 180.) Finisar opposes
5 each of Nistica's counterclaims for a declaration of non-infringement of the Finisar Patents. (Dkt.
6 No. 193.)

7      Nistica also asserts affirmative defenses of non-infringement, statutory damages limitation,
8 failure to mark, limitation of recovery of costs, and unavailability of injunctive relief. (Dkt. No.
9 180.) Finisar denies that Nistica's remaining affirmative defenses have merit. (Dkt. No. 193.)

### C. Relief Sought

As set forth in Finisar's Complaint and Finisar's Rule 26(a)(1) disclosures, Finisar is seeking monetary and equitable relief. Finisar is seeking a reasonable royalty in the form of a running royalty. Finisar is also seeking an accounting of past damages for alleged infringement up to the date of the payment along with pre-judgment and post-judgment interest. Finisar is also seeking permanent injunctive relief to stop any future alleged infringement. To the extent that injunctive relief is not available, Finisar is seeking an ongoing royalty for such future alleged infringement. Finisar's Complaint identifies the following points of relief:

- an entry of judgment that Nistica is infringing the Finisar Patents,
- a permanent injunction to stop Nistica and its affiliates, subsidiaries, assigns, and all those acting for them or on their behalf, or acting in concert with them directly or indirectly, from allegedly infringing the Finisar Patents,
- an award of damages in the form of a reasonable royalty,
- an award of enhanced damages due to Nistica's willful infringement,
- a finding that this case is exceptional,
- an award of Finisar's costs, expenses, and reasonable attorneys' fees,
- an accounting of Nistica's infringing sales and revenues, along with pre- and post-judgment interest from the date of first infringement to the present, and

- any further legal or equitable relief that the Court may deem proper and just.

Nistica denies that it has infringed or is infringing the Finisar patents. Nistica further disputes each of the reliefs outlined above including that Finisar is entitled to any monetary or injunctive relief. Nistica's expert provides an opinion that to the extent there is a finding of infringement, Finisar would be entitled to a one-time lump sum payment for the alleged infringement of Finisar's '599 and '980 patents. Nistica's damages expert also provides the opinion that Finisar has not been irreparably harmed and can be compensated with monetary relief.

### D. Federal Jurisdiction and Venue

This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338(a). Jurisdiction and venue are not disputed.

## 2. FACTUAL BASIS OF THE ACTION

### A. Undisputed Facts

1. Plaintiff Finisar Corporation ("Finisar") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 1308 Moffett Park Drive, Sunnyvale, California 94089.
2. Defendant Nistica, Inc. ("Nistica") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 745 Route 202-206, Bridgewater, New Jersey 08807.
3. Finisar is the owner of, and has the right to enforce, U.S. Patent Nos. 7,092,599 (the "'599 Patent"), and 7,397,980 (the "'980 Patent").
4. The '599 Patent issued on August 15, 2006.
5. The '980 Patent issued on July 8, 2008.
6. The filing date of the application that became the '599 Patent is November 12, 2003.
7. The filing date of the application that became the '980 Patent is June 14, 2004.
8. The hypothetical negotiation date for the reasonable royalty calculation for the '599 and the '980 patents is March 2013.
9. If Nistica is found to infringe any asserted claims of the '599 Patent or '980 Patent that are

not invalid, any damages for such infringement start not earlier than July 17, 2013

### B. Disputed Facts

1. Whether Nistica's '599 Accused Devices literally infringe claim 24 of the '599 Patent.
2. Whether Nistica's '980 Accused Devices literally infringe claim 1 of the '980 Patent.
3. Whether Finisar's '599 Practicing Products practice claim 24 of the '599 Patent.
4. Whether Finisar's '980 Practicing Products practice claim 1 of the '980 Patent.
5. The amount adequate to compensate Finisar for Nistica's alleged infringement separately for each of the patents-in-suit if Nistica is found to infringe any asserted claim(s).

## 3. DISPUTED LEGAL ISSUES

1. Whether Nistica literally infringes claim 24 of the '599 Patent under 35 U.S.C. § 271(a).
2. Whether Nistica literally infringes claim 1 of the '980 Patent under 35 U.S.C. § 271(a).
3. Whether Finisar or Nistica is entitled to a judgment and order that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Finisar or Nistica its costs, enhanced damages, and reasonable attorneys' fees.
4. Whether Finisar is entitled to a permanent injunction pursuant to 35 U.S.C. § 283 for Nistica's alleged infringement. (This is not an issue for the jury trial, but rather noted here as a post-trial issue to be decided by the Court.)

## 4. ESTIMATED TRIAL TIME

The Court determined at the pretrial conference that each side will have 18 hours for direct and cross examination. In addition, each side will have 1 hour for opening, and 2 hours for closing.

**Nistica's Statement:** At the April 13, 2016 pretrial conference, Finisar was asserting infringement of 4 patents (and 8 patent claims), and the issue of patent invalidity as to three patents, and also damages was to be presented at the jury trial. After the pretrial conference, today there are now 2 patents asserted at trial (no longer 4 patents), and solely one patent claim in each such patent, *i.e.,* total of 2 patent claims total asserted at trial. The issues to be presented at trial are infringement and damages. There is no longer an issue of patent invalidity being presented at trial. Accordingly, Nistica requests that the Court order that each side have 14 hours for direct and cross examination,

and additionally each side will have 1 hour for opening, and 2 hours for closing.

**Finisar's Statement:** Finisar made the decision to drop its assertion of the '687 and '740 patents from the trial in view of the Court's determination that each side would have 18 hours for the direct and cross examination and the Court's decision during the April 13, 2016 pretrial conference to accommodate Nistica's request for phasing willful infringement, which will require more time in aggregate.  The witnesses Finisar plans to call for its case in chief have not changed as a result of narrowing the case to the '599 and '980 patents, and Finisar needs the 18 hours the Court set on April 13, 2016.  Finisar dropped its assertion of the '687 and '740 patents for the purposes of streamlining the trial and giving Finisar the fair chance at fully presenting its case to the jury in the time permitted.  If Nistica can rest its case in less than 18 hours, it has that option, and this should not affect the time Finisar is allotted to present its case in chief.

## 5. TRIAL ALTERNATIVES AND OPTIONS

### A. Settlement Discussion

The parties are engaged in mediation with Retired District Judge Faith Hochberg (D.N.J.), including as recently as April 18, 2016.  The parties have also spoken outside the mediation process, including with Judge Hochberg's guidance, but have not been able to reach resolution as of the date of this filing.

### B. Amendments or Dismissals

Neither party is currently proposing amendments to its currently operative pleadings.  Dkt. Nos. 1, 180, 193.  Based on Finisar's representations, it will not be pursuing its claims of infringement with respect to U.S. Patent Nos. 6,956,687 ("'687 Patent") and 7,126,740 ("'740 Patent") at trial.  Based on Nistica's representation, it will not be pursuing its claims of invalidity as to the '328 and '833 patents.  Dkt. No. 180.  Further, consistent with Court's orders (Dkt. Nos. 466, 511, 522) and the parties' stipulation herein, invalidity of the Finisar Patents will not be the subject of the trial.

### C. Bifurcation or Separate Trial of Issues
**<u>Injunctive Relief:</u>**

Finisar requests a permanent injunction of Nistica's '599 Accused Products and '980 Accused Products if Nistica is found to infringe either or both of the '599 or '980 Patents. This is not a jury issue. In the event there is a finding of infringement of the '599 and/or '980 Patents, the parties request that the Court allow the parties to present briefing and argument relating to Finisar's request for a permanent injunction, that this be done based on evidence that will be presented to the Court, and the parties will not be limited to evidence presented at the jury trial.

**Willful Infringement:**

Pursuant to the Court's order regarding motions *in limine* (Dkt. No. 522) ("MIL order"), the trial will proceed in two phases. Finisar only asserts a claim of willful infringement as to the '599 Patent. The first phase will involve issues of infringement, and damages. The second phase, if necessary, will involve issues of willful infringement. Dkt. No. 522 at 5. "Since the trial is proceeding in two phases, evidence relating to willful infringement, including copying, is not relevant to the first phase of the trial." *Id*. at 11. The Court made clear that its MIL order "does not preclude Finisar from introducing relevant evidence during the first phase of the trial even if that evidence also relates to willful infringement or copying." *Id*. Nistica reserves its rights to object at trial to the introduction of such evidence.

D.     **Appendices to Pretrial Order**

The following Appendices are attached hereto:

| | |
|---|---|
| **Appendix A** | Finisar's Witness List |
| **Appendix B** | Nistica's Witness List |
| **Appendix C-1** | Joint Exhibit List |
| **Appendix C-2** | Finisar's Exhibit List and Nistica's Objections Thereto |
| **Appendix C-3** | Nistica's Exhibit List and Finisar's Objections Thereto |
| **Appendix D** | Finisar's Discovery Responses (including Deposition Designations) and Nistica's Objections Thereto |
| **Appendix E** | Nistica's Discovery Responses (including Deposition Designations and Finisar's Objections Thereto |

**6. STIPULATIONS**

The following stipulations were discussed and agreed upon by the parties and are made a part of this Pretrial Order.

    A.    The parties agree to work together to narrow all objections, including the objections to exhibits and deposition testimony found in this Pretrial Statement.

    B.    The parties agree to the following procedure which will govern the disclosure of witnesses, exhibits, deposition testimony, and demonstratives to use at trial and the process to identify any objections remaining between the parties with regard to these disclosures, if acceptable and so ordered by the Court:

    1.    At 7:00 PM two days before each day of trial (*e.g.*, Sunday night for a Tuesday trial day), each party will exchange by email the following for that trial day:

        (a)    A list of witnesses the party intends to call for direct examination;

        (b)    A list of trial exhibits for each witness it intends to present through direct examination;

        (c)    a list of the deposition testimony it intends to introduce (either by video or through a reading of the transcript);

        (d)    Copies of demonstratives to be used during direct examination.

    2.    At 8:30 PM two days before each day of trial (*e.g.*, Sunday night for a Tuesday trial day), the parties shall identify deposition counter-designations to be included when the other party introduces its identified deposition testimony.

    3.    At 9:00 PM two days before each day of trial (*e.g.*, Sunday night for a Tuesday trial day), the parties shall meet and confer regarding objections to witnesses, trial exhibits, deposition testimony, and demonstratives. To the

extent there are unresolved issues, the issues will be presented to the court the morning of the respective trial day.

    C.    In addition, the parties agree to the following procedures for the exchange of demonstratives to be used during opening and closing arguments, physical exhibits, and source code:

        1.    The parties will exchange demonstratives to be used during opening and closing arguments by 7:00 PM two days before the trial day they will be used, and a meet and confer will be held at 9:00 PM that day regarding objections to those demonstratives.

        2.    Copies of physical exhibits will be available for inspection 48 hours before a party intends to use the exhibit at trial.  The parties reserve the right to lodge objections related to the quality and accuracy of the exhibits upon inspection of the physical exhibits.

    D.    The parties also incorporate by reference their Stipulation Regarding Authentication of Documents, which was entered as an Order by the Court on June 4, 2015 (Dkt. No. 213).

    E.    The parties reserve the right to modify or supplement their exhibit lists.

    F.    The parties' exhibit lists include potential rebuttal exhibits that may or may not be introduced into evidence.  The lists also include some documents relied upon by experts in rendering opinions which may or may not be introduced into evidence.  The parties reserve the right to offer rebuttal exhibits that are not included in the exhibit lists, depending on the testimony of witnesses and other evidence introduced at trial.

    G.    The parties agree that demonstratives do not need to be included on the trial exhibit lists, but must be exchanged or made available to the opposing party under the procedure outlined in this Pretrial Statement.  Best efforts will be used to exchange color copies.  Large boards or transparencies may be available and exchanged on 8 ½ by 11-inch white paper.  Demonstratives used for cross-examination need not be disclosed.

H. A party may not object to the other party's use of a document at trial for purposes of cross-examination, or impeachment on the basis that the document is not identified on an exhibit list or offered into evidence. All other objections are preserved.

I. The parties stipulate that all their respective claims, counterclaims, or defenses regarding the '833, '328, '687, and '740 Patents are withdrawn. Nistica further stipulates that its invalidity defenses and counterclaims regarding the Finisar Patents are withdrawn.

## 7. BINDING EFFECT OF THE JOINT PRETRIAL STATEMENT AND ORDER

*The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of trial in this action, unless modified to prevent manifest injustice.*

Dated: April 20, 2016                    Respectfully Submitted,

/s/ *David C. Radulescu*

David C. Radulescu, Ph.D. (*pro hac vice*)
david@radulescullp.com
Tigran Vardanian (*pro hac vice*)
tigran@radulescullp.com
Etai Lahav (*pro hac vice*)
etai@radulescullp.com
Robin M. Davis (*pro hac vice*)
robin@radulescullp.com
Daniel Kesack (*pro hac vice*)
daniel@radulescullp.com
RADULESCU LLP
The Empire State Building
350 Fifth Avenue, Suite 6910
New York, NY 10118
Telephone: (646) 502-5950
Facsimile: (646) 502-5959

Christopher J. Cox (151650)
chris.cox@weil.com
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3029
Facsimile: (650) 802-3100

**Attorneys for Plaintiff**

**FINISAR CORPORATION**

/s/ *Robert F. Kramer*

ROBERT F. KRAMER (Bar No. 181706)
Email: robert.kramer@dentons.com
JENNIFER D. BENNETT (SBN 235196)
Email: jennifer.bennett@dentons.com
RUSSELL TONKOVICH (Bar No. 233280)
Email: russell.tonkovich@dentons.com
DENTONS US LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA  94304-1125
Telephone:  (650) 798-0300
Facsimile:   (650) 798-0310

**Attorneys for Defendant
NISTICA, INC.**

IT IS SO ORDERED.

April 28, 2016        _/s/ Beth Labson Freeman_