UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>NISTICA, INC.,<br><br>    Defendant. | Case No. 13-cv-03345-BLF<br><br>**SUPPLEMENTAL CLAIM CONSTRUCTION ORDER** |

Finisar claims that Nistica infringes U.S. Patent No. 7,092,599. The parties seek supplemental construction of the following terms in the patent-in-suit: "focussing the angularly dispersed wavelength signals," "angularly dispersed wavelength signals,"[1] and "wavelength bands." This request for additional claims construction comes to the Court after the jury in the first trial found non-infringement of U.S. Patent No. 7,397,980 and was unable to reach a verdict regarding Finisar's claim of infringement of the '599 Patent. The Court declared a mistrial on that claim and set a re-trial for June 16, 2016. The Court granted the parties' request for additional

---

[1] The parties appear to disagree over the exact term being construed. Finisar separately briefs "into" and "focussing the angularly dispersed wavelength signals into a series of elongated spatially separated wavelength signals." Finisar Mot. 3:3-21 and 3:22-5:11, ECF 624. Nistica briefs "elongated spatially separated wavelength signals." From this, the Court gathers the parties seek to resolve the dispute over whether the angularly dispersed wavelength signals can be elongated before entering the optical power element. Accordingly, the Court construes the term "angularly dispersed wavelength signals."

claims construction and issues the following order.

First, the Court construes "focussing the angularly dispersed wavelength signals" as "making the angularly dispersed wavelength signals clearer and more defined." The parties previously brought their dispute over the term "focussing" to the Special Master. R&R 9-10, ECF 461-4. In front of the Special Master, Finisar argued that the plain and ordinary meaning of "focussing" is "to bring to a focus, causing to converge." *Id.* at 9. After the mistrial, and in what appears to be an attempt to fix perceived deficiencies in its case, Finisar has changed its position and argues a drastically different construction. Finisar Mot 1, ECF 624.

The Court did not adopt the Special Master's construction of "focussing" because this district's patent local rules do not contemplate additional claims construction at summary judgment. Order 8-9, ECF 514. In doing so, the Court did not review the Special Master's analysis. Upon review of the parties' claim construction briefing, the Court adopts Nistica's construction for "focussing the angularly dispersed wavelength signals."

Second, the Court construes "angularly dispersed wavelength signals" as "circular or elongated beams." The '599 Patent does not limit the beam profile for light entering the optical power element. *See* Figs. 11, 12 of the '599 Patent (disclosing elongated beams); Fig. 1 of the '599 Patent (disclosing circular beam). Nistica argues that Court should not consider Figures 11 and 12 based on a general proposition of patent law that the claims of a patent need not encompass all disclosed embodiments. Nistica Opp. 5, ECF 628. But other than a bare assertion, Nistica has not provided any reason why claim 24 was not drafted to cover either Figure 11 or Figure 12 of the '599 Patent.

Third, the Court construes "wavelength bands" as "wavelength signals." Both parties agree that the construction of "wavelength bands" should include "wavelength signals." However, Nistica argues the patentee limited wavelength bands to signals that are collimated in the port (or switching) dimension. Nistica Mot. 5, ECF 625. Contrary to Nistica's argument, the patentee did not define wavelength bands in the patent as being collimated in the port dimension but rather was describing an example in the patent. Col. 5:33-57 of the '599 Patent. This description did not limit the term "wavelength bands."

1    For the foregoing reasons set forth above, the Court construes the disputed terms as
2 follows:

| Claim Term | Court's Construction |
|---|---|
| focussing the angularly dispersed wavelength signals | making the angularly dispersed wavelength signals clearer and more defined |
| angularly dispersed wavelength signals | circular or elongated beams |
| wavelength bands | wavelength signals |

**IT IS SO ORDERED.**

Dated: June 9, 2016

_____
BETH LABSON FREEMAN
United States District Judge