UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NISTICA, INC.,<br><br>　　　　Defendant. | Case No. 13-cv-03345-BLF<br><br>**ORDER GRANTING DEFENDANT NISTICA, INC.'S ADMINISTRATIVE MOTIONS TO SEAL**<br><br>[Re: ECF 717, 718] |

　　　　Before the Court are two administrative motions to file under seal certain portions of the Court's Order Regarding Post-Judgment Motions and the transcript of the November 16, 2016 hearing that was held in connection therewith. ECF 717, 718. For the reasons stated below, the motions are GRANTED.

**I.　LEGAL STANDARD**

　　　　"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or

protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

## II. DISCUSSION

The Court has reviewed Nistica's sealing motions and the declarations that it, as the designating party, has submitted in support. The Court finds that Nistica has articulated compelling reasons and good cause to seal certain portions of the submitted documents. The proposed redactions are also narrowly tailored. The Court's rulings on the sealing requests are set forth in the tables below:

### A. ECF 717

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| November 16, 2016 Hearing Transcript | Highlighted portions on pages 10-20, 23-25, 27-30, 34, 38-43, 49, 50, and 52-54 contain confidential, trade secret, and proprietary product information relating to the structure, design, and operation of Nistica's accused products and its engineering practices, which could cause significant harm to Nistica if disclosed to the public | GRANTED |

### B. ECF 718

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Order Regarding Post-Judgment Motions | Highlighted portions on pages 8-10, 12-18, and 21-23 contain confidential, trade secret, and proprietary product information relating to the structure, design, and operation Nistica's accused products and its engineering practices, which could cause significant harm to Nistica if disclosed to the public | GRANTED |

## III. ORDER

For the foregoing reasons, the sealing motions at ECF 717 and 718 are GRANTED.

**IT IS SO ORDERED.**

Dated: January 30, 2017

BETH LABSON FREEMAN
United States District Judge

2