# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION,<br>　　　　Plaintiff,<br>　v.<br>NISTICA, INC.,<br>　　　　Defendant. | Case No. 13-cv-03345-BLF<br><br>**ORDER GRANTING UNOPPOSED ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE ORDER DENYING MOTION FOR FEES**<br><br>[Re: ECF 762] |

Before the Court is Defendant Nistica, Inc.'s ("Nistica") unopposed administrative motion to file under seal portions of the Order Denying Nistica, Inc.'s Motion for Fees Under 35 U.S.C. § 285 (ECF 760) ("Order"). ECF 762. For the reasons set forth below, Nistica's motion is GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or

protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

## II. DISCUSSION

The Court has reviewed Nistica's sealing motion and the declaration submitted in support thereof. According to Nistica, certain portions of the Court's Order contain Nistica's confidential, trade secret and proprietary technical product information relating to its accused products, development projects, and engineering practices. Declaration of Robert Kramer ¶ 3, ECF 762-1. Nistica also states that certain portions of the Order contain proprietary information belonging to Cisco, a customer of Nistica, to which Nistica owes confidentiality obligations. *Id.* ¶ 4. Accordingly, Nistica proposes sealing portions of pages 5-7, as indicated in a proposed redacted version of the Order that Nistica has submitted at ECF 762-3.

The Court finds that Nistica has articulated good cause to seal certain portions of the Order. The proposed redactions are also narrowly tailored. Accordingly, Nistica's motion is GRANTED.

**IT IS SO ORDERED.**

Dated: June 16, 2017

BETH LABSON FREEMAN
United States District Judge